**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Felipe de Paula Ataide Almeida, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) Civil Action No. 26-CV-12207-AK |
| v. | ) |
| | ) |
| ANTONE MONIZ, Superintendent, | ) |
| Plymouth County Correctional Facility; | ) |
| TIMOTHY BAPTISTE, Supervisory | ) |
| ICE Officer; PATRICIA HYDE, Field | ) |
| Office Director; MICHAEL KROL, HSI | ) |
| New England Special Agent in Charge; | ) |
| TODD LYONS, Acting Director of ICE; | ) |
| and MARKWAYNE MULLIN, U.S. | ) |
| Secretary of Homeland Security, | ) |
| | ) |
| Respondents. | ) |
| | ) |

**MEMORANDUM AND ORDER ON PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

**ANGEL KELLEY, D.J.**

Before the Court is Petitioner Felipe De Paula Ataide Almeida's Petition for a Writ of Habeas Corpus, in which he seeks a bond hearing pursuant to 8 U.S.C. § 1226(a). [Dkt. 1]. Respondents oppose the Petition, contending that Petitioner is subject to mandatory detention under 8 U.S.C. §§ 1225(b) or 1226(c). [Dkt. 10]. For the reasons set forth below, the Petition is **GRANTED**.

## I.      BACKGROUND

Petitioner is a Connecticut resident and citizen of Brazil who entered the United States without inspection in 2021. [Dkt. 1 ¶¶ 19-22]. On or about August 21, 2023, a Brazilian court issued a charging document against Petitioner for drug trafficking and related offenses, followed

1

by an arrest warrant on December 13, 2023. [See Dkt. 10-2].  On or about May 7, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner in Massachusetts. [See Dkt. 1 ¶ 21].  Petitioner filed the instant Petition on May 14, 2026, bringing claims under the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause.  Respondents oppose the Petition, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. §§ 1225(b) or 1226(c).

## II.    DISCUSSION

### A.    8 U.S.C. 1225(b)

Respondents first argue that the Petition should be dismissed because Petitioner is an "applicant for admission" subject to mandatory detention under Section 1225(b). [Dkt. 10 at 3]. However, Respondents concede that the issues in this case "overlap with those at issue" [id.] in Amaya Sanchez v. Moniz et al., No. 25-CV-12806-AK (D. Mass. Oct. 10, 2025) [Dkt. 10], in which the Court joined other sessions of this Court, and other courts across the country, in holding that the arrest and detention of noncitizens within the United States is not governed by 8 U.S.C. § 1225(b) but rather, the discretionary bond hearing framework under 8 U.S.C. § 1226(a). On the facts before it, the Court does not find reason to deviate from the analysis presented in Amaya Sanchez.  Thus, Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

### B.    8 U.S.C. 1226(c)

Respondents next argue that Petitioner is subject to mandatory detention under Section 1226(c). [Dkt. 10 at 4].  8 U.S.C. § 1226(c) provides an exception to the discretionary bond hearing framework of Section 1226(a) for noncitizens who are inadmissible or deportable for having committed certain enumerated offenses or acts.  These include, but are not limited to,

drug and human trafficking, prostitution, terrorism, sedition, aggravated felonies, and immigration-related offenses. See 8 U.S.C. § 1226(c)(1). Respondents contend that Petitioner falls under Section 1226(c) based on his charge and arrest warrant for drug trafficking. [See Dkt. 10 at 4-5 (citing 8 U.S.C. § 1182(a)(2)(C)(i))].

The Court finds that Petitioner is constitutionally entitled to a bond hearing because he has been charged only, not convicted, of an applicable offense. In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court upheld the constitutionality of mandatory detention under Section 1226(c) for noncitizens who have been "*convicted* of" certain crimes. Id. at 518 (emphasis added); see also Hernandez-Lara v. Lyons, 10 F.4th 19, 35 (1st Cir. 2021) (explaining that Demore upheld mandatory detention as "applie[d] to a class of noncitizens who had already been *convicted* (beyond a reasonable doubt) of committing certain serious crimes." (emphasis added)). Multiple courts in this circuit have held that noncitizens who are only *arrested* or *charged* remain entitled to a bond hearing. E.g., Doe v. Moniz, 800 F. Supp. 3d 203, 216 (D. Mass. 2025) (ordering bond hearing where detention under Section 1226(c) was predicated on a shoplifting arrest), appeal dismissed, No. 25-2095, 2025 WL 4722778 (1st Cir. Nov. 25, 2025); Alcantara Guerrero v. Wesling, No. 26-CV-10928, 2026 WL 931503, at *4 (D. Mass. Apr. 6, 2026) (same for assault and battery arrest and charge). As other courts explained, the Supreme Court's reasoning in Demore was limited to "address[ing] the Due Process rights of individuals whose convictions 'were obtained following the full procedural protections our criminal justice system offers.'" Doe, 800 F. Supp. 3d at 215-16 (quoting Demore, 538 U.S. at 513). By contrast, where a noncitizen has only been arrested, he "has received no process as to his arrest or his detention." Id. at 216. As applied here, Petitioner has been issued a charging document and arrest warrant, but Respondents do not contend that he has been convicted or received any

concomitant procedural protections.  Accordingly, Demore does not dictate denial.

As to whether Petitioner's detention without a bond hearing violates the Due Process Clause, the Court applies the three-part balancing test established in Mathews v. Eldridge, 424 U.S. 319 (1976). See Hernandez-Lara, 10 F.4th at 27-28.  To succeed on his due process challenge, Petitioner must demonstrate: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 321.

The first factor, the private interest at stake, weighs heavily in Petitioner's favor. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001).  Because "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception," United States v. Salerno, 481 U.S. 739, 755 (1987), civil "commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (quotation marks omitted). Petitioner has been detained for weeks, where the Government controls his daily activities and keeps him from his family, community, and work.  This constitutes "a substantial deprivation of [his] liberty." Hernandez-Lara, 10 F.4th at 28.

The second factor focuses on the risk of erroneous deprivation of Petitioner's liberty interest, and the degree to which alternative procedures may ameliorate that risk. See Mathews, 424 U.S. at 335.  "The risk of erroneous deprivation is particularly high when . . . Petitioner

4

received no meaningful procedural safeguards." Cardoso v. Hyde, No. 25-CV-13935, 2026 WL 468200, at *3 (D. Mass. Feb. 19, 2026). Here, the risk of erroneous deprivation is high because Petitioner's detention is predicated solely on an international charge and arrest warrant for drug trafficking. He has not yet been afforded the opportunity to contest that charge or offered "the full procedural protections" of the United States' criminal justice system. Demore, 538 U.S. at 513. In other words, Respondents essentially rely solely on the fact that Petitioner has been charged with an offense to keep him detained. See Black v. Decker, 103 F.4th 133, 152 (2d Cir. 2024) ("[T]he almost nonexistent procedural protections in place for section 1226(c) detainees markedly increased the risk of an erroneous deprivation of Petitioners' private liberty interests.").

As to the third factor—the Government's interest—Respondents have not articulated any interest in Petitioner's continued detention, such as record evidence that Petitioner presents a flight risk or danger to the community, or how detention is necessary and tailored to addressing such concerns. Moreover, "[a]lthough bond hearings necessitate some administrative burden, the cost of providing a bond hearing is minimal." Cardoso, 2026 WL 468200, at *3. Respondents submit that that an appropriate remedy is for the Court to order a bond hearing, supporting the suggestion that the burden of providing a hearing is low. [See Dkt. 10 at 5].

In sum, the Mathews factors weigh heavily in favor of relief. Petitioner's significant liberty interest, together with the substantial risk of erroneous deprivation from being detained based solely on an arrest and charge, outweighs any administrative burden associated with providing a bond hearing. Because Petitioner's continued detention violates his procedural due process rights under the Fifth Amendment, he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). See Doe, 800 F. Supp. 3d at 217.

III.    CONCLUSION

Accordingly, Petitioner's Petition is **GRANTED**.  Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten (10) calendar days** of this Order.  The Parties are **ORDERED** to file a status report within **fourteen (14) calendar days** of this Order stating whether Petitioner has been granted a bond hearing.

     **SO ORDERED.**

Dated: June 4, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge