**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **FELIPE DE PAULA ATAIDE ALMEIDA,**<br>    **Petitioner,**<br><br>**v.**<br><br>**ANTONE MONIZ, et al.,**<br>    **Respondents.** | **Case No. 1:26-cv-12207-AK** |

**PETITIONER'S EMERGENCY MOTION TO ENFORCE JUDGMENT**
**AND FOR IMMEDIATE RELEASE**
**AND REQUEST FOR EXPEDITED CONSIDERATION BEFORE AUGUST 14, 2026**
**INDIVIDUAL HEARING**

Petitioner Felipe De Paula Ataide Almeida respectfully moves this Court, pursuant to its inherent authority to enforce its own judgments and 28 U.S.C. § 2241, to enforce the Court's June 4, 2026 Order and Judgment [ECF No. 12] granting his petition for a writ of habeas corpus and ordering Respondents to provide him a bond hearing under 8 U.S.C. § 1226(a).

As set forth below, Respondents did not comply with that Order. Although an Immigration Judge ("IJ") convened a custody redetermination hearing on June 11, 2026, the proceeding was constitutionally deficient and therefore did not provide the individualized § 1226(a) hearing this Court ordered. The IJ denied bond on a pre-printed check-box form, resting exclusively on an INTERPOL Red Notice and the Brazilian preventive arrest warrant underlying it, documents DHS offered without any independent corroboration, and which contain a documented misidentification

1

on their face, and in the oral decision expressly stated that "no evidence . . . to combat the dangerousness in the INTERPOL Red Notice," thereby inverting the burden the First Circuit has placed on the Government under Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021).

Six days later, on June 17, 2026, the very Brazilian court that issued that warrant revoked it in its entirety and issued a *contramandado* (order countermanding the arrest warrant), expressly finding that preventive detention was "no longer . . . necessary [n]or proportional." The sole evidentiary pillar of the June 11 denial thus collapsed. Yet when Petitioner sought a renewed custody redetermination on that basis, a second Immigration Judge declined to reach the merits, ruling in a two-line check-box order dated August 10, 2026 that Petitioner "has not made a showing that his circumstances have changed materially since the prior bond redetermination in accordance with 8 CFR sec. 1003.19(e)", an order that nowhere mentions the revocation of the arrest warrant, the deactivation of the Red Notice, or any of Petitioner's evidence.

The result is that Petitioner has now been detained for months on the strength of a foreign arrest warrant that no longer exists, arising from an allegation that, at age nineteen, he handed approximately twelve grams of marijuana to another person in 2018. Even assuming the allegation is true, it concerns a single **nonviolent incident that occurred eight years ago involving approximately twelve grams of marijuana**.

If the alleged transfer was non-remunerated, 21 U.S.C. § 841(b)(4) would require the conduct to be treated pursuant to the simple-possession provision, 21 U.S.C. § 844(a), which, for a first offense, carries a maximum term of one year. See 21 U.S.C. §§ 841(b)(4), 844(a). And although the laws of Massachusetts and Connecticut do not govern the 2018 conduct in Brazil, their treatment of small quantities of marijuana provides relevant context for assessing whether an eight-year-old, nonviolent allegation involving approximately twelve grams demonstrates present

2

dangerousness. Petitioner has never received the constitutionally sufficient § 1226(a) hearing this Court ordered, and the one hearing Respondents provided was overtaken by the subsequent revocation of the very warrant on which the Immigration Judge relied.

Petitioner accordingly requests that the Court order Respondents to release him immediately, subject to reasonable conditions of supervision to be identified and imposed within seven days; or, in the alternative, order Respondents to provide a new bond hearing that comports with the Due Process Clause and controlling First Circuit precedent. Petitioner further requests that the Court rule on this motion on an expedited basis, as Petitioner's final merits hearing is scheduled for August 14, 2026, and remains detained in the interim, separated from his two-year-old United States citizen daughter, who has a diagnosed developmental disability.

## I.    REQUEST FOR EXPEDITED CONSIDERATION

Petitioner's final merits (individual) hearing is scheduled for August 14, 2026, two days from the filing of this motion.

Absent immediate action by this Court, Petitioner will appear at that hearing while still detained pursuant to a bond denial that this Court has already ordered remedied and that was subsequently overtaken by the complete revocation of the sole evidentiary predicate (the Brazilian preventive arrest warrant).

**Petitioner respectfully requests that the Court rule on this motion on an emergency basis** and, if necessary, schedule a short telephonic hearing so that any relief ordered can take effect before the August 14 individual hearing.

## II.    INTRODUCTION

On June 4, 2026, this Court granted Petitioner's habeas petition and ordered Respondents to "provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten (10) calendar days of this Order." [ECF No. 12]. The Court further ordered the parties to file a status report stating whether Petitioner had been granted a bond hearing. *Id.*

What Respondents delivered was not the hearing this Court ordered. The June 11, 2026 proceeding produced a one-page check-box order that recited a conclusion — "[t]he respondent is a danger to the community by clear and convincing evidence and there is no alternative to detention exists that would ensure the safety of the community" — without a single finding of fact, without any reference to Petitioner's substantial evidentiary submission, without any analysis of the *Matter of Guerra* factors, and without identifying or rejecting any specific condition of supervision. *See* Exh. 1 (Order of the Immigration Judge, June 11, 2026). On the record of the hearing itself, the IJ rested her finding on a single item of evidence, the INTERPOL Red Notice, and faulted Petitioner because "there is no evidence filed to combat the dangerousness in the INTERPOL Red Notice." That is precisely backwards: under *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021), it was the Government's burden to prove dangerousness by clear and convincing evidence, not Petitioner's burden to disprove it.

Sessions of this Court have repeatedly held, on indistinguishable facts, that a hearing of this character fails to comply with the ordered relief and warrants release. *See Gamitto de Souza v. Wesling*, No. 1:26-cv-12059-ADB, ECF No. 14 (D. Mass. July 27, 2026) (Burroughs, J.) (granting motion to enforce and ordering immediate release where IJ relied on stale allegations, failed to grapple with petitioner's equities, and failed to consider alternatives); *Rogerio Ramos v. Moniz*, No. 26-cv-11388-LTS, ECF No. 19 (D. Mass. Apr. 27, 2026); *Mijango Velasco v. Wesling*, No. 26-cv-11355-LTS, ECF No. 19 (D. Mass. Apr. 24, 2026); *Palma Aguirre v. Moniz*, No. 26-

cv-11927-LTS, ECF No. 16 (D. Mass. May 21, 2026); *Vargas v. Warden, Plymouth Cnty. Corr. Facility*, No. 26-cv-11740-AK, 2026 WL 1453510 (D. Mass. May 22, 2026); *Martinez Aguilar v. McDonald*, No. 25-cv-13638-LTS, ECF No. 17 (D. Mass. June 5, 2026). This case presents an additional and independent defect: after the constitutionally deficient hearing, the sole factual predicate for the detention finding was judicially eliminated by the foreign court that created it, and the Immigration Court then declined to reach the merits of that development at all — in a second check-box order, entered by a different Immigration Judge on August 10, 2026, that entirely fails to acknowledge or address the foreign court's revocation order. The Court's June 4 Order has therefore never been satisfied, and Petitioner's continued detention is unlawful.

III. **Background**

    **A. Petitioner and his ties to the United States.**

Petitioner is a native and citizen of Brazil, born January 17, 1999. He entered the United States in 2021, expressing a fear of return to Brazil, and has remained continuously in the United States ever since. He resides with his longtime partner, Amanda Cristina De Paula, and their two children. Their daughter, Maria Antonia De Paula, born November 6, 2023, is a United States citizen; a July 13, 2026 evaluation by Connecticut's Birth to Three System found her eligible for early intervention services and diagnosed her with Developmental Disorder of Speech and Language, Unspecified (ICD-10 F80.9). Petitioner supported the household through lawful employment in the masonry and construction industry. He has a pending Form I-589 application for asylum and withholding of removal and a United States citizen sponsor prepared to guarantee his appearance. On the very day of his arrest by ICE, Petitioner was arriving at the Connecticut state court to resolve pending motor-vehicle matters.

Petitioner United States record consists of two Bridgeport, Connecticut motor-vehicle matters, failure to stop, operating without a license, and theft of plates, involving no violence, no weapons, no controlled substances, and no injury to any person. He is detained at the Plymouth County Correctional Facility and has an unblemished institutional record.

**B.  The habeas petition and this Court's June 4, 2026 Order.**

Petitioner filed a petition for a writ of habeas corpus on May 14, 2026, challenging his detention without a bond hearing. On June 4, 2026, this Court (Kelley, J.) granted the petition, held that Petitioner is subject to the discretionary detention framework of 8 U.S.C. § 1226(a), and ordered Respondents to "provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten (10) calendar days." [ECF No. 12]. The Court ordered a status report within fourteen days. *Id.* Respondents did not file the status report by the June 18, 2026 deadline, and on June 29, 2026 the Court was required to direct the parties to provide an update. [ECF No. 13].

**C.  The June 11, 2026 bond hearing.**

The Chelmsford Immigration Court held a custody redetermination hearing on June 11, 2026 before IJ Kathryn E. Frames. DHS's evidentiary submission consisted of five items: (1) the INTERPOL Red Notice, charging document, and Brazilian arrest warrant (charge: drug trafficking); (2) a translation certificate; (3) an English translation of the charging document and warrant; (4) a Bridgeport Police case/incident report dated March 20, 2026 (warrant service); and (5) a Bridgeport Police report dated September 2, 2025, which DHS's index labels "Failure to Stop, Operate w/out License, Theft of Plates." *See* Exh. 2. DHS filed no police report, witness statement, laboratory analysis, or court record concerning the 2018 Brazilian allegation, no

evidence of any conviction anywhere, and no evidence of any violence, weapon, or victim.

The Red Notice itself warrants description, because it is the whole of the Government's dangerousness case. It was published on April 8, 2026 and last updated on April 29, 2026 — roughly one week before Petitioner's May 7, 2026 arrest by ICE. Exh. 2. It recites a four-sentence summary of a single incident on October 9, 2018, in which military police on routine patrol are said to have observed Mateus Souza e Silva contact Petitioner and hand him money, after which Petitioner entered an alley, returned with an object, and passed it to Mateus, who attempted to swallow it. The charge is listed as drug trafficking under Article 33 of Law No. 11.343/2006, and the quantity is stated as twelve grams of marijuana. Petitioner's occupation is listed as "student."; the preventive detention decision was signed December 13, 2023; and the Red Notice lists the warrant's date of issue as September 20, 2024. Petitioner left Brazil on June 8, 2021, more than two and a half years before the preventive detention decision was issued. *Id.*

The Red Notice also carries, on its own face, a recorded history of correction that bears directly on its reliability. Its "Updates History" shows that until April 29, 2026 the "Additional information" field attributed the June 8, 2021 departure on flight AM0015 to a different person entirely, "PEDRO PAULO LUIZ DA SILVA", and that the name was replaced with Petitioner's only after publication. *Id.* The superseded entry also recorded that the traveler was accompanied by his son, Davi Lucas Almeida De Paula (passport No. GC434390), and his spouse, Amanda Cristina De Paula (passport No. GC434389).

The document DHS offered as clear and convincing proof of dangerousness thus named the wrong man until one week before it was used against Petitioner in his arrest in May 7, 2026, and simultaneously establishes that the departure it characterizes as flight was a family trip taken openly, on three Brazilian passports issued in the ordinary course.

DHS argued that Petitioner was a danger to the community because an INTERPOL Red Notice had been issued against him, asserting that he had fled Brazil, that the allegations were drug trafficking, and that his Connecticut motor-vehicle matters, in the totality, established dangerousness. Through counsel, Petitioner responded that he was neither a danger nor a flight risk: the Red Notice arose from a 2018 allegation concerning a single marijuana transaction; he had been present in Brazil after the alleged incident and was issued a Brazilian passport by the Federal Police in the ordinary course and without restriction; to the best of his knowledge the matter had been resolved; his United States matters were misdemeanors for driving without a license and using another plate; and there were no allegations of violence or weapons whatsoever. Counsel requested a reasonable bond.

The IJ found that the Department had met its burden and that Petitioner is a danger to the community. IJ stated that the Court "takes into consideration and is seriously concerned about the INTERPOL Red Notice," that Petitioner "is wanted in Brazil for drug trafficking," that "this is a serious offense even in the United States," and that "there is no evidence filed to combat the dangerousness in the INTERPOL Red Notice." The written order is a pre-printed form on which the IJ checked "Denied, because [t]he respondent is a danger to the community by clear and convincing evidence and there is no alternative to detention exists that would ensure the safety of the community." Exh. 1. The form contains no factual findings, no discussion of the *Guerra* factors, no mention of Petitioner's submission, and no identification of any specific alternative to detention that was considered and rejected. Petitioner reserved appeal. *Id.*

The two Bridgeport reports DHS submitted are, on their own terms, evidence for Petitioner rather than against him. The September 2, 2025 report describes a traffic stop in which Petitioner, rushing to bring his child to school, failed to obey a stop sign. The officer's own narrative states

that he issued Petitioner a misdemeanor summons, No. ME092990, for misuse of plates (Conn. Gen. Stat. § 14-147a), operating without minimum insurance (§ 14-213b), operating without a license (§ 14-36(a)), and failure to obey a stop sign (§ 14-301). Exh. 2. Petitioner was not arrested; he was summonsed and released on a promise to appear, with a court date of September 16, 2025. The offense DHS's index calls "Theft of Plates" is, in the charging officer's own words, "misuse of plates," on a vehicle the report states belong to Petitioner's wife. No violence, no weapon, no controlled substance, and no victim appear anywhere in the report.

**The March 20, 2026, report is more striking still. It states: "On 3/20/26, I met with Felipe Almeida who agreed to meet me at Bridgeport Police Headquarters to turn himself in upon being advised there was a warrant for his arrest."** *Id.* The warrant was for failure to respond to a payable violation, Conn. Gen. Stat. § 51-164r(b), docket No. F02BMV250716749S. DHS submitted, as proof that Petitioner is a flight risk and a danger, a police report documenting that when Petitioner learned a warrant existed for him, he arranged to present himself at police headquarters and surrendered voluntarily. Approximately seven weeks later, on May 7, 2026, on the very day of his arrest by ICE, Petitioner was arriving at the Connecticut state court to resolve pending motor-vehicle matters.

### D. The Brazilian court's revocation of the arrest warrant six days later.

On June 17, 2026, six days after the bond hearing, the Criminal, Childhood and Youth Court of the Comarca of Coronel Fabriciano, State of Minas Gerais, Brazil, the same court that had issued the December 13, 2023, preventive arrest warrant, revoked that warrant in its entirety and issued *Contramandado* No. 0051558-13.2019.8.13.0194.02.0002-14. The order states: "In light of this context, I find that maintaining preventive detention is no longer necessary or

proportional, there being no concrete evidence justifying the persistence of the extreme measure. That said, I REVOKE the preventive detention ordered against FELIPE DE PAULA ATAÍDE ALMEIDA. Let a counter-warrant of arrest be issued immediately." The *contramandado* is registered as "Active" in Brazil's National Registry of Penal Measures and Imprisonments, maintained by the National Council of Justice, and is accompanied by a certified English translation. *See* Exh. 3. With the underlying warrant countermanded, the INTERPOL Red Notice lost the judicial predicate that INTERPOL's own Rules on the Processing of Data require for a Red Notice to remain in force.

### E.  This Court's recognition of the significance of the revocation.

Respondents' June 29, 2026, status report advised the Court that Petitioner had been denied bond on a dangerousness finding. [ECF No. 14]. On June 30, 2026, the Court indicated that absent objection it would terminate the suit. [ECF No. 15].

Petitioner objected by status report on July 2, 2026, informing the Court of the June 17 revocation. [ECF No. 16]. On July 7, 2026, the Court entered an electronic order expressly noting that "[t]he Immigration Judge allegedly relied on the existence of an active arrest warrant for Petitioner in Brazil in making her determination," that the Brazilian court had "revoked his arrest warrant and concluded that continued preventive detention was no longer necessary," and that Petitioner "contends that this revocation affects the factual predicate supporting the Immigration Judge's bond denial." The Court ALLOWED Petitioner's request and DIRECTED supplemental briefing "limited to addressing the impact of the revocation of the Brazilian arrest warrant on Petitioner's custody status." [ECF No. 17]. This Court has thus already recognized that the revocation goes to the factual predicate of the detention finding.

**F.  The Immigration Court's refusal to hold a second custody redetermination.**

On July 10, 2026, Petitioner filed a Bond Determination Request, and on July 18, 2026 he filed a seventy-page motion for custody redetermination based on changed circumstances under 8 C.F.R. § 1003.19(e), supported by fourteen exhibits: this Court's habeas order; the Brazilian *contramandado* with certified translation; this Court's July 7, 2026 order; his daughter's birth certificate; his son's birth certificate; his daughter's Birth to Three developmental evaluation and eligibility notice; his son's school enrollment certificate; proofs of residence; a sponsor letter and identification; his Form I-589; support letters from his son and his partner; community support letters; and photographs documenting his family life and employment history. *See* Exh. 4.

At the July 20, 2026 hearing, DHS asserted only that the motion was "vague," reiterated "the previous position taken by the Department and the previous decision of the Court denying bond," and asserted that Petitioner "is still a danger to the community." The Court continued the matter to August 3, 2026, because DHS had not had time to review the Brazilian court order. *See* Exh. 5 (Notice of Custody Redetermination Hearing, July 24, 2026). The IJ rescheduled orally the hearing for July 27, 2026, and it was subsequently cancelled and rescheduled again. The bond hearing and ultimately took place on August 10, 2026.

DHS's evidentiary submissions for the second proceeding, filed July 15 and July 17, 2026, are index-for-index identical to the submission it filed for the first hearing on June 10, 2026: the same five items, in the same order, at the same page numbers, the INTERPOL Red Notice, charging document and warrant; the translation certificate; the English translation; the March 20, 2026, Bridgeport police report; and the September 2, 2025, Bridgeport police report. *Compare* Exh. 2 *with* Exh. 6. DHS added nothing. It offered no evidence responsive to the *contramandado*,

11

no evidence of the current status of the Red Notice, no corroboration of the 2018 allegation, and no evidence of any conduct by Petitioner in the five years since he left Brazil or the months since his detention.

At the August 10, 2026, proceeding the parties addressed only the threshold question whether materially changed circumstances warranted a new bond redetermination. DHS argued that the prior denial rested on the Red Notice concerning an October 9, 2018 incident in which military police observed Petitioner hand approximately twelve grams of marijuana to another person; that the warrant issued on December 13, 2023; that Petitioner had left Brazil for Mexico on June 8, 2021; that the Brazilian order was a "generic and vague justification" that was "not evidence that the respondent is no longer a danger or a flight risk"; that "the drug trafficking charge was not dismissed"; that the Red Notice "emphasises that he is a flight risk"; and that the fact that Brazil is no longer seeking his arrest five years after his departure "does not constitute a material change to the underlying arrest." Petitioner's counsel responded that the sole basis of the prior denial was dangerousness premised on the INTERPOL Red Notice; that the Red Notice lost its legal effect because the warrant on which it rested has been revoked; and that this materially changes the circumstances.

The presiding Immigration Judge confirmed with DHS that the charges underlying the Red Notice remained pending, and then ruled that because "the underlying charges are still in effect" and "solely on the basis of the fact that there is no longer an active Red Notice from INTERPOL," and because there had been "no determi.nation on the merits of the criminal case in Brazil that the charges are no longer viable," the Court found no material change in circumstances and denied the request for a second custody redetermination, "after a first hearing and decision was made previously finding danger." Petitioner's counsel stated for the record that Petitioner had possessed

12

a minimal amount of marijuana when he was nineteen years old, that this should be assessed as to danger and concern, and reserved appeal.

The Immigration Court issued its written order on August 10, 2026, served on counsel August 11, 2026. Like the first, it is a pre-printed check-box form. It records a single ground for denial: "[t]he Respondent has not made a showing that his circumstances have changed materially since the prior bond redetermination in accordance with 8 CFR sec. 1003.19(e)." Exh. 7. The order was signed by Immigration Judge Julian Nierva — a different Immigration Judge from the one who presided over the June 11 hearing. It contains no findings of fact. It does not mention the *contramandado*, the revocation of the Brazilian preventive arrest warrant, the deactivation of the INTERPOL Red Notice, or any of the fourteen exhibits Petitioner filed. It does not identify what the "prior bond redetermination" was premised upon, and therefore does not explain the baseline against which materiality was measured. It contains no dangerousness finding, no flight-risk finding, no *Guerra* analysis, and no reference to alternatives to detention. DHS waived appeal; Petitioner reserved appeal, with an appeal deadline of August 19, 2026. *Id.*

## IV.    **Legal Standard**

A district court possesses authority to enforce its own judgments, including a judgment granting habeas relief, and may order the relief necessary to secure compliance. Where this Court has ordered a § 1226(a) bond hearing as habeas relief, Respondents do not satisfy that Order by holding a proceeding that fails to comport with the constitutional and statutory requirements governing such hearings. Sessions of this Court have accordingly entertained motions to enforce and ordered release where the bond hearing provided was constitutionally deficient. *See Martinez Aguilar v. McDonald*, No. 25-cv-13638-LTS, ECF No. 17 (D. Mass. June 5, 2026); *Rogerio Ramos*

13

*v. Moniz*, No. 26-cv-11388-LTS, ECF No. 19 (D. Mass. Apr. 27, 2026); *Mijango Velasco v. Wesling*, No. 26-cv-11355-LTS, ECF No. 19 (D. Mass. Apr. 24, 2026); *Palma Aguirre v. Moniz*, No. 26-cv-11927-LTS, ECF No. 16 (D. Mass. May 21, 2026).

A § 1226(a) bond hearing must satisfy the requirements the First Circuit has held the Due Process Clause imposes. The Government bears the burden of justifying continued detention and must "prove that the petitioner poses a danger to the community by clear and convincing evidence or a flight risk by a preponderance of the evidence." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 39, 41 (1st Cir. 2021). Clear and convincing evidence is a demanding standard; it is not satisfied by the absence of contrary proof from the detainee. *See id.* (rejecting a scheme that places the burden on the noncitizen).

Due process further requires the adjudicator to consider whether conditions of release or alternatives to detention, such as electronic monitoring, would mitigate any danger or flight risk before ordering continued detention. *See Costa v. McDonald*, No. 25-cv-13469-AK, 2026 WL 371198, at *2–*3 (D. Mass. Feb. 10, 2026) (holding that, by "failing to address less restrictive alternatives to detention, the Government failed to provide Petitioner with constitutionally sufficient procedure"); *Doe v. Tompkins*, No. 18-12266, 2019 WL 8437191, at *2 (D. Mass. Feb. 12, 2019) (requiring consideration of "alternative methods to ensure the safety of the community and [petitioner's] future appearances like GPS monitoring").

To review the IJ's custody determination for constitutional adequacy, the Court considers whether the IJ applied the correct legal standard. A petitioner may show the IJ's failure to apply a correct legal standard by either (1) "point[ing] to the language of the immigration judge's opinion" or (2) "demonstrat[ing] that 'the evidence itself could not — as a matter of law — have supported' the immigration judge's decision to deny bond." *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 143 (D.

Mass. 2019) (quoting *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)); *see Vargas*, 2026 WL 1453510, at *8. "[M]erely stating the proper standard does not discharge the obligation to correctly apply the standard." *Akinsanya v. Garland*, 125 F.4th 287, 297 (1st Cir. 2025). For the latter showing, a petitioner must establish that "under the circumstances, no reasonable immigration judge could have come to" the conclusion reached. *Miti v. Moniz*, No. 26-cv-11327-BEM, 2026 WL 884639, at *6 (D. Mass. Mar. 31, 2026).

An IJ may "consider any evidence in the record . . . provided that such evidence is 'probative and specific.'" *Garcia v. Hyde*, 817 F. Supp. 3d 112, 127 (D.R.I. 2025) (quoting *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)). The custody determination requires the IJ to consider the multiple factors set out in *Guerra*, and the application of the danger and flight-risk standards to a given set of facts is a legal question this Court may review. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024) (quoting *Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)) ("[A]pplication of the 'dangerousness' standard . . . [is] a legal standard so long as federal courts 'can assess whether an IJ correctly applied the statutory standard to a given set of facts.'").

## V. <u>Argument</u>

**A.  The IJ inverted the constitutional burden of proof, which alone renders the June 11 hearing non-compliant with this Court's Order.**

The single most consequential statement the IJ made on June 11 was that "there is no evidence filed to combat the dangerousness in the INTERPOL Red Notice." That sentence discloses the legal error on the face of the rul ing: the IJ treated the Red Notice as establishing dangerousness unless and until Petitioner disproved it. *Hernandez-Lara* holds the opposite. The

Government — not the detainee — must "prove that the petitioner poses a danger to the community by clear and convincing evidence." 10 F.4th at 39. The whole point of the First Circuit's holding is that a noncitizen may not be detained because he failed to carry a burden that the Constitution never placed on him. An IJ who denies bond because the respondent filed "no evidence . . . to combat" the Government's exhibit has, by definition, not applied the clear-and-convincing standard to the Government's proof. Under *Diaz Ortiz* and *Vargas*, that is the paradigmatic case in which a petitioner "point[s] to the language of the immigration judge's opinion" to show the misapplication of the governing standard. *Diaz Ortiz*, 384 F. Supp. 3d at 143; *Vargas*, 2026 WL 1453510, at *8. "Merely stating the proper standard does not discharge the obligation to correctly apply the standard." *Akinsanya*, 125 F.4th at 297. Here the IJ's reasoning reflects a failure to apply the correct burden of proof.

**B.  The IJ rested her dangerousness finding on an uncorroborated foreign arrest warrant and Red Notice, which cannot as a matter of law carry the Government's clear-and-convincing burden.**

An INTERPOL Red Notice is not an adjudication. It is a request to law enforcement to locate and provisionally arrest a person pending extradition or similar legal action, based on an arrest warrant or court order issued by the requesting jurisdiction. INTERPOL itself disclaims that a Red Notice is evidence of guilt. It carries no finding by any tribunal that the person did anything.

The Brazilian charging document behind it alleged that, on October 9, 2018, military police observed Petitioner hand approximately twelve grams of marijuana to another person. The only account of that incident in the record is the Red Notice's own four-sentence summary of what police are said to have observed. DHS produced no police report, no witness statement, no

laboratory analysis, no sworn charging affidavit, no transcript, and no evidence of any adjudication, nothing by which the accuracy of that summary could be tested. It produced a notice and a warrant and asked the Immigration Court to treat the label on their face as proof of the conduct.

An adjudicator may not accord such a report substantial weight absent "corroborating evidence of the report's allegations." *Maurice v. Bondi*, 154 F.4th 15. The reliability and fundamental-fairness inquiries are "distinct from the additional requirement that a [report] . . . must be corroborated before the agency may give the report substantial weight." *Maurice*, 154 F.4th 15. The IJ performed no reliability assessment. She recited that Petitioner "is wanted in Brazil for drug trafficking".

The reliability problem here is concrete. The Red Notice's own updates history shows that, until the correction made by the agency, the notice attributed the very departure it treats as flight to a different named individual, "PEDRO PAULO LUIZ DA SILVA." Exh. 2. A document that misidentified its subject on the record, and that was corrected only after publication, is precisely the kind of evidence that requires corroboration before it may carry weight — let alone the weight of a clear-and-convincing dangerousness finding sufficient to justify indefinite civil detention. The IJ conducted no such assessment; she did not mention the correction, and nothing in the record indicates she was aware of it.

**C.  The IJ's premise that the alleged conduct "is a serious offense even in the United States" is legally incorrect, and the error was material.**

The IJ expressly grounded her dangerousness finding on the proposition that drug trafficking "is a serious offense even in the United States." The premise is unobjectionable in the

abstract. The error lies in applying it to the conduct actually alleged, which is the transfer of approximately twelve grams of marijuana in a single street-level transaction. Petitioner does not minimize the allegation or ask this Court to resolve it. He asks only that the conduct be measured as it is, rather than by the label a foreign charging instrument attaches to it. Measured that way, the premise does not hold, and the error was outcome-determinative, because it supplied the entire rationale for treating that label as clear and convincing proof of present danger.

Twelve grams of marijuana is under half an ounce. Under federal law, distribution of marijuana below fifty kilograms is punished under the lowest penalty tier of the schedule (21 U.S.C. § 841(b)(1)(D)); where a small amount is distributed for no remuneration it is treated as simple possession, a misdemeanor (§ 841(b)(4); Even assuming remuneration, a transfer of only twelve-gram falls at the lowest end of the federal penalty scheme.  It is not a crime of violence and, standing alone, does not support a finding that Petitioner presently poses a danger to the community.

A finding of dangerousness must be grounded in the nature and circumstances of the conduct actually alleged, not to the label a foreign charging instrument attaches to it. *Cf. Matter of Siniauskas*, 27 I&N Dec. 207, 207–08 (BIA 2018) (requiring the IJ to consider "the nature and circumstances" of the alien's criminal activity in assessing dangerousness). The error was material because it supplied the entire rationale for treating the label "drug trafficking" as clear and convincing evidence of present danger.


**D.  The IJ failed to consider Petitioner's age at the time of the alleged offense and the eight years that has elapsed since the alleged conduct.**

Petitioner was nineteen years old on October 9, 2018, and the Red Notice records his

18

occupation at the time as "student." Exh. 2. He is now twenty-seven. Nearly eight years have passed without any similar allegation of any kind, in any country. The relevant question before the IJ was not whether a nineteen-year-old posed a danger in 2018, but whether Petitioner poses one now. The IJ never mentioned Petitioner's age at the time of the alleged incident, never mentioned the eight intervening years, and never mentioned the quantity involved.

**E.    The IJ recited that "no alternative to detention exists" without considering a single alternative, which independently renders the hearing constitutionally deficient.**

The June 11 order states that "there is no alternative to detention exists that would ensure the safety of the community." Exh. 1. Nothing in the record indicates that the IJ considered any alternative. She identified none, discussed none, and rejected none. The order is a pre-printed form; the quoted language is boilerplate, not analysis. Neither DHS nor the IJ "advance[d] a cogent argument" as to why electronic monitoring, GPS tracking, regular reporting, curfew, a third-party custodian, or the Intensive Supervision Appearance Program could not address the asserted concern.

That omission is dispositive. Due process requires the adjudicator to consider "less restrictive alternatives to detention"; a failure to do so means the Government "failed to provide Petitioner with constitutionally sufficient procedure." *Costa*, 2026 WL 371198, at *2–*3; *see Doe v. Tompkins*, 2019 WL 8437191, at *2. Sessions of this Court have at least twice held that an IJ's "silence as to alternatives render[s] the bond hearing constitutionally deficient," and have ordered release on that basis. *Mijango Velasco*, No. 26-cv-11355-LTS, ECF No. 19, at 5–6; *Rogerio Ramos*, No. 26-cv-11388-LTS, ECF No. 19, at 4–5. Reciting the conclusion that no alternative exists, on a check-box form, without engaging any alternative, does not satisfy that requirement.

**F.  The IJ did not evaluate Petitioner's evidence and equities.**

The June 11 order does not reference Petitioner's family, United States citizen daughter with a developmental disability, employment, pending asylum application, sponsor, community support, or record of court appearances. It does not work through the Guerra factors, each of which favors release. Immigration judges "may not simply ignore substantial testimonial and documentary proof." *Garcia v. Hyde,* 2025 WL 3466312, at *1 (quoted in *Gamitto de Souza*, ECF No. 14). Resting a denial on a single fact while failing to mention the petitioner's evidence falls short of what due process requires. *Gamitto de Souza,* ECF No. 14 (IJ failed to grapple with or acknowledge in any way the body of evidence relevant to the bond determination presented by Petitioner, including community ties).

**G.  DHS submitted the identical evidence at both proceedings.**

DHS's evidence submission for the June 11 hearing and its submissions for the July 20 and July 27 proceedings are the same document. The index is identical item for item and page for page: Interpol Red Notice, charging document and warrant (pp. 1–6); translation certificate (p. 7); English translation of charging document and warrant (pp. 8–10); Bridgeport Police case/incident report 3/20/2026 (p. 11); Bridgeport Police report 9/2/2025 (pp. 12–14). *Compare* Exh. 2 *with* Exh. 6. This has two consequences.

The Government's entire dangerousness case was the Red Notice and warrant. DHS never supplemented, never corroborated, and never offered any independent evidence of dangerous conduct. When the warrant was revoked and the Red Notice lost its predicate, the Government's case ceased to exist. On this record, the evidence could not, as a matter of law, support finding that

20

Petitioner posed a danger or a risk of flight. *Gamitto de Souza*, ECF No. 14 (evidence could not, as a matter of law, have supported the IJ's decision, which appeared so arbitrary as to violate due process).

**H.    The refusal to reach the merits of the second custody redetermination request compounded the violation and left this Court's Order unsatisfied.**

Section 1003.19(e) permits a subsequent bond redetermination "upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). Here, the prior denial relied on the Red Notice and active warrant. That warrant has been revoked by the court that issued it. The materiality inquiry asks whether circumstances have changed relative to the basis of the prior bond determination. Measured against that basis, the revocation is plainly material.

Conditioning consideration of subsequent bond request on Petitioner's ability to produce a foreign merits determination that the charges "are no longer viable" inverts the burden a second time and improperly requires him to establish the merits of an unadjudicated foreign accusation before the IJ will even consider whether the circumstances underlying the prior bond determination have materially changed. The warrant's revocation is directly relevant on both dangerousness (the Brazilian court found no concrete evidence justified detention) and flight risk (there is no longer any warrant or INTERPOL predicate to flee). The August 10 order does not meaningfully engage with the evidence of the warrant's revocation or explain why that development does not constitute a material change in the circumstances underlying the prior bond determination. Two Immigration Judges have now denied release, yet neither decision meaningfully addresses the undisputed fact that the warrant underlying the prior detention rationale has been revoked. This Court has already

21

recognized the significance of the revocation [ECF No. 17]. Respondents were ordered to provide a hearing at which detention was meaningfully evaluated, but the resulting proceedings have not meaningfully addressed the change circumstances identified here.. *Gamitto de Souza*, ECF No. 14.

**I.  On this record Petitioner is neither a danger nor a flight risk, and the Guerra factors compel release.**

Every *Guerra* factor favors release. Petitioner has substantial local family ties: a longtime partner, a United States citizen daughter with a diagnosed developmental disability who requires early intervention services, and a school-enrolled son. He has a stable residence in Bridgeport with documented proofs of residence, a consistent employment history as a stone mason through which he supported his household, a United States citizen sponsor who has committed in writing to ensure his appearance, and letters of support from his family and community.

He has a pending Form I-589 asylum application, filed on the basis of a fear of return he expressed at entry that is a strong appearance incentive, because his ability to obtain protection depends entirely on his continued participation in these proceedings. His record of submitting to legal process is documented in DHS's own exhibits: when advised in March 2026 that a warrant existed on a payable motor-vehicle violation, he arranged to meet the officer at police headquarters and surrendered voluntarily, and on the very day of his arrest by ICE, Petitioner was arriving at the Connecticut state court to resolve pending motor-vehicle matters. His institutional record in detention is unblemished. He is not likely to become a public charge, having supported his family through lawful employment and having a sponsor prepared to assume responsibility.

Against that, the Government offers an uncorroborated 2018 accusation involving twelve grams of marijuana, made when Petitioner was a nineteen-year-old student, resting on a notice that

misidentified its subject until one week before it was used against him, in a case in which the issuing court has since found detention unnecessary and disproportionate, together with two motor-vehicle police reports containing no violence, no weapon, and no victim, one of which documents a voluntary surrender. That showing does not meet the preponderance standard for flight risk, let alone the clear-and-convincing standard for dangerousness. *Hernandez-Lara*, 10 F.4th at 39, 41.

The humanitarian consequences of continued detention are severe and one-sided. Maria Antonia, just over two years old, is in a critical stage of language and emotional development and has been diagnosed with a developmental disorder of speech and language. Since her father's detention she has experienced recurrent fevers associated with emotional distress, has repeatedly cried for him, has refused food, and has shown noticeable behavioral changes. Prolonged separation deprives her of the parental presence her early intervention plan depends on. While family hardship does not itself establish bond eligibility, it is a relevant equity under the individualized *Guerra* analysis. These consequences further weigh against continued detention where the record does not establish that detention remains necessary to address a concrete danger or flight risk.

**J.  This motion seeks enforcement of the Court's Order, not appellate review of the IJ's discretion.**

Petitioner does not ask this Court to sit as an appellate tribunal reviewing whether the IJ reached the "right" bond amount. Respondents were ordered to provide a § 1226(a) hearing "at which the question of detention was meaningfully evaluated pursuant to the statutory and constitutional law governing such hearings," and they did not. *Mijango Velasco*, ECF No. 19, at 6; *see Rogerio Ramos*, ECF No. 19, at 6 n.2 (rejecting the same exhaustion argument). Petitioner

23

has reserved appeal from both custody orders, and his appeal of the August 10, 2026 order is due August 19, 2026; but a Board appeal is not an adequate substitute for enforcement of this Court's own judgment, and requiring Petitioner to litigate to the Board and back while detained would defeat the purpose of the relief this Court already granted. Section 1226(e) poses no obstacle, as it does not bar habeas review of "constitutional claims or questions of law," and administrative exhaustion is not required where a petitioner's liberty is at stake and the agency lacks authority to resolve the constitutional claim. *See Vargas*, 2026 WL 1453510, at *5–*7; Nor does this motion turn on how the IJ weighed competing evidence: a petitioner may establish a legal-standard failure by "demonstrat[ing] that 'the evidence itself could not, as a matter of law, have supported' the immigration judge's decision to deny bond." *Vargas*, 2026 WL 1453510, at *8 (quoting *Diaz Ortiz*, 384 F. Supp. 3d at 143). In this case, the evidence relied upon by the Government could not as a matter of law establish present dangerousness by clear and convincing evidence.

Finally, continued detention after a material change in the factual circumstances underlying the original detention rationale raises an independent due process concern. Here, the warrant underlying the Red Notice that supported the prior detention determination has since been revoked by the issuing court. That development materially undermines the factual basis on which the prior detention determination rested. The Petitioner's continued detention, without meaningful consideration of that material change and following a hearing that did not comply with this Court's June 4, 2026 Order and the Due Process Clause, therefore raises serious concerns as to whether his continued detention remains constitutionally justified in light of the changed circumstances.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, Petitioner respectfully requests that the Court grant this motion

to enforce and:

(a) Petitioner further requests that the Court rule on an expedited/emergency basis **prior to the August 14, 2026 individual hearing**, order immediate release (or a new constitutionally adequate bond hearing within 48 hours), and require a status report confirming compliance.

(b) order Respondents to release Petitioner immediately, subject to reasonable conditions of supervision to be identified and imposed within seven days;

(c) in the alternative, order Respondents to provide Petitioner a new bond hearing that comports with due process and controlling precedent, within a date certain; and

(d) order Respondents to file a status report confirming compliance.

Petitioner further requests that the Court rule on an expedited basis, as he remains detained.

Respectfully submitted,
Felipe De Paula Ataide Almeida,
By and through his attorney,

Dated: August 12, 2026

_Jonatas Silva_

Jonatas Martins Silva, Esq.
BBO# 704254
Agape Law P.C.
200 Walnut Street,
Saugus, MA 01906
info@agapelawusa.com
(617) 758-8598

25

## LIST OF EXHIBITS

**Exhibit 1** — Order of the Immigration Judge denying custody redetermination (June 11, 2026).

**Exhibit 2** — U.S. Department of Homeland Security Evidence Submission filed for the June 11, 2026 bond hearing (filed June 10, 2026), comprising the INTERPOL Red Notice with its updates history, the Brazilian charging document and preventive arrest warrant, DHS's translation certificate and English translation, and Bridgeport Police reports dated March 20, 2026 and September 2, 2025.

**Exhibit 3** — Order of the Criminal, Childhood and Youth Court of the Comarca of Coronel Fabriciano, Minas Gerais, Brazil, revoking the preventive arrest warrant and issuing Contramandado No. 0051558-13.2019.8.13.0194.02.0002-14 (June 17, 2026), with BNMP 3.0 certificate and certified English translation.

**Exhibit 4** — Respondent's Motion for Bond Redetermination Based on Changed Circumstances (filed July10, 2026),  and Respondent's Supplemental Pre-Hearing statement and evidence package in support of custody redetermination hearing with Exhibits A–N (filed July 18, 2026).

**Exhibit 5** — Notice of Custody Redetermination Hearing scheduling the July 27, 2026 hearing (issued July 24, 2026).

**Exhibit 6** — U.S. Department of Homeland Security Evidence Submissions filed for the second bond proceeding (filed July 15 and July 17, 2026).

**Exhibit 7** — Order of the Immigration Judge denying the request for a second custody

redetermination for failure to show materially changed circumstances under 8 C.F.R. §

1003.19(e), dated August 10, 2026 and served August 11, 2026.

**Exhibit 8** — Audio recordings of the June 11, 2026, July 20, 2026, and August 10, 2026 custody

proceedings (to be conventionally filed on USB drive).

**Exhibit 9** — Transcripts of the June 11, 2026, July 20, 2026, and August 10, 2026 custody

proceedings.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), counsel for Petitioner certifies that he conferred with counsel for

Respondents regarding the relief requested in this motion.

Respectfully submitted,

Dated: August 12, 2026

_____
Jonatas Martins Silva, Esq.
BBO# 704254
Agape Law P.C.
200 Walnut Street,
Saugus, MA 01906
info@agapelawusa.com
(617) 758-8598

1



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CHELMSFORD IMMIGRATION COURT**

Respondent Name:

    DE PAULA ATAIDE ALMEIDA, FELIPE

To:

    Silva, Jonatas Martins
    200 Walnut Street
    Ste 1
    Saugus, MA 01906

A-Number:
220-281-143
Riders:
In Custody Redetermination Proceedings

Date:
06/11/2026

### ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because
The respondent is a danger to the community by clear and convincing evidence and there is no alternative to detention exists that would ensure the safety of the community.

☐ Granted. It is ordered that Respondent be:
    ☐ released from custody on his own recognizance.
    ☐ released from custody under bond of $
    ☐ other:

☑ Other:
The Immigration Court held a custody redetermination hearing pursuant to a U.S. District Court habeas order.

Immigration Judge: Frames, Kathryn 06/11/2026

Appeal:    Department of Homeland Security: ☑ waived    ☐ reserved

Respondent:                                ☐ waived    ☑ reserved

Appeal Due: 07/13/2026

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : DE PAULA ATAIDE ALMEIDA, FELIPE | A-Number : 220-281-143

Riders:

Date: 06/11/2026 By: VASQUEZ, GENESIS, Court Staff

2

Ronald Seely                                                        DETAINED
Chief Counsel
Justine Bavaro
Deputy Chief Counsel
Donald Ostrom
Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
JFK Federal Building
15 New Sudbury Street, Room 320
Boston, MA 02203

**UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
CHELMSFORD IMMIGRATION COURT
CHELMSFORD, MASSACHUSETTS**

In the Matter of:

**DE PAULA ATAIDE ALMEIDA,
FELIPE**                                    File No.    220281143

In Removal Proceedings

Immigration Judge: Dubuc                         Next Hearing: 10 JUNE

**U.S. DEPARTMENT OF HOMELAND SECURITY
EVIDENCE SUBMISSION**

| | | |
|---|---|---|
| 1. | Interpol Red Notice, Charging Document and Warrant<br>*Charge: Drug Trafficking* | 1-6 |
| 2. | Translation Certificate | 7 |
| 3. | English Translation of Charging Document and Warrant | 8-10 |
| 4. | Bridgeport Police Case/Incident Report 3/20/2026<br>*Warrant Service* | 11 |
| 5. | Bridgeport Police Case/Incident Report 9/2/2025<br>*Failure to Stop, Operate w/out License, Theft of Plates* | 12-14 |

EOIR – 1 of 16

Exh. 3 –

Respectfully Submitted

Donald Ostrom
Counsel

## CERTIFICATE OF SERVICE

On 6/10/2026, I, Donald Ostrom, served a copy of this **U.S. Department of Homeland Security's Evidence Submission** on the respondent or his/her counsel of record,

☐     by first-class mail, postage pre-paid, to

☐     by first-class mail, postage pre-paid to: by placing into my office's receptacle designated for official "out-going" first class mail.

☐     by email at

☐     by eService pursuant to the Terms and Conditions agreed to between the parties.

☒     through the EOIR Courts and Appeals System (ECAS), which will automatically send service notifications to both parties that a new document has been filed.

Donald Ostrom
Counsel

Case 1:26-cv-12207-AK   Document 21   Filed 08/12/26

**DE PAULA ATAIDE AL      IDA Felipe**

Control No.: A-5539/4-2026



Requesting country: Brazil
File No.: 2026/24677
Date of publication: 8 April 2026
Updated on: 29 April 2026

RED
NOTICE

## FUGITIVE WANTED FOR PROSECUTION

**CAUTION: Escape Risk**

Circulation to the media (including Internet) of the extract of the notice as published on INTERPOL's public website: No

## 1. IDENTITY PARTICULARS



| Family name: | DE PAULA ATAIDE ALMEIDA |
| --- | --- |
| Forename(s): | Felipe |
| Sex: | Male |
| Date and place of birth: | 17 January 1999 - MINAS GERAIS/Coronel Fabriciano - Brazil |
| Nationality: | Brazil (confirmed) |
| Family name at birth: | DE PAULA ATAIDE ALMEIDA |
| Father's family name and forenames: | ATAIDE ALMEIDA Kennedy |
| Mother's maiden name and forenames: | DE PAULA ATAIDE Andrea |
| Occupation: | student |
| Languages spoken: | Portuguese |
| Regions/Countries likely to be visited: | United States, Mexico |

**Additional information:**
There is a record in the Brazilian immigration system indicating that the fugitive DE PAULA ATAIDE ALMEIDA Felipe departed the national territory on June 8, 2021, at 07:54, on flight AM0015, bound for Mexico City (MEX), with no record of return to Brazil to date.

**Identity documents**

Exh.     **INTERPOL RED NOTICE**                                          **INTERPOL For official use only**
Control No.: A-5539/4-2026                    Page 1/3                      File No.: 2026/24677

Page 1 of 14

| | Nationality | Type | Number |
|---|---|---|---|
| 1. | Brazil | Ide... y card | 15598055 - PC/MG |
| 2. | Brazil | National Identification Number | 01952092655 |
| 3. | Brazil | Passport | GC443068 |

### Electronic addresses

| | Type | Value |
|---|---|---|
| 1. | E-mail address | ataidealternativa@gmail.com |

## 2. CASE

### Facts of the case

| Town | Country | Date |
|---|---|---|
| BELO HORIZONTE/Coronel Fabriciano | Brazil | 9 October 2018 |

### Summary of facts of the case

At approximately 21:29, on Vitória Régia Avenue, near No. 1278, Recanto Verde neighborhood, in Coronel Fabriciano/MG, the fugitive, within a context of drug trafficking, delivered for consumption a portion of marijuana weighing 12g to Mateus Souza e Silva.

During routine patrol, the Military Police observed the moment when Mateus Souza e Silva made contact with the fugitive and, shortly thereafter, handed him an amount of money. Subsequently, the fugitive entered an alley and returned holding an object, which he then passed to Mateus. At that moment, the officers approached the two individuals, whereupon Mateus attempted to swallow the package in order to conceal it.

## FUGITIVE WANTED FOR PROSECUTION

### ARREST WARRANT OR JUDICIAL DECISION 1/1

**Charge(s):** Drug trafficking

**Law covering the offence(s):** Article 33, caput, of Law No. 11.343/2006 (Brazilian Drug Law).

**Maximum penalty possible:** Years: 15

**Time limit for prosecution or expiry date of arrest warrant:** 30 August 2043

### Arrest warrant or judicial decision having the same effect

| Number | Date of issue | Issued or handed down by | Country |
|---|---|---|---|
| 0051558-13.2019.8.13.0194.01.0001-06 | 20 September 2024 | Criminal Court, Childhood and Youth Court of the District of Coronel Fabriciano | Brazil |

**Name of signatory:** PAULO SERGIO VIDAL

Copy of arrest warrant available at the General Secretariat in the language used by the requesting country: No

## 3. ACTION TO BE TAKEN IF TRACED

### Locate and arrest with a view to extradition

Assurances are given that extradition will be sought upon arrest of the person, in conformity with national laws and/or the applicable bilateral and multilateral treaties.

### Provisional arrest

This request is to be treated as a formal request for provisional arrest, in conformity with national laws and/or the applicable bilateral and multilateral treaties.

Immediately inform NCB BRASILIA Brazil (NCB reference: 005337/2026-51 of 4 March 2026) and the ICPO-INTERPOL General Secretariat that the fugitive has been found.

EOIR – 4 of 16

Exh. 1

**INTERPOL RED NOTICE**

Control No.: A-5539/4-2026

Page 2/3

**INTERPOL For official use only**

Page 2 of 14

File No.: 2026/24677

## UPDATES HISTORY

| Date | Modifications |
|---|---|
| 29 April 2026 16:16:13 | **Updated:** Content<br><br>**Field :** Additional information<br><br>**New value:** There is a record in the Brazilian immigration system indicating that the fugitive DE PAULA ATAIDE ALMEIDA Felipe departed the national territory on June 8, 2021, at 07:54. on flight AMC015, bound for Mexico City (MEX), with no record of return to Brazil to date.<br><br>**Previous value:** There is a record in the Brazilian immigration system indicating that the fugitive \*\*PEDRO PAULO LUIZ DA SILVA\*\* departed the national territory on \*\*June 8, 2021, at 07:54\*\*, on flight \*\*AM0015\*\*, bound for \*\*Mexico City (MEX)\*\*, with no record of return to Brazil to date. He was accompanied by his son, \*\*DAVI LUCAS ALMEIDA DE PAULA\*\* (passport No. GC434390), and his spouse, \*\*AMANDA CRISTINA DE PAULA\*\* (passport No. GC434389). |

Exh. 3  **INTERPOL RED NOTICE**                                          **INTERPOL** For official use only

Control No.: A-5539/4-2026                 Page 3/3                 File No.: 2026/24677



Poder Judiciário do Estado de Minas Gerais
PJe - Processo Judicial Eletrônico

24/03/2026

## Número: **0051558-13.2019.8.13.0194**

Classe: **[CRIMINAL] PROCEDIMENTO ESPECIAL DA LEI ANTITÓXICOS**
Órgão julgador: **Vara Criminal, da Infância e da Juventude da Comarca de Coronel Fabriciano**
Última distribuição : **21/08/2023**
Valor da causa: **R$ 0,00**
Processo referência: **0051558-13.2019.8.13.0194**
Assuntos: **Tráfico de Drogas e Condutas Afins**
Segredo de justiça? **NÃO**
Justiça gratuita? **NÃO**
Pedido de liminar ou antecipação de tutela? **NÃO**

| Partes | Advogados |
|---|---|
| Ministério Público - MPMG (AUTOR) | |
| FELIPE DE PAULA ATAIDE ALMEIDA (RÉU/RÉ) | |
| MATEUS SOUZA E SILVA (RÉU/RÉ) | |

| Documentos | | | |
|---|---|---|---|
| Id. | Data da Assinatura | Documento | Tipo |
| 9898380472 | 21/08/2023 15:05 | DENUNCIA | Petição Inicial |

  Tribunal de Justiça do Estado de Minas Gera...
VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA
COMARCA DE CORONEL FABRICIANO
e-mail: crf1crim@tjmg.jus.br | telefone: Não informado

# MANDADO DE PRISÃO

PREVENTIVA

Nº do Mandado: 0051558-13.2019.8.13.0194.01.0001-06

Data de validade: 30/08/2043

## Nome da Pessoa: **FELIPE DE PAULA ATAIDE ALMEIDA**   CPF: **019.520.926-55**

Nome Social: Não Informado
RJI: 235252812-07
Alcunha: Não Informado
Data de Nascimento: 17/01/1999
Sexo: Masculino
Cor: Não Informada
RG: 15598055 - ssp

Natural de: Coronel Fabriciano - MG
Filiação: ANDREA DE PAULA ATAIDE(mãe) e
KENNEDY ATAIDE ALMEIDA(pai)

Marcas e sinais:

**Identificação biométrica:**
Não Informado

**Endereços**
DOIS, SILVIO PEREIRA I, 182, CEP 35.170-000, Coronel Fabriciano - MG

**Informações Processuais:**

Nº do processo: 0051558-13.2019.8.13.0194
Órgão Judicial: VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA COMARCA DE CORONEL FABRICIANO - TJMG
Espécie de prisão: Preventiva
Tipificação Penal: Lei: 2848, art. 33

**Teor do Documento:**

O(a) Magistrado(a) subscritor do presente Mandado de Prisão determina ao oficial de justiça da sua jurisdição ou a qualquer Autoridade Policial competente e seus agentes, a quem este for apresentado ou dele tomar conhecimento, que PRENDA e RECOLHA, em alguma unidade prisional, à ordem e à disposição do juízo expedidor, a pessoa acima indicada e qualificada.

**Síntese da decisão:**

DECRETO A PRISÃO PREVENTIVA DE FELIPE DE PAULA ATAÍDE ALMEIDA, como garantia da ordem pública e por conveniência da instrução criminal. Expeça-se o mandado de prisão preventiva. Cumpra-se na forma e sob as penas da Lei.

**Advertências e Determinações após o cumprimento do mandado**
Após as formalidades de registro da prisão, a autoridade policial deverá comunicar o cumprimento do mandado, imediatamente, à autoridade judicial que determinou a expedição desta ordem e, nos casos em que forem cumpridos fora da jurisdição do juiz processante, também à autoridade judicial local competente, conforme lei de organização judiciária, para fins de audiência de custódia.

 **Documento assinado digitalmente por PAULO SERGIO VIDAL magistrado em 13/12/2023 19:16:00**
Para confirmar a autenticidade acesse o QR Code ao lado ou o portal BNMP: https://portalbnmp.cnj.jus.br
Documento gerado em: 20/09/2024 12:44:55

 

CONSELHO NACIONAL DE JUSTIÇA

Tribunal de Justiça do Estado de Minas Gerais
VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA
COMARCA DE CORONEL FABRICIANO
e-mail: crf1crim@tjmg.jus.br | telefone: Não informado



**Observação:**
Não informado

Coronel Fabriciano, 13 de Dezembro de 2023.



Documento assinado digitalmente por PAULO SERGIO VIDAL magistrado em 13/12/2023 19:16:00
Para confirmar a autenticidade acesse o QR Code ao lado ou o portal BNMP: https://portalbnmp.cnj.jus.br
Documento gerado em: 20/09/2024 12:44:55

EOIR — 8 of 16

Exh. 3 —

# CERTIFICATION FOR PERFORMANCE OF ENTIRE TRANSLATION



## U.S. DEPARTMENT OF HOMELAND SECURITY

I, Nanette Lopez , certify that I am competent to translate this document and that the translation is true and accurate to the best of my abilities.

*Nanette Lopez*                              05.08.2026

TRANSLATOR                                  DATE

## U.S. DEPARTMENT OF HOMELAND SECURITY

The above translation from the ____Portuguese____ language was made by the undersigned

*Nanette Lopez*                              05.08.2026

TRANSLATOR                                  DATE

EOIR — 9 of 16

Exh. 3 -

Page 7 of 14



Judiciary of the State of Minas Gerais
PJe - Electronic Judicial Process

24/03/2026

## Number: **0051558-13.2019.8.13.0194**

Class: **[CRIMINAL] SPECIAL PROCEEDING UNDER THE ANTI-DRUG LAW**

Judicial Body: **Criminal, Childhood, and Youth Court of the District of Coronel Fabriciano**

Latest Filing Date: **08/21/2023**

Amount in Controversy: **R$ 0,00**

Related Case Number: **0051558-13.2019.8.13.0194**

Subject: **Drug Trafficking and Related Offenses**

Sealed/Confidential Case? **NO**

Fee Waiver Granted? **NO**

Request for Preliminary Injunction or Emergency Relief?  **NO**

| Parties | Attornies |
|---|---|
| **Public Prosecutor's Office - MPMG (Plaintiff/Prosecution)** | |
| **FELIPE DE PAULA ATAIDE ALMEIDA (DEFENDANT)** | |
| **MATEUS SOUZA E SILVA (DEFENDANT)** | |

| Documents | | | |
|---|---|---|---|
| **ID No:** | **Signature Date** | **Documents** | **Type** |
| 9898380472 | 08/21/2023 15:05 | CRIMINAL COMPLAINT | Initial Petition |

 

CONSELHO NACIONAL DE JUSTIÇA

National Justice Council

Court of Justice of the State of Minas Gerais
CRIMINAL, CHILDHOOD, AND YOUTH COURT OF
THE DISTRICT OF CORONEL FABRICIANO
Email: crf1crim@tjmg.jus.br | Telephone: Not provided



BNMP 3.0

National Database of
Criminal and Prison Measures

## ARREST WARRANT

### PREVENTIVE

Warrant No: 0051558-13.2019.8.13.0194.01.0001-06

Valid until: 08 /30/2043

Name: FELIPE DE PAULA ATAIDE ALMEIDA                    CPF: 019.520.926-55



Social Name: Not Information

RJI:235252812-07

Alias/Nickname: Not Provided

Date of Birth: 01/17/1999

Gender: Malec

Race/Color: Not Provided

RG: 15598055

Place of Birth: Coronel Fabriciano - MG

Parents: ANDREA DE PAULA ATAIDE (Mother) and
KENNEDY ATAIDE ALMEIDA (Father)

Distinguishing Marks and Features:

**Biometric Identification:**

Not Provided

**Addresses:**

Dois, Silvio Pereira I, No. 182, ZIP Code 35.170-000, Coronel Fabriciano - MG

**Procedural Information:**

Case No.: 0051558-13.2019.8.13.0194
Judicial Body: Criminal, Childhood, and Youth Court of the District of Coronel Fabriciano - TJMG
Type of Detention: Preventive
Criminal Classification: Law 2848, Article 33

**Text of the Document:**

The undersigned Judge issuing this Arrest Warrant orders the court officer within this jurisdiction, or any competent police authority and its agents to whom this warrant is presented or who become aware of it, to ARREST and DETAIN, in a prison facility, by order and under the authority of the issuing court, the person identified and qualified above.

**Summary of the Decision:**

I HEREBY ORDER THE PREVENTIVE DETENTION OF FELIPE DE PAULA ATAIDE ALMEIDA, as a guarantee of public order and for the convenience of the criminal proceedings. Let the preventive detention warrant be issued and executed in accordance with the law.

**Warnings and Instructions Following Execution of the Warrant:**

After completion of the arrest registration formalities, the police authority shall immediately notify the judicial authority that ordered issuance of this warrant and, in cases where the warrant is executed outside the jurisdiction of the processing court, also notify the competent local judicial authority, pursuant to judicial organization law, for purposes of the custody hearing.

Document digitally signed by PAULO SERGIO VIDAL, Judge, on 12/13/2023 at 19:16:00
To confirm authenticity, access the QR Code beside this text or the BNMP portal:
https://portalbnmp.cnj.jus.br
 Document generated on: 09/20/2024 12:44:55



National Justice Council



**Court of Justice of the State of Minas Gerais**
CRIMINAL, CHILDHOOD, AND YOUTH COURT OF
THE DISTRICT OF CORONEL FABRICIANO
Email: crf1crim@tjmg.jus.br | Telephone: Not provided



BNMP 3.0

National Database of

Criminal and Prison Measures

Observation:
Not Provided

Coronel Fabriciano, December 13, 2023.

Case 1:26-cv-12207-AK   Document 21   Filed 08/12/26   Page 45 of 202

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2600023166 - 00028131

| CFS NO | DAY | INCIDENT DATE | TIME | DATE OF RPT | TIME OF RPT | TYPE OF INCIDENT | | INCIDENT CD | INVESTIGATING OFFICER | BADGE NO |
|---|---|---|---|---|---|---|---|---|---|---|
| 2600023166 | 6 | 03/20/2026 03/20/2026 | 16:12 | 03/20/2026 | 16:47 | WARRANT SERVICE | | WARSERV | Patrol Officer SANTORO, FRANCIS J. | 216248 |

| DIVISION | DIVISION NO | REFERENCE DIVISION | REFERENCE DIVISION NO | CASE X-REFERENCE | UNIT ID | DATE TYPED | TIME TYPED |
|---|---|---|---|---|---|---|---|
| Patrol | | | | | G38C | 03/20/2026 | 16:47 |

| STREET NO | STREET NAME AND TYPE | APT NO. | INTERSECTING STREET NAME AND TYPE | PREMISES NAME | STATUS | TOWN CD |
|---|---|---|---|---|---|---|
| 00300 | CONGRESS St  BRIDGEPORT | | | POLICE HEADQUARTERS | Cleared by Arrest | T015 |

| OFFENSE | LOCAL X-REF CODE | IBR CODE | ATT/COMP | OFFENSE DESCRIPTION |
|---|---|---|---|---|
| All Other Offenses | 90Z | 90Z | Completed | Other/unknown |

STATUS CODE  C=COMPLAINANT  V=VICTIM  A=ARRESTEE  J=JUVENILE  H=OTHER  M=MISSING  W=WITNESS  O=OFFENDER  D=DRIVER  S=SUSPECT  P=POLICE OFFICER  T=TOT

| STATUS | NAME | SEX | RACE | D.O.B. | TELEPHONE | | ADDRESS | OP STATE & NO. |
|---|---|---|---|---|---|---|---|---|
| A | Almeida, Felipe Depaula | M | W | 01/17/1999 | Cel | (203) 948 - 3865 | 1918 Seaview Ave Bridgeport CT | |

| ARRESTEE NAME | CHARGES | | CNTS | COURT DATE | BOND |
|---|---|---|---|---|---|
| Almeida, Felipe Depaula | 51-164r(b)* | FLR RESPOND-PAYABLE VIOLATION | 1 | | $5,000 |

On 3/20/26, I met with Felipe Almeida who agreed to meet me at Bridgeport Police Headquarters to turn himself in upon being advised there was a warrant for his arrest. Once at Police Headquarters, Almeida was searched incident to arrest and escorted to The Bridgeport Police Department's Booking Facility where he was charged with the following:

Failure to Respond to a Violation (51-164r(b))

The Docket Number for this warrant is F02BMV250716749S.

Almeida has a court-set bond of $5,000.00.

This warrant was signed by Judge Charles Stango on 12/22/25.

EOIR — 13 of 16

| THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME. |
|---|

| INVESTIGATOR SIGNATURE: /OFC. FRANCIS J SANTORO/ | INVESTIGATOR I.D.#: 216248 | SIGNED DATE: 03/20/2026 | SUPERVISOR SIGNATURE /SGT. CARLOS M CARMO/ | SUPERVISOR I.D.#: 215214 |
|---|---|---|---|---|

Case 1:26-cv-12207-AK    Document 21    Filed 08/12/26    Page 46 of 202

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2500077056 - 00112494

| CFS NO 2500077056 | DAY 3 | INCIDENT DATE 09/02/2025 09/02/2025 | TIME 08:22 | DATE OF RPT 09/02/2025 | TIME OF RPT 09:14 | TYPE OF INCIDENT MOTOR VEHICLE STOP | | INCIDENT CD MVSTOP | INVESTIGATING OFFICER Patrol Officer ROBERTS, DIALA | BADGE NO 216224 |
|---|---|---|---|---|---|---|---|---|---|---|
| DIVISION Patrol | | DIVISION NO | REFERENCE DIVISION | REFERENCE DIVISION NO | | CASE X-REFERENCE | UNIT ID | | DATE TYPED 09/02/2025 | TIME TYPED 09:14 |
| STREET NO 01002 | STREET NAME AND TYPE LINDLEY St  BRIDGEPORT | | APT NO. | INTERSECTING STREET NAME AND TYPE | | | PREMISES NAME 1002 LINDLEY ST | | STATUS Cleared by Arrest | TOWN CD T015 |

STATUS CODE  C=COMPLAINANT  V=VICTIM  A=ARRESTEE  J=JUVENILE  H=OTHER  M=MISSING  W=WITNESS  O=OFFENDER  D=DRIVER  S=SUSPECT  P=POLICE OFFICER  T=TOT

| STATUS | NAME | SEX | RACE | D.O.B. | TELEPHONE | | ADDRESS | OP STATE & NO. |
|---|---|---|---|---|---|---|---|---|
| A  D | Almeida, Felipe Depaula | M | W | 01/17/1999 | Cel | (203) 948 - 3865 | 1918 Seaview Ave Bridgeport CT | CT |

| ARRESTEE NAME | CHARGES | | CNTS | COURT DATE | BOND |
|---|---|---|---|---|---|
| Almeida, Felipe Depaula | 14-301 | FAILURE TO OBEY STOP SIGN | 1 | 09/16/2025 | $ |
| | 14-36(a) | OPERATE MV WITHOUT LICENSE | 1 | | $ |
| | 14-147a | THEFT OF PLATES/INSERTS | 1 | | $ |
| | 14-213b | ILL OPN MV WO MINIMUM INSURNCE | 1 | | $ |

**Vehicle**

| YEAR | STATE | REGISTRATION | MAKE | MODEL | COLOR | VIN/SERIAL NO. | INSURANCE COMPANY | POLICY NUMBER |
|---|---|---|---|---|---|---|---|---|
| | CT | 1AFWR3 | | | | | | |
| 2011 | CT | 1AFWR3(M) | CHEVY | CRUZE | RED | 1G1PE5S97B7209005 | | |

On said date and time, while patrolling my sector and as I approached the Lindley St. and Fairview Ave., I heard a vehicle traveling at a high rate of speed before observing said vehicle-a red 4 door Chevy Cruze- approach the above mentioned intersection and fail to stop continuing on southbound on Lindley St. with what appeared to be an unstrapped male juvenile in the front seat. Consequently, I activated my lights and sirens as I attempted to conduct a motor vehicle stop; however said vehicle pulled to the right but continued on before completely stopping across the street from 1002 Lindley St. As I approached said vehicle bearing CT misuse

| THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME. |
|---|

| INVESTIGATOR SIGNATURE: /OFC. DIALA ROBERTS/ | INVESTIGATOR I.D.#: 216224 | SIGNED DATE: 09/02/2025 | SUPERVISOR SIGNATURE /SGT. JOHN R GALE/ | SUPERVISOR I.D.#: 31443 |
|---|---|---|---|---|

Page 12 of 14

Uploaded on: 06/10/2026 at 02:53:17 PM (Eastern Daylight Time), Base City: CHE
Page 2 of 3

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2500077056 - 00112494

| CFS NO 2500077056 | DAY 3 | INCIDENT DATE 09/02/2025 09/02/2025 | TIME 08:22 | DATE OF RPT 09/02/2025 | TIME OF RPT 09:14 | TYPE OF INCIDENT MOTOR VEHICLE STOP | | INCIDENT CD MVSTOP | INVESTIGATING OFFICER Patrol Officer ROBERTS, DIALA | BADGE NO 216224 |
|---|---|---|---|---|---|---|---|---|---|---|
| DIVISION Patrol | | DIVISION NO | REFERENCE DIVISION | REFERENCE DIVISION NO | CASE X-REFERENCE | | UNIT ID | | DATE TYPED 09/02/2025 | TIME TYPED 09:14 |
| STREET NO 01002 | STREET NAME AND TYPE LINDLEY St  BRIDGEPORT | | APT NO. | INTERSECTING STREET NAME AND TYPE | | PREMISES NAME 1002 LINDLEY ST | | STATUS Cleared by Arrest | | TOWN CD T015 |

marker plate 1AFWR3 which when I observed that the male juvenile is now sitting in the driver side rear seat still unstrapped. When I inquired from the male operator later identified as Almeida, Felipe as to why he was traveling at a high rate of speed and why he adhere to the stop sign, he simply replied by tapping on his watch stating that he was rushing to drop his child at school on time.

I advised Almeida that I ran his plate which came back as a misuse to a Dodge to which he replied alleging that his wife owns the vehicle. I then requested Almeida's driver's license, registration and proof of insurance to which he replied that he did not possess any of the latter. Almeida was then asked to provide any form of photo identification; at which point he presented a copy of his Brazilian passport. I ran the vin # on the Chevy Cruz which came back with no information found, I then ran Almeida who also came back with no information found which Almeida explained that he does not possess any CT ID or any ID from any state. I contacted dispatch and had them send Midtown who towed Almeida's vehicle to their yard; after which I issued a verbal warning for traveling fast and having his child not seat belted. Lastly, I issued Almeida a misdemeanor summons # ME092990 for the following:

| | |
|---|---|
| 14-147a | Misuse of plates |
| 14-213b | Operating a motor vehicle without minimum insurance |
| 14-36(a) | Operating a motor vehicle without a driver's license |
| 14-301 | Failure to obey a stop sign |

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: /OFC. DIALA ROBERTS/ | INVESTIGATOR I.D.#: 216224 | SIGNED DATE: 09/02/2025 | SUPERVISOR SIGNATURE /SGT. JOHN R GALE/ | SUPERVISOR I.D.#: 31443 |
|---|---|---|---|---|

Page 13 of 14

Uploaded on: 06/10/2026 at 02:53:17 PM (Eastern Daylight Time), Base City: CHE

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2500077056 - 00112494

| CFS NO 2500077056 | DAY 3 | INCIDENT DATE 09/02/2025 09/02/2025 | TIME 08:22 | DATE OF RPT 09/02/2025 | TIME OF RPT 09:14 | TYPE OF INCIDENT MOTOR VEHICLE STOP | | INCIDENT CD MVSTOP | INVESTIGATING OFFICER Patrol Officer ROBERTS,  DIALA | BADGE NO 216224 |
|---|---|---|---|---|---|---|---|---|---|---|
| DIVISION Patrol | | DIVISION NO | REFERENCE DIVISION | REFERENCE DIVISION NO | CASE X-REFERENCE | | UNIT ID | | DATE TYPED 09/02/2025 | TIME TYPED 09:14 |
| STREET NO 01002 | STREET NAME AND TYPE LINDLEY St  BRIDGEPORT | | APT NO. | INTERSECTING STREET NAME AND TYPE | | PREMISES NAME 1002 LINDLEY ST | | STATUS Cleared by Arrest | | TOWN CD T015 |

Court date set for 9/16/2025

Bond: PTA

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: /OFC. DIALA ROBERTS/ | INVESTIGATOR I.D.#: 216224 | SIGNED DATE: 09/02/2025 | SUPERVISOR SIGNATURE /SGT. JOHN R GALE/ | SUPERVISOR I.D.#: 31443 |
|---|---|---|---|---|

Page 14 of 14

3

 

Tribunal de Justiça do Estado de Minas Gerais
VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA
COMARCA DE CORONEL FABRICIANO
e-mail: crf1crim@tjmg.jus.br | telefone: Não informado

**BNMP**3.0
Banco Nacional de Medidas Penais e Prisões

# CONTRAMANDADO

N° do Documento: 0051558-13.2019.8.13.0194.02.0002-14

Nome da Pessoa: **FELIPE DE PAULA ATAIDE ALMEIDA**          CPF: **019.520.926-55**

Nome Social: Não Informado

RJI: 235252812-07

Alcunha: Não Informado

Data de Nascimento: 17/01/1999

Sexo: Masculino

Cor: Não Informada

RG: 15598055 - ssp

Natural de: Coronel Fabriciano - MG

Filiação: ANDREA DE PAULA ATAIDE(mãe) e KENNEDY ATAIDE ALMEIDA(pai)

Marcas e sinais:

**Identificação biométrica**
Não Informado

**Endereços**
**DOIS, 182, SILVIO PEREIRA I, CEP 35.170-000, Coronel Fabriciano - MG**

**Informações Processuais**

Nº do processo: 0051558-13.2019.8.13.0194
Órgão Judicial: VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA COMARCA DE CORONEL FABRICIANO - TJMG
Espécie: Contramandado - Mandado de Prisão
Motivo: Revogação da prisão preventiva

**Mandado(s) Alcançado(s)**

| Nº do Mandado | Data | Órgão do judiciário | Tribunal |
|---|---|---|---|
| 0051558-13.2019.8.13.0194.01.0001-06 | 13/12/2023 | VARA CRIMINAL, DA INFÂNCIA E DA | Tribunal de Justiça do Estado de Minas Gerais |

**Teor do Documento**

O(a) Magistrado(a) subscritor deste contramandado determina a revogação do mandado expedido contra a pessoa acima qualificada, de acordo com as informações e motivos expostos no presente.

**Síntese da Decisão**

"Diante desse contexto, entendo que a manutenção da prisão preventiva não mais se revela necessária nem proporcional, inexistindo elementos concretos que justifiquem a persistência da medida extrema. Dito isso, REVOGO a prisão preventiva decretada em desfavor de FELIPE DE PAULA ATAÍDE ALMEIDA. Expeça-se imediatamente contramandado de prisão."

**Observações**

Não Informado

5

 

Tribunal de Justiça do Estado de Minas Gerais
VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA
COMARCA DE CORONEL FABRICIANO
e-mail: crf1crim@tjmg.jus.br | telefone: Não informado



CONSELHO
NACIONAL
DE JUSTIÇA

BNMP 3.0
Banco Nacional de Medidas
Penais e Prisões

**Lavrado por:**                                                    Coronel Fabriciano, 17 de Junho de 2026.



**Documento assinado digitalmente por KEILA DA SILVA MOREIRA em 17/06/2026 às 13:44hs (Horário Oficial de Brasília: 13:44hs)**
**Para confirmar a autenticidade acesse o QR Code ao lado ou o portal BNMP: https://portalbnmp.cnj.jus.br**



**Documento assinado digitalmente por WAGNER MENDONÇA BOSQUE magistrado em 17/06/2026 às 13:49hs (Horário Oficial de Brasília: 13:49hs)**
**Para confirmar a autenticidade acesse o QR Code ao lado ou o portal BNMP: https://portalbnmp.cnj.jus.br**

EOIR — 17 of 70

## CERTIFIED TRANSLATION

COURT OF JUSTICE OF THE STATE OF MINAS GERAIS CRIMINAL, CHILDREN AND YOUTH COURT OF THE JUDICIAL DISTRICT OF CORONEL FABRICIANO

E-mail: crf1crim@tjmg.jus.br

Telephone: Not Provided

ORDER REVOKING ARREST WARRANT

Document No.: 0051558-13.2019.8.13.0194.02.0002-14

Person Information

Name: FELIPE DE PAULA ATAIDE ALMEIDA

CPF (Brazilian Taxpayer Identification No.): 019.520.926-55

Social Name: Not Provided

Place of Birth: Coronel Fabriciano, State of Minas Gerais, Brazil

RJI: 235252812-07

Alias: Not Provided

Date of Birth: January 17, 1999

Sex: Male

Race/Color: Not Provided

Identity Document (RG): 15.598.055 – SSP

Parents:

Mother: ANDREA DE PAULA ATAIDE

7

Father: KENNEDY ATAIDE ALMEIDA

Distinguishing Marks: None Provided

Biometric Identification: Not Provided

Address

DOIS Street, No. 182, Silvio Pereira I
ZIP Code 35170-000
Coronel Fabriciano, Minas Gerais, Brazil

Case Information

Case No.: 0051558-13.2019.8.13.0194

Judicial Authority: Criminal, Children and Youth Court of the Judicial District of Coronel Fabriciano – Court of Justice of the State of Minas Gerais

Document Type: Order Revoking Arrest Warrant

Reason: Revocation of Preventive Detention

Arrest Warrant Affected

Arrest Warrant No.: 0051558-13.2019.8.13.0194.01.0001-06

Date Issued: December 13, 2023

Issuing Court: Criminal, Children and Youth Court of the Judicial District of Coronel Fabriciano

Court: Court of Justice of the State of Minas Gerais

Text of the Order

8

The undersigned Judge hereby orders the revocation of the arrest warrant previously issued against the above-identified individual, in accordance with the information and reasons set forth herein.

Summary of the Decision

"Under these circumstances, I find that the continued preventive detention is no longer necessary or proportionate, as there are no concrete elements justifying the continuation of such an extraordinary measure. Accordingly, I HEREBY REVOKE the preventive detention previously ordered against FELIPE DE PAULA ATAIDE ALMEIDA. The Order Revoking the Arrest Warrant shall be issued immediately."

Observations

None Provided.

Executed in Coronel Fabriciano, State of Minas Gerais, Brazil, on June 17, 2026.

Digitally signed by KEILA DA SILVA MOREIRA on June 17, 2026, at 1:44 p.m. (Official Brasília Time).

Digitally signed by Judge WAGNER MENDONÇA BOSQUE on June 17, 2026, at 1:49 p.m. (Official Brasília Time).

Authentication of this document may be verified through the QR Code or through the BNMP Portal.

9

**Certificate of Translation Accuracy**

I, Tamires Scherr, certify that I am fluent in both the English and Portuguese languages, and that I am competent to translate from Portuguese into English. I further certify that the attached translation is a complete and accurate translation of the document written in Portuguese.

_____
**Tamires Scherr**
**200 Walnut Street, #1**
**Saugus, MA 01906**
**(617) 758-8598**

**July 2, 2026**
**Date**

10

**CNJ**
CONSELHO
NACIONAL
DE JUSTIÇA

*Página 1 de 1*

# Certidão

## Verificação do cadastro

Informamos que o Contramandado nº: 0051558-13.2019.8.13.0194.02.0002-14

Data de expedição: 17/06/2026

Situação: Ativo

RJI: 23525281207

Nome: FELIPE DE PAULA ATAIDE ALMEIDA

Nome Mãe: ANDREA DE PAULA ATAIDE

Data Nascimento: 17/01/1999

Encontra-se cadastrado em nosso banco de dados

Esta certidão é expedida gratuitamente. Sua autenticidade pode ser confirmada no endereço: https://portalbnmp.cnj.jus.br/ através do número de controle: 0051558-13.2019.8.13.0194.02.0002-14

11

**CERTIFIED TRANSLATION**

NATIONAL COUNCIL OF JUSTICE

CERTIFICATE

Registration Verification

This is to certify that the Order Revoking Arrest Warrant (Contramandado) No. 0051558-13.2019.8.13.0194.02.0002-14

Date Issued: June 17, 2026

Status: Active

RJI: 23525281207

Name: FELIPE DE PAULA ATAIDE ALMEIDA

Mother's Name: ANDREA DE PAULA ATAIDE

Date of Birth: January 17, 1999

is duly registered in our database.

This certificate is issued free of charge.

Its authenticity may be verified through the National Arrest Warrant Database (BNMP) portal at https://portalbnmp.cnj.jus.br/ using Control Number 0051558-13.2019.8.13.0194.02.0002-14.

EOIR — 23 of 70

12

**Certificate of Translation Accuracy**

I, Tamires Scherr, certify that I am fluent in both the English and Portuguese languages, and that I am competent to translate from Portuguese into English. I further certify that the attached translation is a complete and accurate translation of the document written in Portuguese.

_____
**Tamires Scherr**
**200 Walnut Street, #1**
**Saugus, MA 01906**
**(617) 758-8598**

**July 2, 2026**
**Date**

13

4

Jonatas Silva                                                          **DETAINED**
Agape Law PC
200 Walnut Street, #1
Saugus,    MA,    01906
court@agapelawusa.com
(617) 758-8598


## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## CHELMSFORD, MASSACHUSETTS

In the Matter of:
Respondent(s) Name(s):

**DE PAULA ATAIDE ALMEIDA, Felipe**

In Removal Proceedings

**Alien Registration Number:**
**A# 220-281-143**

## BOND DETERMINATION REQUEST

Jonatas Silva                                                    **DETAINED**
Agape Law PC
200 Walnut Street, #1
Saugus,    MA,    01906
court@agapelawusa.com
(617) 758-8598

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

In the Matter of:
Respondent(s) Name(s):

**DE PAULA ATAIDE ALMEIDA, Felipe**

**Alien Registration Number:**
**A# 220-281-143**

In Removal Proceedings

**BOND DETERMINATION REQUEST**

Your Honor,

The respondent has retained Agape Law PC to represent him in his immigration proceedings. **He is a native and citizen of Brazil. He is currently detained by ICE at the Plymouth County Correctional Facility.**

We respectfully request that the Court schedule a Bond Determination Hearing and ask that the respondent be released on his own recognizance or on a reasonable bond, for the following reasons:

The Respondent wishes to demonstrate and establish that he is responsible, trustworthy, and fully committed to resolving his immigration case through the appropriate legal channels. Furthermore, DHS has not set any bond amount to date, which underscores the need for this Court's intervention to establish a fair and appropriate bond.

In addition, new legal interpretations have recently emerged in the case, which must be reviewed by this Court for the proper determination of bond.

In light of these circumstances, we respectfully ask the Court to set a fair and reasonable bond.

Jonatas Siva, Esq.
July 3, 2026.

## <u>CERTIFICATE OF SERVICE</u>

On July 3, 2026, I served a copy of the following records to the Office of Chief Counsel, Department of Homeland Security by ECAS filing.


Jonatas Silva
Agape Law PC
200 Walnut Street, #1
Saugus,    MA,    01906
court@agapelawusa.com
(617) 758-8598

**Jonatas Silva**                                                               **DETAINED**
**Agape Law PC**
**200 Walnut St #1**
**Saugus, MA 01906**
**court@agapelawusa.com**
**(617)758-8598**

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION
## REVIEW IMMIGRATION COURT
## CHELMSFORD, MASSACHUSETTS

In the Matter of:
Respondent(s) Name(s):

**DE PAULA ATAIDE ALMEIDA, Felipe**

**Alien Registration Number:**
**A# 220-281-143**

In Removal Proceedings

Immigration Judge: Nierva, Julian R.          Next Hearing: July 20, 2026 at 08:30 AM.

## RESPONDENT'S SUPPLEMENTAL PRE-HEARING STATEMENT AND EVIDENCE PACKAGE IN SUPPORT OF CUSTODY REDETERMINATION HEARING

**Jonatas Silva**                                                        **DETAINED**
**Agape Law PC**
**200 Walnut St #1**
**Saugus, MA 01906**
**court@agapelawusa.com**
**(617)758-8598**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION**
**REVIEW IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

In the Matter of:
Respondent(s) Name(s):

**DE PAULA ATAIDE ALMEIDA, Felipe**

In Removal Proceedings

**Alien Registration Number:**
**A# 220-281-143**

**RESPONDENT'S SUPPLEMENTAL PRE-HEARING STATEMENT AND EVIDENCE**

**PACKAGE IN SUPPORT OF CUSTODY REDETERMINATION HEARING**

**I. INTRODUCTION**

1.      Respondent, Felipe De Paula Ataide Almeida, through undersigned counsel, respectfully submits this Supplemental Pre-Hearing Brief in support of his renewed request for release on bond pursuant to INA § 236(a).

2.      Under *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021), DHS bears the burden of proving by clear and convincing evidence that Respondent presents a danger to the community and, separately, by a preponderance of the evidence, that he presents a flight risk. This Court must

conduct an individualized determination based on the totality of the circumstances under *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006).

3. On June 11, 2026, this Court denied bond primarily because of an active Brazilian preventive arrest warrant and corresponding INTERPOL Red Notice. On June 17, 2026, only six days later, the Criminal Court of Coronel Fabriciano, State of Minas Gerais, Brazil (the same court that issued the warrant) revoked it in its entirety after concluding that continued preventive detention was no longer necessary, adequate, or proportional under Brazilian law. The court issued the corresponding *contramandado*.

4. This revocation constitutes a material change in circumstances. The U.S. District Court for the District of Massachusetts has already recognized its significance: on July 7, 2026, the Honorable Angel Kelley granted Respondent leave to submit supplemental briefing addressing the legal effect of the revocation.

5. When the record is evaluated based on the facts as they exist today, DHS cannot meet its burden. Respondent does not present a danger to the community or a meaningful risk of flight. His substantial family ties, including a U.S. citizen daughter with documented developmental delays, his compliance with legal proceedings, and his pending asylum claim strongly favor release.

**II. JURISDICTION**

6. This Court has jurisdiction to conduct an individualized custody redetermination under INA § 236(a) pursuant to the June 4, 2026 Order of the U.S. District Court for the District of Massachusetts in *De Paula Ataide Almeida v. Moniz, et al.*, Civil Action No. 1:26-cv-12207-AK (Hon. Angel Kelley).

7.      The District Court expressly determined that Respondent's detention falls under the discretionary provisions of INA § 236(a) and ordered an individualized bond hearing applying the standards of *Hernandez-Lara v. Lyons*.

### III. MATERIAL CHANGE IN CIRCUMSTANCES

8.      The principal basis for the June 11, 2026 denial of bond no longer exists. On June 17, 2026, the issuing Brazilian court revoked the preventive arrest warrant and issued the *contramandado*. This was a substantive judicial determination that preventive detention was no longer justified.

9.      Due process and the individualized analysis required by *Matter of Guerra* and *Hernandez-Lara* require this Court to evaluate Respondent based on current facts, not on circumstances that have been eliminated by the issuing court itself.

10.      Supporting documentation of the Brazilian court's revocation order (Exhibit B) and the July 7, 2026 Electronic Order of the U.S. District Court (Exhibit C) are submitted herewith.

### IV. RESPONDENT DOES NOT PRESENT A DANGER TO THE COMMUNITY

11.      DHS cannot establish by clear and convincing evidence that Respondent presents a danger to the community.

12.      The only significant factor previously supporting a finding of dangerousness, the Brazilian preventive arrest warrant and INTERPOL Red Notice, has been eliminated by the Brazilian court that issued it. Apart from that now-revoked warrant, Respondent has no criminal history in the United States involving violence, controlled substances, firearms, domestic

violence, or any conduct suggesting a threat to public safety. His U.S. record is limited to minor traffic-related offenses.

13.    Since June 2021, Respondent has lived peacefully in Connecticut, supported his family through lawful self-employment in the masonry industry, and has not been arrested for any violent or serious offense.

14.    On the day he was taken into ICE custody, Respondent voluntarily appeared before the Connecticut Traffic Court to resolve pending matters, demonstrating respect for legal process.

15.    The *Matter of Guerra* factors overwhelmingly favor release: substantial family and community ties in Connecticut, stable employment history, and an unblemished institutional record while detained.

16.    DHS has failed to meet its heightened burden under *Hernandez-Lara*. Continued detention cannot be justified on grounds of dangerousness.

**A. The 2018 Brazilian Allegation Does Not Establish Present Dangerousness**

17.    The sole allegation relied upon by DHS is a 2018 Brazilian case involving the delivery of approximately 12 grams of marijuana. At the time of the alleged incident, Respondent was only nineteen years old. Respondent has consistently maintained that he believed the matter had been resolved in his favor years earlier. According to information he received from prior counsel in Brazil, the case had been dismissed or otherwise concluded. Consistent with that understanding, Brazilian Federal Police issued Respondent a passport in the ordinary course, without restriction, and he was able to depart the country. Respondent left Brazil not to evade prosecution, but because he feared for his life and the safety of his family.

18.     Since arriving in the United States in 2021, Respondent has lived quietly, supported his family, and focused exclusively on the care of his children, including his U.S. citizen daughter who has a documented developmental delay. There has been no similar conduct of any kind in the nearly eight years since the alleged incident. Most significantly, on June 17, 2026, the same Brazilian court that issued the preventive arrest warrant revoked it in its entirety, expressly finding that continued preventive detention was no longer necessary, adequate, or proportional. That judicial determination by the court with the fullest knowledge of the underlying facts strongly undercuts any claim that Respondent presently poses a danger to the community.

19.     Under the clear-and-convincing standard required by *Hernandez-Lara*, an eight-year-old allegation involving a minimal quantity of marijuana, made when Respondent was a teenager, followed by the Brazilian court's own recent conclusion that preventive detention is no longer justified, cannot sustain a finding of present dangerousness.

## V. RESPONDENT IS NOT A FLIGHT RISK

20.     DHS cannot establish by a preponderance of the evidence that Respondent presents a flight risk.

21.     Respondent has deep and longstanding ties to Connecticut. He is the father of two children, including a U.S. citizen daughter. He lives with his longtime partner (the mother of his children) and has been the primary financial provider for the household through lawful employment.

22.     Respondent has consistently demonstrated respect for legal authority. He appeared in Traffic Court on the day of his ICE arrest and has never failed to appear for any court proceeding or absconded from supervision.

23.    Respondent has powerful incentives to continue appearing: his liberty, his family, and his pending asylum application all depend on full compliance with these proceedings. He is actively preparing his I-589 application, and his Individual Hearing is already scheduled before this Court.

24.    Every *Matter of Guerra* factor weighs strongly in favor of release.

## VI. RESPONDENT HAS A MEANINGFUL PATH TO LEGALIZATION AND IS NOT LIKELY TO BECOME A PUBLIC CHARGE

25.    Respondent has a significant and realistic path to legalization. He has filed Form I-589, Application for Asylum and for Withholding of Removal (Exhibit J), and his Individual Hearing is already scheduled before this Court. At the time of his entry in 2021, Respondent expressed a fear of return to Brazil. He continues to pursue protection based on that fear. The pendency of a meritorious asylum application, combined with a scheduled Individual Hearing, constitutes a strong positive factor under *Matter of Guerra* and weighs heavily against any finding of flight risk.

26.    In addition, Respondent is not likely to become a public charge. Since arriving in the United States he has supported his family through self-employment in the masonry industry and has served as the primary financial provider for the household. He lives with his longtime partner and their two children, including a U.S. citizen daughter with documented developmental delays who requires ongoing parental support and early intervention services. Respondent's release will allow him to resume his role as provider and caregiver, reducing rather than increasing any potential burden on public resources.

27.     Furthermore, Respondent has a U.S. citizen sponsor who is prepared to assume responsibility for any potential public charges and to ensure Respondent's appearance at all future hearings before this Court or any other court as required. (Exhibit I).

28.     These factors, a pending asylum application with a scheduled Immigration Hearing, strong family ties, Sponsor, a history of self-support, and the absence of any indication that he would rely on public benefits, further demonstrate that continued detention is unnecessary.

## VII.  HUMANITARIAN CONSIDERATIONS – HARDSHIP TO U.S. CITIZEN DAUGHTER

29.     Respondent is the devoted father of Maria Antonia De Paula, a U.S. citizen born on November 6, 2023. Prior to his detention he was actively involved in her daily care and emotional support.

30.     The attached developmental evaluation from Connecticut's Birth to Three System (dated July 13, 2026) confirms that Maria Antonia has a significant developmental delay in communication and has been diagnosed with Developmental Disorder of Speech and Language, Unspecified (ICD-10: F80.9). She has been found eligible for early intervention services.

31.     Since Respondent's detention, the child has experienced persistent episodes of fever associated with emotional distress, repeatedly cries for her father, refuses food on multiple occasions, and has shown noticeable behavioral changes. At just over two years of age, she is in a critical stage of language and emotional development. Prolonged separation deprives her of essential parental presence and support.

32.     While family hardship alone does not determine bond eligibility, these humanitarian factors are relevant to the individualized *Matter of Guerra* analysis and further demonstrate that continued detention serves no legitimate purpose.

## VIII. REQUEST FOR RELIEF

33.     For the foregoing reasons, Respondent respectfully requests that this Court:

A. Find that the June 17, 2026 revocation of the Brazilian preventive arrest warrant constitutes a material change in circumstances warranting a renewed custody determination;

B. Conclude that DHS has failed to establish, by clear and convincing evidence, that Respondent presents a danger to the community;

C. Conclude that DHS has failed to establish, by a preponderance of the evidence, that Respondent presents a flight risk;

D. Order Respondent's release upon a reasonable monetary bond or, alternatively, under such conditions of supervision as the Court deems appropriate; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: July 17, 2026.

Jonatas Silva
Agape Law PC
200 Walnut St #1
Saugus, MA 01906
court@agapelawusa.com
(617)758-8598

**Jonatas Silva**                                                                    **DETAINED**
**Agape Law PC**
**200 Walnut St #1**
**Saugus, MA 01906**
**court@agapelawusa.com**
**(617)758-8598**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION**
**REVIEW IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

In the Matter of:
Respondent(s) Name(s):

**DE PAULA ATAIDE ALMEIDA, Felipe**                    **Alien Registration Number:**
                                                       **A# 220-281-143**

In Removal Proceedings

**LIST OF EXHIBITS**

**Exhibit A** – Order Granting Petition for Writ of Habeas Corpus and Requiring Individualized

Bond Hearing (*De Paula Ataide Almeida v. Moniz, et al.*, D. Mass., June 4, 2026)……..…… 2-3

**Exhibit B** – Order of the Criminal Court of Coronel Fabriciano, Minas Gerais, Brazil, Revoking

the Preventive Arrest Warrant and Issuing the Contramandado (June 17, 2026)...………….. 5-13

**Exhibit C** – Electronic Order of the U.S. District Court for the District of Massachusetts (Hon.

Angel Kelley) dated July 7, 2026, granting leave to submit supplemental briefing regarding the

revocation of the Brazilian warrant……………………………………………………………… 15-17

**Exhibit D** – Birth Certificate of U.S. Citizen Daughter, Maria Antonia De Paula………..…… 19

**Exhibit E** – Birth Certificate of Son, Davi Lucas Almeida De Paula………..…………….. 21-24

**Exhibit F** – Developmental Evaluation and Birth to Three Eligibility Notice for Maria Antonia De Paula (July 13, 2026)……………………………………...………………….... 26-28

**Exhibit G** – School Enrollment Certificate for Davi Lucas Almeida De Paula……………….. 30

**Exhibit H** – Proofs of Residence………………………………...…………………………. 32-34

**Exhibit I** – Sponsor Letter and Copy of Sponsor's Identification…………………..…… 36-37

**Exhibit J** – Respondent's Form I-589, Application for Asylum and Withholding of Removal…………………………………………………………………………. 39-41

**Exhibit K** – Support Letter from Respondent's Son, Davi Lucas Almeida De Paula………….. 43

**Exhibit L** – Support Letter from Respondent's Partner, Amanda Cristina De Paula……..…….. 45

**Exhibit M** – Community Support Letters………………...……………………………… 47-53

**Exhibit N** – Photographs of Respondent with His Family and Demonstrating Employment History………………………………………………………………...………….. 55-58



EOIR — 12 of 70

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:26-cv-12207-AK

| | |
|---|---|
| De Paula Ataide Almeida v. Moniz et al | Date Filed: 05/14/2026 |
| Assigned to: District Judge Angel Kelley | Jury Demand: None |
| Cause: 28:2241 Petition for Writ of Habeas Corpus (federa | Nature of Suit: 463 Habeas Corpus - Alien Detainee |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Felipe De Paula Ataide Almeida**          represented by   **Jonatas Silva**
Agape Law PC
200 Walnut St
Ste 1
Saugus, MA 01906
857-891-3628
Email: jonatas@bragalegal.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Antone Moniz**          represented by   **Erica McMahon**
*Superintendent, Plymouth County Correctional Facility*
DOJ-USAO
1 Courthouse Way
Ste 9200
Boston, MA 02210
617-748-3100
Email: erica.mcmahon@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**Timothy Baptiste**          represented by   **Erica McMahon**
*Supervisory ICE Officer*
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Patricia Hyde**          represented by   **Erica McMahon**
*Field Office Director*
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Michael Krol**          represented by   **Erica McMahon**
*HSI New England Special Agent in Charge*
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Todd Lyons**          represented by   **Erica McMahon**
*Acting Director of ICE*
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Markwayne Mullin**          represented by   **Erica McMahon**
*U.S. Secretary of Homeland Security*
(See above for address)

2

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/14/2026 | 1 | PETITION for Writ of Habeas Corpus (2241) and Emergency MOTION for Stay of Removal Filing fee: $ 5, receipt number AMADC-11745961 Fee status: Filing Fee paid., filed by Felipe De Paula Ataide Almeida. (Attachments: # 1 Civil Cover Sheet Civil Cover, # 2 Category Form Category Form)(Silva, Jonatas) Modified on 5/15/2026 to modify docket text (CEH). (Entered: 05/14/2026) |
| 05/15/2026 | 2 | ELECTRONIC NOTICE of Case Assignment. District Judge Angel Kelley assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge M. Page Kelley. (FGD) (Entered: 05/15/2026) |
| 05/15/2026 | 3 | General Order 19-02, dated June 1, 2019 regarding Public Access to Immigration Cases Restricted by Federal Rule of Civil Procedure 5.2(c). (CEH) (Entered: 05/15/2026) |
| 05/15/2026 | 4 | District Judge Angel Kelley: ORDER entered. Standing order Regarding Motion Practice. (CEH) (Entered: 05/15/2026) |
| 05/15/2026 | 5 | District Judge Angel Kelley: ORDER entered. Order Concerning Service of Petition, Stay of Transfer or Removal, and Required Response.(CEH) (Entered: 05/15/2026) |
| 05/15/2026 | 6 | Copy re 1 Petition for Writ of Habeas Corpus (2241), 5 Service Order - 2241 Petition emailed to AUSA Michael Sady, Rayford Farquhar, and USAMA Civil Process on 5/15/2026 at 9:24 am and mailed to All Respondents (CEH) (Entered: 05/15/2026) |
| 05/19/2026 | 7 | NOTICE of Appearance by Erica McMahon on behalf of Timothy Baptiste, Patricia Hyde, Michael Krol, Todd Lyons, Antone Moniz, Markwayne Mullin (McMahon, Erica) (Entered: 05/19/2026) |
| 05/19/2026 | 8 | MOTION for Extension of Time to May 26, 2026 to File Response/Reply *to Habeas Petition* by Timothy Baptiste, Patricia Hyde, Michael Krol, Todd Lyons, Antone Moniz, Markwayne Mullin.(McMahon, Erica) (Entered: 05/19/2026) |
| 05/20/2026 | 9 | District Judge Angel Kelley: ELECTRONIC ORDER entered **GRANTING** 8 MOTION for Extension of Time to May 26, 2026 to File Response/Reply *to Habeas Petition* (CEH) (Entered: 05/20/2026) |
| 05/26/2026 | 10 | RESPONSE/ANSWER to *Petitioner's* 1 Petition for Writ of Habeas Corpus (2241), by Timothy Baptiste, Patricia Hyde, Michael Krol, Todd Lyons, Antone Moniz, Markwayne Mullin. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(McMahon, Erica) (Entered: 05/26/2026) |
| 05/27/2026 | 11 | APPENDIX/EXHIBIT re 10 Response to Petition for Writ of Habeas Corpus - 2241, *Translation of Charging Document* by Timothy Baptiste, Patricia Hyde, Michael Krol, Todd Lyons, Antone Moniz, Markwayne Mullin. (McMahon, Erica) (Entered: 05/27/2026) |
| 06/04/2026 | 12 | District Judge Angel Kelley: ORDER entered. MEMORANDUM AND ORDER. <br><br> For the foregoing reasons, Petitioner's 1 Petition for a Writ of Habeas Corpus is **GRANTED**. Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten (10) calendar days** of this Order. The Parties are **ORDERED** to file a status report within **fourteen (14) calendar days** of this Order stating whether Petitioner has been granted a bond hearing. <br><br> (CEH) (Entered: 06/04/2026) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/04/2026 14:48:08 | | |
| **PACER Login:** | JonatasSilva | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-12207-AK |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# B

EOIR — 15 of 70

 

Tribunal de Justiça do Estado de Minas Gerais
VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA
COMARCA DE CORONEL FABRICIANO
e-mail: crf1crim@tjmg.jus.br | telefone: Não informado

**BNMP**3.0
Banco Nacional de Medidas
Penais e Prisões

# CONTRAMANDADO

N° do Documento: 0051558-13.2019.8.13.0194.02.0002-14

Nome da Pessoa: **FELIPE DE PAULA ATAIDE ALMEIDA**　　　CPF: **019.520.926-55**

Nome Social: Não Informado

RJI: 235252812-07

Alcunha: Não Informado

Data de Nascimento: 17/01/1999

Sexo: Masculino

Cor: Não Informada

RG: 15598055 - ssp

Natural de: Coronel Fabriciano - MG

Filiação: ANDREA DE PAULA ATAIDE(mãe) e KENNEDY ATAIDE ALMEIDA(pai)

Marcas e sinais:

**Identificação biométrica**
Não Informado

**Endereços**
**DOIS, 182, SILVIO PEREIRA I, CEP 35.170-000, Coronel Fabriciano - MG**

**Informações Processuais**

Nº do processo: 0051558-13.2019.8.13.0194
Órgão Judicial: VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA COMARCA DE CORONEL FABRICIANO - TJMG
Espécie: Contramandado - Mandado de Prisão
Motivo: Revogação da prisão preventiva

**Mandado(s) Alcançado(s)**

| Nº do Mandado | Data | Órgão do judiciário | Tribunal |
|---|---|---|---|
| 0051558-13.2019.8.13.0194.01.0001-06 | 13/12/2023 | VARA CRIMINAL, DA INFÂNCIA E DA | Tribunal de Justiça do Estado de Minas Gerais |

**Teor do Documento**

O(a) Magistrado(a) subscritor deste contramandado determina a revogação do mandado expedido contra a pessoa acima qualificada, de acordo com as informações e motivos expostos no presente.

**Síntese da Decisão**

"Diante desse contexto, entendo que a manutenção da prisão preventiva não mais se revela necessária nem proporcional, inexistindo elementos concretos que justifiquem a persistência da medida extrema. Dito isso, REVOGO a prisão preventiva decretada em desfavor de FELIPE DE PAULA ATAÍDE ALMEIDA. Expeça-se imediatamente contramandado de prisão."

**Observações**

Não Informado

5

 

Tribunal de Justiça do Estado de Minas Gerais
VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA
COMARCA DE CORONEL FABRICIANO
e-mail: crf1crim@tjmg.jus.br | telefone: Não informado



**Lavrado por:**                                           Coronel Fabriciano, 17 de Junho de 2026.

**Documento assinado digitalmente por KEILA DA SILVA MOREIRA em 17/06/2026 às 13:44hs (Horário Oficial de Brasília: 13:44hs)**
**Para confirmar a autenticidade acesse o QR Code ao lado ou o portal BNMP: https://portalbnmp.cnj.jus.br**



**Documento assinado digitalmente por WAGNER MENDONÇA BOSQUE magistrado em 17/06/2026 às 13:49hs (Horário Oficial de Brasília: 13:49hs)**
**Para confirmar a autenticidade acesse o QR Code ao lado ou o portal BNMP: https://portalbnmp.cnj.jus.br**

EOIR — 17 of 70

6

**CERTIFIED TRANSLATION**

COURT OF JUSTICE OF THE STATE OF MINAS GERAIS CRIMINAL, CHILDREN AND YOUTH COURT OF THE JUDICIAL DISTRICT OF CORONEL FABRICIANO

E-mail: crf1crim@tjmg.jus.br

Telephone: Not Provided

ORDER REVOKING ARREST WARRANT

Document No.: 0051558-13.2019.8.13.0194.02.0002-14

Person Information

Name: FELIPE DE PAULA ATAIDE ALMEIDA

CPF (Brazilian Taxpayer Identification No.): 019.520.926-55

Social Name: Not Provided

Place of Birth: Coronel Fabriciano, State of Minas Gerais, Brazil

RJI: 235252812-07

Alias: Not Provided

Date of Birth: January 17, 1999

Sex: Male

Race/Color: Not Provided

Identity Document (RG): 15.598.055 – SSP

Parents:

Mother: ANDREA DE PAULA ATAIDE

7

Father: KENNEDY ATAIDE ALMEIDA

Distinguishing Marks: None Provided

Biometric Identification: Not Provided

Address

DOIS Street, No. 182, Silvio Pereira I
ZIP Code 35170-000
Coronel Fabriciano, Minas Gerais, Brazil

Case Information

Case No.: 0051558-13.2019.8.13.0194

Judicial Authority: Criminal, Children and Youth Court of the Judicial District of Coronel Fabriciano – Court of Justice of the State of Minas Gerais

Document Type: Order Revoking Arrest Warrant

Reason: Revocation of Preventive Detention

Arrest Warrant Affected

Arrest Warrant No.: 0051558-13.2019.8.13.0194.01.0001-06

Date Issued: December 13, 2023

Issuing Court: Criminal, Children and Youth Court of the Judicial District of Coronel Fabriciano

Court: Court of Justice of the State of Minas Gerais

Text of the Order

8

The undersigned Judge hereby orders the revocation of the arrest warrant previously issued against the above-identified individual, in accordance with the information and reasons set forth herein.

Summary of the Decision

"Under these circumstances, I find that the continued preventive detention is no longer necessary or proportionate, as there are no concrete elements justifying the continuation of such an extraordinary measure. Accordingly, I HEREBY REVOKE the preventive detention previously ordered against FELIPE DE PAULA ATAIDE ALMEIDA. The Order Revoking the Arrest Warrant shall be issued immediately."

Observations

None Provided.

Executed in Coronel Fabriciano, State of Minas Gerais, Brazil, on June 17, 2026.

Digitally signed by KEILA DA SILVA MOREIRA on June 17, 2026, at 1:44 p.m. (Official Brasília Time).

Digitally signed by Judge WAGNER MENDONÇA BOSQUE on June 17, 2026, at 1:49 p.m. (Official Brasília Time).

Authentication of this document may be verified through the QR Code or through the BNMP Portal.

EOIR — 20 of 70

## Certificate of Translation Accuracy

I, Tamires Scherr, certify that I am fluent in both the English and Portuguese languages, and that I am competent to translate from Portuguese into English. I further certify that the attached translation is a complete and accurate translation of the document written in Portuguese.


_____

**Tamires Scherr**
**200 Walnut Street, #1**
**Saugus, MA 01906**
**(617) 758-8598**

**July 2, 2026**
**Date** _____

**CONSELHO**
**NACIONAL**
**DE JUSTIÇA**

# Certidão

## Verificação do cadastro

Informamos que o Contramandado nº: 0051558-13.2019.8.13.0194.02.0002-14

Data de expedição: 17/06/2026

Situação: Ativo

RJI: 23525281207

Nome: FELIPE DE PAULA ATAIDE ALMEIDA

Nome Mãe: ANDREA DE PAULA ATAIDE

Data Nascimento: 17/01/1999

Encontra-se cadastrado em nosso banco de dados

Esta certidão é expedida gratuitamente. Sua autenticidade pode ser confirmada no endereço: https://portalbnmp.cnj.jus.br/ através do número de controle: 0051558-13.2019.8.13.0194.02.0002-14

11

**CERTIFIED TRANSLATION**

NATIONAL COUNCIL OF JUSTICE

CERTIFICATE

Registration Verification

This is to certify that the Order Revoking Arrest Warrant (Contramandado) No. 0051558-13.2019.8.13.0194.02.0002-14

Date Issued: June 17, 2026

Status: Active

RJI: 23525281207

Name: FELIPE DE PAULA ATAIDE ALMEIDA

Mother's Name: ANDREA DE PAULA ATAIDE

Date of Birth: January 17, 1999

is duly registered in our database.

This certificate is issued free of charge.

Its authenticity may be verified through the National Arrest Warrant Database (BNMP) portal at https://portalbnmp.cnj.jus.br/ using Control Number 0051558-13.2019.8.13.0194.02.0002-14.

EOIR — 23 of 70

12

**Certificate of Translation Accuracy**

I, Tamires Scherr, certify that I am fluent in both the English and Portuguese languages, and that I am competent to translate from Portuguese into English. I further certify that the attached translation is a complete and accurate translation of the document written in Portuguese.

_____
**Tamires Scherr**
**200 Walnut Street, #1**
**Saugus, MA 01906**
**(617) 758-8598**

**July 2, 2026**
**Date**

13



EOIR — 25 of 70

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:26-cv-12207-AK

| | |
|---|---|
| De Paula Ataide Almeida v. Moniz et al | Date Filed: 05/14/2026 |
| Assigned to: District Judge Angel Kelley | Jury Demand: None |
| Cause: 28:2241 Petition for Writ of Habeas Corpus (federa | Nature of Suit: 463 Habeas Corpus - Alien Detainee |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Felipe De Paula Ataide Almeida**                 represented by **Jonatas Silva**
Agape Law PC
200 Walnut St
Ste 1
Saugus, MA 01906
857-891-3628
Email: jonatas@agapelawusa.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Antone Moniz**                                    represented by **Erica McMahon**
*Superintendent, Plymouth County Correctional*                    DOJ-USAO
*Facility*                                                        1 Courthouse Way
Ste 9200
Boston, MA 02210
617-748-3100
Email: erica.mcmahon@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**Timothy Baptiste**                               represented by **Erica McMahon**
*Supervisory ICE Officer*                                        (See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Patricia Hyde**                                  represented by **Erica McMahon**
*Field Office Director*                                          (See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Michael Krol**                                   represented by **Erica McMahon**
*HSI New England Special Agent in Charge*                        (See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Todd Lyons**                                     represented by **Erica McMahon**
*Acting Director of ICE*                                         (See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Markwayne Mullin**                               represented by **Erica McMahon**
*U.S. Secretary of Homeland Security*                            (See above for address)

15

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/14/2026 | 1 | PETITION for Writ of Habeas Corpus (2241) and Emergency MOTION for Stay of Removal Filing fee: $ 5, receipt number AMADC-11745961 Fee status: Filing Fee paid., filed by Felipe De Paula Ataide Almeida. (Attachments: # 1 Civil Cover Sheet Civil Cover, # 2 Category Form Category Form)(Silva, Jonatas) Modified on 5/15/2026 to modify docket text (CEH). (Entered: 05/14/2026) |
| 05/15/2026 | 2 | ELECTRONIC NOTICE of Case Assignment. District Judge Angel Kelley assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge M. Page Kelley. (FGD) (Entered: 05/15/2026) |
| 05/15/2026 | 3 | General Order 19-02, dated June 1, 2019 regarding Public Access to Immigration Cases Restricted by Federal Rule of Civil Procedure 5.2(c). (CEH) (Entered: 05/15/2026) |
| 05/15/2026 | 4 | District Judge Angel Kelley: ORDER entered. Standing order Regarding Motion Practice. (CEH) (Entered: 05/15/2026) |
| 05/15/2026 | 5 | District Judge Angel Kelley: ORDER entered. Order Concerning Service of Petition, Stay of Transfer or Removal, and Required Response.(CEH) (Entered: 05/15/2026) |
| 05/15/2026 | 6 | Copy re 1 Petition for Writ of Habeas Corpus (2241), 5 Service Order - 2241 Petition emailed to AUSA Michael Sady, Rayford Farquhar, and USAMA Civil Process on 5/15/2026 at 9:24 am and mailed to All Respondents (CEH) (Entered: 05/15/2026) |
| 05/19/2026 | 7 | NOTICE of Appearance by Erica McMahon on behalf of Timothy Baptiste, Patricia Hyde, Michael Krol, Todd Lyons, Antone Moniz, Markwayne Mullin (McMahon, Erica) (Entered: 05/19/2026) |
| 05/19/2026 | 8 | MOTION for Extension of Time to May 26, 2026 to File Response/Reply *to Habeas Petition* by Timothy Baptiste, Patricia Hyde, Michael Krol, Todd Lyons, Antone Moniz, Markwayne Mullin.(McMahon, Erica) (Entered: 05/19/2026) |
| 05/20/2026 | 9 | District Judge Angel Kelley: ELECTRONIC ORDER entered **GRANTING** 8 MOTION for Extension of Time to May 26, 2026 to File Response/Reply *to Habeas Petition* (CEH) (Entered: 05/20/2026) |
| 05/26/2026 | 10 | RESPONSE/ANSWER to *Petitioner's* 1 Petition for Writ of Habeas Corpus (2241), by Timothy Baptiste, Patricia Hyde, Michael Krol, Todd Lyons, Antone Moniz, Markwayne Mullin. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(McMahon, Erica) (Entered: 05/26/2026) |
| 05/27/2026 | 11 | APPENDIX/EXHIBIT re 10 Response to Petition for Writ of Habeas Corpus - 2241, *Translation of Charging Document* by Timothy Baptiste, Patricia Hyde, Michael Krol, Todd Lyons, Antone Moniz, Markwayne Mullin. (McMahon, Erica) (Entered: 05/27/2026) |
| 06/04/2026 | 12 | District Judge Angel Kelley: ORDER entered. MEMORANDUM AND ORDER. For the foregoing reasons, Petitioner's 1 Petition for a Writ of Habeas Corpus is **GRANTED**. Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten (10) calendar days** of this Order. The Parties are **ORDERED** to file a status report within **fourteen (14) calendar days** of this Order stating whether Petitioner has been granted a bond hearing. (CEH) (Entered: 06/04/2026) |
| 06/29/2026 | 13 | District Judge Angel Kelley: ELECTRONIC ORDER entered. The Court issued an Order on June 4, 2026, granting Petitioner's Petition for Writ of Habeas Corpus. [Dkt. 12]. The Order directed the Parties to file a status report within fourteen calendar days informing the Court whether Petitioner has been granted a bond hearing. [Id.]. The deadline of June 18, 2026, has passed without an update as to Petitioner's hearing. The Parties are hereby directed to file an update within **seven (7) days** of the entry of this Order regarding the status of Petitioner's 8 U.S.C. § 1226(a) bond hearing. (CEH) (Entered: 06/29/2026) |

EOIR — 27 of 70

| 06/29/2026 | 14 | STATUS REPORT by Timothy Baptiste, Patricia Hyde, Michael Krol, Todd Lyons, Antone Moniz, Markwayne Mullin. (Attachments: # 1 Exhibit 1)(McMahon, Erica) (Entered: 06/29/2026) |
|---|---|---|
| 06/30/2026 | 15 | District Judge Angel Kelley: ELECTRONIC ORDER entered. On June 4, 2026, this Court **GRANTED** Petitioner's Habeas Petition. [Dkt. 12]. On June 29, 2026, Respondents provided a Status Report indicating that Petitioner had a bond hearing and was denied bond after the Immigration Judge found he presented a danger to the community by clear and convincing evidence, and that no alternatives to detention exist that would ensure the safety of the community. [Dkt. 14]. As a result, absent objection within the next **seven (7)** calendar days, the Court will terminate the suit. (CEH) (Entered: 06/30/2026) |
| 07/02/2026 | 16 | STATUS REPORT by Felipe De Paula Ataide Almeida. (Silva, Jonatas) (Entered: 07/02/2026) |
| 07/07/2026 | 17 | District Judge Angel Kelley: ELECTRONIC ORDER entered.<br><br>On June 4, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus. [Dkt. 12]. On June 29, 2026, Respondents provided a Status Report indicating that Petitioner had a bond hearing on June 11, 2026, and was denied bond after the Immigration Judge found that he presented a danger to the community by clear and convincing evidence. [Dkt. 14]. The Immigration Judge allegedly relied on the existence of an active arrest warrant for Petitioner in Brazil in making her determination. [See Dkt. 16]. On July 2, 2026, Petitioner filed a Status Report representing that on June 17, 2026, the Brazilian court revoked his arrest warrant and concluded that continued preventive detention was no longer necessary. [See id.]. Petitioner contends that this revocation affects the factual predicate supporting the Immigration Judge's bond denial, and requests that the Court direct supplemental briefing in light of these changes. [Id.].<br><br>Petitioner's request is **ALLOWED**. The parties are **DIRECTED** to submit supplemental briefing limited to addressing the impact of the revocation of the Brazilian arrest warrant on Petitioner's custody status. Petitioner shall have **seven (7) days** from the entry of this Order to file a brief. Respondents shall have **seven (7) days** to file a response, if any.<br><br>(CEH) (Entered: 07/07/2026) |

### PACER Service Center

#### Transaction Receipt

07/07/2026 16:24:44

| PACER Login: | JonatasSilva | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:26-cv-12207-AK |
| Billable Pages: | 3 | Cost: | 0.30 |

17



EOIR — 29 of 70

# STATE OF CONNECTICUT
## CERTIFICATION OF VITAL RECORD

# DEPARTMENT OF PUBLIC HEALTH

### CERTIFICATE OF LIVE BIRTH

**SFN: 2023-07-029785**

| Child's Name (first) | (middle) | (last) |
|---|---|---|
| MARIA | ANTONIA | DE PAULA |

| Sex: | Date of Birth: | Time of Birth: | Weight: |
|---|---|---|---|
| FEMALE | NOVEMBER 06, 2023 | 04:26 PM | 6 LBS 15 OUNCES |

| Birthplace: | Town of Birth: | County of Birth: |
|---|---|---|
| ST. VINCENTS MEDICAL CENTER | BRIDGEPORT | FAIRFIELD |

| Parent A Name (first) | (middle) | (last) |
|---|---|---|
| AMANDA | CRISTINA | DE PAULA |

| Parent A Previous Name: (first) | (middle) | (last) |
|---|---|---|
| AMANDA | CRISTINA | DE PAULA |

| Parent A Birth State or Foreign Country: | BRAZIL | Parent A Date of Birth or Age: | MARCH 24, 1998 |
|---|---|---|---|

| Parent A Residence Street: | Town: | State or Foreign Country: | Zip: |
|---|---|---|---|
| 316 CENTER STREET APT 316 | BRIDGEPORT | CONNECTICUT | 06604 |

| Parent B Name (first) | (middle) | (last) |
|---|---|---|
| FELIPE | DE PAULA | ATAIDE ALMEIDA |

| Parent B Birth State or Foreign Country: | BRAZIL | Parent B Date of Birth or Age: | JANUARY 17, 1999 |
|---|---|---|---|

| Certifier's Name: | Title: | Date Certified: |
|---|---|---|
| CYNTHIA ELIS | MD | NOVEMBER 06, 2023 |

| Certifier's Address: | 2800 MAIN STREET, BRIDGEPORT, CONNECTICUT, 06606 |
|---|---|

| Registered By: | | Title |
|---|---|---|
| DR. ELIZABETH RIVERA-RODRIGUEZ | | REGISTRAR |

| Date Registered: | | Place Registered |
|---|---|---|
| NOVEMBER 08, 2023 | | BRIDGEPORT |

*I HEREBY CERTIFY THAT THIS IS A TRUE CERTIFICATE OF LIVE BIRTH ISSUED FROM THE OFFICIAL RECORDS ON FILE*

| Date Issued: | | Place of Issuance: |
|---|---|---|
| JULY 30, 2025 | | BRIDGEPORT |

SIGNATURE OF ISSUING REGISTRAR _Jessica Baldwin_

*This is not a legal document unless displaying a raised seal and a signature of the issuing Registrar*

CONNECTICUT 1788 CHARTER OAK

001812364

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

HE WHO TRANSPLANTED STILL SUSTAINS

19

EOIR — 30 of 70



EOIR — 31 of 70



EOIR — 32 of 70

21

**Atlantis LLC**
1116 Madison Ave
Bridgeport CT 06606
(203) 331-0045

## TRANSLATION



FEDERATIVE REPUBLIC OF BRAZIL
CIVIL REGISTRY OF THE NATIVE PEOPLE
**B I R T H  C E R T I F I C A T E**
Name:

## DAVI LUCAS ALMEIDA DE PAULA

REGISTRATION #
0562910155 2017 1 00147 181 0050211 21

| Print Date of Birth | Day | Month | Year |
|---|---|---|---|
| June twenty-fifth of two thousand and seventeen | 25 | 06 | 2017 |

| Time of Birth | Municipality and State of Birth |
|---|---|
| 4:35 PM | Timoteo-MG |

| Municipality and State of Birth | Place of Birth | Gender |
|---|---|---|
| Timoteo-MG | Hospital and Maternity Vital Brazil | MALE |

**Parents**

FELIPE DE PAULA ATAIDE ALMEIDA
AMANDA CRISTINA DE PAULA

**Grandparents**

KENNEDY ATAIDE ALMEIDA and ANDREA DE PAULA ATAIDE
ADENIL MAXIMIANO DE PAULA and MARIA APARECIDA OLIVEIRA DE PAULA

| Twin | Name and Registration number of the twin(s) |
|---|---|
| No | ********************************** |

| Print date of registration | # Of declaration of live birth |
|---|---|
| June twenty-seventh of two thousand and seventeen | 30598490010 |

**Notes:**

Registered with the Brazilian Fiscal Identification Number 16337696662, pursuant to Brazilian Federal
Revenue Service Normative Instruction Number 1548/15.

EOIR — 33 of 70

22

Civil Registry Office of Native People and of
Interdictions and Guardianship of Timoteo-MG

Oficial: Geraldo Afonso dos Reis Santos

Rua Oito de Novembro, number 11, Store 4 Centro Norte
Timoteo-MG . (31) 3848-2940

JUDICIAL BRANCH- COURT OF JUSTICE OF MINAS GERAIS
Internal affairs of Justice
Registry Office of Native People and of
Interdictions and Guardianship of Timoteo-MG

Digital Seal: BLJ06996 – Security Code: 8296.8086.9470.3342
Quantity of practiced acts: 003
Fees: R$0.00 TFJ:R$0.00 Total:R$0.00 ISS:R$0.35
Check the validity at: https://sellos.tjmg.jus.br

The content of this document is true. I certify it.
Timoteo-MG, June 27, 2017.
(Illegible Signature)
Official Substitute
Ink Stamp: Eliane Lana Alves
Authorized Clerk

**INK STAMP:**
(Illegible Signature)

23

# CERTIFICATE OF TRANSLATION

STATE OF **CONNECTICUT**

COUNTY OF **FAIRFIELD**

Before me, this 26th day of **May** of **2026**, personally appeared **RUTE SANTOS** being duly sworn, hereby deposes and states:

- I am capable of reading and writing both **English** and **Portuguese**.
- I am competent to translate from **Portuguese** into **English** and vice versa.
- I have made a **WRITTEN** translation of the attached document, **Birth Certificate (1 page)**, from **Portuguese** into **English**, and certify that the translation is complete and accurate version of the original document.

Signature of the Translator



**RUTE SANTOS**

1116 MADISON AVE, BRIDGEPORT CT 06606
(203) 331-0045
(Printed Name and Address of Translator)

Sworn before me this **26th** day of **May** of **2026**, by **RUTE SANTOS** .

SANDRA TEIXEIRA
Notary Public, State of Connecticut
My Commission Expires January 31, 2028

Signature of Notary Public

Notary Public, State of **CONNECTICUT**
**SANDRA TEIXEIRA**
**Printed Name of Notary Public**

☒ Personally Known
☐ Identity proven on the oath _____
Name of credible Witness

☐ Identity proven on the basis of _____
Description of Identity card or other document

24

EOIR – 35 of 70



EOIR — 36 of 70



**BENCHMARK**
HUMAN SERVICES

## Notice Of Eligibility For Birth to Three Services and Evaluation Visit Note

| Child's Last Name: De Paula | Child's First Name: Maria | DOB: 11/06/2023 | B23#: 430464 |
|---|---|---|---|
| Start: 04:00 PM | End: 04:30 PM | | |
| Birth to Three Eligibility Evaluation | | | Date: 07/13/2026 |
| Service Codes:8012: SLP Evaluation (Home)    Other Service Location: | | | |
| CT Birth To Three Demographic Data Collection: The Following information is required for the sate data system. | | | |
| Race: White  If the family identifies as more than one race, check the additional options below. | | | |

| ☑ White | ☐ Black | ☐ Asian |
|---|---|---|
| ☐ Hawaiian/Pacific Islander | | ☐ American Indian/Alaskan Native |

**Does the family identify as Hispanic?** No

### Evaluation Results

In Connecticut, eligibility for Birth to Three services is determined by one of the criteria listed below:

☑          Your child was found **eligible** for birth to three services based on the following criteria:

☑A significant developmental delay -2.00 Standard Deviations in at least one domain     **ICD-10 Code:  F80.9 – Developmental** in one or more of these areas     **Disorder of Speech and Language, Unspecified**

☐Cognitive Skills (learning, problem solving and remembering)
☑Communication Skills (talking, understanding, and using gestures)
☐Social/Emotional Skills (expressing emotions and forming relationships)
☐Motor Skills (moving, active play, and coordinating hand/eye movements)
☐Adaptive Skills (self-help development, such as feeding and dressing)

☐-2 SD in Expressive Communication only with the following state recognized biological risk factor:

☐ State-recognized confirmed medical condition that poses high risk of delay:

☐Your child was found **eligible** for birth to three services based on **clinical opinion of a delay (ICD R62.50)**.

☐          **Additional Testing** is required to determine eligibility:

☐          Your child was found to be **not eligible** at this time. You can monitor your child's development by enrolling in *Ages and Stages*, Connecticut's free developmental monitoring program. If you continue to have concerns with your child's development in the future, you can re-refer for another evaluation in one month. Birth to Three referrals and *Ages and Stages* can be accessed by calling Child Development Infoline at (800) 505-7000, 211, or on the web: https://cdi.211ct.org

**Next Steps:**

N/a

Strategies to work on at home:

Model clear words at face level during daily routines

CTBirth23 Form 1-6 (Revised 7/1/13)

EOIR — 37 of 70

26

A copy of your child's evaluation report will be sent to your home. If you have any questions, please do not hesitate to call us at this number **(203) 297 – 6261**.

**I (Parent/Guardian) certify that my evaluation team has reviewed the contents of this *Notice of Eligibility* with me.**

| Parent/Caregiver Name: | Amanda Cristina DePaula |
|---|---|
| **Parent/Caregiver Signature:** | Amanda Cristina DePaula, Mon. Jul 13, 2026 at 4:47PM EDT<br>Attestation statement: I hereby attest that I have individually reviewed the listed items and confirm they are true and correct. |
| **Remote Service/Signature Unavailable:** | ☐ |
| **Provider Name:** Shaniece Palmer MS, CCC-SLP | Shaniece Palmer, MS, CCC-SLP, Mon. Jul 13, 2026 at 4:47PM EDT<br>Attestation statement: I hereby attest that I have individually reviewed the listed items and confirm they are true and correct. |
| **Supervisor Signature** | |

CTBirth23 Form 1-6 (Revised 7/1/13)

EOIR – 38 of 70

27

## Prior Written Notice

Parents Name: Amanda Cristina De Paula ; FelipeDe Paula

Address:    64 Clark Street
            Bridgeport CT 06606 ;

Dear  Amanda Cristina De Paula; FelipeDe Paula                    Date: 07/13/2026

**Connecticut Birth to Three System**

Benchmark Infant and Toddler Program is proposing the following for: Maria De Paula

| ↓ | Check all the appropriate box(es) |
|---|---|
| ☐ | We will complete an evaluation / assessment with you as a team member. |
| ☑ | Your child is eligible for Birth to Three, and we need to meet with you to ☑ develop your child's initial Individual Family Service Plan (IFSP), ☐ review or revise your IFSP, or ☐ complete the annual meeting to evaluate your IFSP.(*check only one*) |
| ☐ | Your child is not eligible for Birth to Three. |
| ☐ | A transition planning conference is being convened with your approval where we will discuss the transition plan that is part of your IFSP and as a result we may revise the IFSP. |
| ☐ | The services as listed on your current IFSP will not begin until (see reason below) |
| ☐ | Your child does not need an assessment at this time. (see reason below) |
| ☐ | Your child is being exited from the Connecticut Birth to Three System. (see reason below) |
| ☐ | Other: |

If applicable the **Location** for this is: TBD

**On this date**:  _                              **At this time**:    _

As required below, these are the reasons for the decision including a description of information used (such as evaluation/assessment results, reports, records, child progress, or informed clinical opinion):

Federal law and regulations require that you receive this written notice early enough before an evaluation or meeting so that you can participate.  Also if the state or a service provider proposes, or refuses, to start or change the eligibility of your child for the Connecticut Birth to Three System or the services your child and family receive you have the right to prior written notice. In addition, parents have the right to:

1. refuse consent and, if consent is given, it may be revoked at any time.
2. review and obtain copies of all records used.
3. be fully informed of all evaluation/assessment results in their native language.
4. disagree with the results of this evaluation or assessment or IFSP and may file a formal complaint or request mediation or a hearing.

If the time or place listed above is not convenient for you please call  (203) 810-9881

Sincerely,

_____

Shaniece Palmer                              MS, CCC-SLP
Name                                         Title

CTBirth23 Form 1-6 (Revised 7/1/13)

EOIR — 39 of 70

28

G

EOIR — 40 of 70



# Read School

130 Ezra St
Bridgeport, CT 06606-5061
(203) 275-4710

Sarhanna Smith, Principal
ssmith@bridgeportedu.net

Lisa Anderson-Andrews, Asst. Principal
landersonadrews@bridgeportedu.net

Almeida De Paula, Davi Lucas
Grade: 3
No.: 10060812

May 26, 2026

To whom it may concern:

Davi Lucas Almeida De Paula (dob: 06/25/2017), is currently enrolled in classes at Read School for the 2025-2026 Academic school year.

The student resides with Amanda De Paula, Mother
Felipe Almeida, Father
at 1916 Seaview Ave, 2nd, Bridgeport, CT 06610.

If you have any further questions, please feel free to contact the office at (203) 275-4710.

Sincerely,

Read School Administration

*P-Clerical*

READ SCHOOL
130 Ezra Street
Bridgeport, CT 06606



EOIR — 42 of 70

32



EOIR — 43 of 70

EOIR — 44 of 70



34

EOIR — 45 of 70

EOIR — 46 of 70

Yubelky Reyes

260 N state st. Ansonia, CT, 06401

**Re: Letter in Support of Bond Request for Felipe De Paula Ataíde Almeida (A# xxxxxxxx)**

Date: May 20, 2026

Honorable Immigration Judge,

My name is Yubelky Reyes, and I am a United States citizen residing in Ansonia, Connecticut. I am writing this letter in strong support of Mr. Felipe De Paula Ataíde Almeida and respectfully request that he be considered for release on bond.

I have personally known Mr. Felipe De Paula since December 2020. Throughout these time, I have consistently observed him to be a man of integrity, strong moral character, and unwavering dedication to his family and to his work.

Professionally, Felipe De Paula has experience working in the construction. He is known in our community as a reliable, honest, and hardworking individual. He has never been involved in any criminal conduct and poses absolutely no threat to public safety. On the contrary, he is a positive presence in our community and a role model for responsibility and work ethic.

Additionally, Felipe De Paula has never tried to avoid immigration proceedings and has always shown respect for the rule of law.

Should the Court grant his release, I am fully willing and able to serve as his sponsor. I will provide assist in complying with all court appearances and immigration requirements. I am confident that Felipe De Paula will attend every hearing and fully cooperate with the legal process.

He is not a flight risk, nor is he a danger to the community. He has a stable living arrangement, a history of steady employment, and a clear record of lawful conduct and community involvement.

For all these reasons, I respectfully urge Your Honor to consider releasing Mr. Felipe De Paula on bond. Please feel free to contact me should you require any further information.

Sincerely,

Yubelky Reyes

05/20/2026

EOIR — 47 of 70

36



SIGNATURE OF BEARER / SIGNATURE DU TITULAIRE / FIRMA DEL TITULAR

**PASSPORT**
**PASSEPORT**
**PASAPORTE**




# UNITED STATES OF AMERICA

| Type / Type / Tipo | Code / Code / Código | Passport No / No. du Passeport / No. de Pasaporte |
|---|---|---|
| P | USA | 669738452 |

Surname / Nom / Apellidos
**REYES TAVERAS**

Given Names / Prénoms / Nombres
**YUBELKY**

Nationality / Nationalité / Nacionalidad
**UNITED STATES OF AMERICA**

Date of birth / Date de naissance / Fecha de nacimiento
**13 Dec 1970**

Place of birth / Lieu de naissance / Lugar de nacimiento
**DOMINICAN REPUBLIC**

Date of issue / Date de délivrance / Fecha de expedición
**23 Sep 2021**

Date of expiration / Date d'expiration / Fecha de caducidad
**22 Sep 2031**

Endorsements / Mentions Spéciales / Anotaciones
**SEE PAGE 27**

Sex / Sexe / Sexo
**F**

Authority / Autorité / Autoridad
**United States Department of State**

**USA**

P<USAREYES<TAVERAS<<YUBELKY<<<<<<<<<<<<<<<<<<<
6697384520USA7012130F3109225751655111<504850

37

J

EOIR — 49 of 70

# Application for Asylum and for Withholding of Removal

**Department of Homeland Security**

U.S. Citizenship and Immigration Services

**USCIS**
**Form I-589**
OMB No. 1615-0067
Expires 09/30/2027

**START HERE - Type or print in black ink. See the instructions for information about eligibility and how to complete and file this application. There is no filing fee for this application.**

**NOTE:** ☒ Check this box if you also want to apply for withholding of removal under the Convention Against Torture.

## Part A.I. Information About You

| | | |
|---|---|---|
| **1.** Alien Registration Number(s) (A-Number) (*if any*)<br>220281143 | **2.** U.S. Social Security Number (*if any*)<br>N/A | **3.** USCIS Online Account Number (*if any*)<br>N/A |

| | | |
|---|---|---|
| **4.** Complete Last Name<br>De Paula Ataide Almeida | **5.** First Name<br>Felipe | **6.** Middle Name<br>N/A |

**7.** What other names have you used (*include maiden name and aliases*)?
N/A

**8.** Residence in the U.S. (*where you physically reside*)

| | |
|---|---|
| Street Number and Name<br>1918 Seaview Ave | Apt. Number<br>N/A |

| City | State | Zip Code | Telephone Number |
|---|---|---|---|
| Bridgeport | Connecticut | 06610 | ( 203 ) 948-3868 |

(**NOTE:** *You must be residing in the United States to submit this form.*)

**9.** Mailing Address in the U.S. (*if different than the address in Item Number 8*)

| | |
|---|---|
| In Care Of (*if applicable*):<br>Agape Law PC | Telephone Number<br>( 617 ) 7588598 |

| | |
|---|---|
| Street Number and Name<br>200 Walnut Street | Apt. Number<br>Suite 1 |

| City | State | Zip Code |
|---|---|---|
| Saugus | Massachusetts | 01906 |

| | |
|---|---|
| **10.** Sex ☒ Male ☐ Female | **11.** Marital Status: ☒ Single ☐ Married ☐ Divorced ☐ Widowed |

| | |
|---|---|
| **12.** Date of Birth (*mm/dd/yyyy*)<br>01/17/1999 | **13.** City and Country of Birth<br>Coronel Fabriciano          Brazil |

| **14.** Present Nationality (*Citizenship*)<br>Brazilian | **15.** Nationality at Birth<br>Brazilian | **16.** Race, Ethnic, or Tribal Group<br>Latino | **17.** Religion<br>None |
|---|---|---|---|

**18.** *Check the box, a through c, that applies:* **a.** ☐ I have never been in Immigration Court proceedings.

**b.** ☒ I am now in Immigration Court proceedings. **c.** ☐ I am **not** now in Immigration Court proceedings, but I have been in the past.

**19.** *Complete 19 a through c.*

**a.** When did you last leave your country? (*mm/dd/yyyy*) 06/11/2021    **b.** What is your current I-94 Number, if any? N/A

**c.** List each entry into the U.S. beginning with your most recent entry. *List date (mm/dd/yyyy), place, and your status for each entry. (Attach additional sheets as needed.)*

| Date | Place | Status | Date Status Expires |
|---|---|---|---|
| 06/11/2021 | San Luiz, AZ | N/A | N/A |
| N/A | N/A | N/A | |
| N/A | N/A | N/A | |

| **20.** What country issued your last passport or travel document?<br>Brazil | **21.** Passport Number YE451722<br>Travel Document Number N/A | **22.** Expiration Date (*mm/dd/yyyy*)<br>06/07/2026 |
|---|---|---|

| **23.** What is your native language (*include dialect, if applicable*)?<br>Brazilian Portuguese | **24.** Are you fluent in English?<br>☐ Yes ☒ No | **25.** What other languages do you speak fluently?<br>None |
|---|---|---|

Case 1:26-cv-12207-AK    Document 21    Filed 08/12/26

## Part A.II. Information About Your Spouse and Children

| For EOIR use only. | For USCIS use only. | Action:<br>Interview Date: _____<br>Asylum Officer ID No.: _____ | Decision:<br>Approval Date: _____<br>Denial Date: _____<br>Referral Date: _____ |
|---|---|---|---|

**Your spouse**    [X] I am not married. (Skip to **Your Children** below.)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Date of Birth *(mm/dd/yyyy)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Other names used *(include maiden name and aliases)* |
| **9.** Date of Marriage *(mm/dd/yyyy)* | **10.** Place of Marriage | | **11.** City and Country of Birth |
| **12.** Nationality *(Citizenship)* | **13.** Race, Ethnic, or Tribal Group | | **14.** Sex  [ ] Male  [ ] Female |

**15.** Is this person in the U.S.?

[ ] Yes *(Complete Blocks 16 to 24.)*    [ ] No *(Specify location)*: _____

| 16. Place of last entry into the U.S. | 17. Date of last entry into the U.S. *(mm/dd/yyyy)* | 18. I-94 Number *(if any)* | 19. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 20. What is your spouse's current status? | 21. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 22. Is your spouse in Immigration Court proceedings?  [ ] Yes  [ ] No | 23. If previously in the U.S., date of previous arrival *(mm/dd/yyyy)* |

**24.** If in the U.S., is your spouse to be included in this application? *(Check the appropriate box.)*

[ ] Yes

[ ] No

**Your Children.** List **all** of your children, regardless of age, location, or marital status.

[ ] I do not have any children. *(Skip to Part A.III., Information about your background.)*

[X] I have children.    Total number of children: 2 _____.

(**NOTE:** *Use Form I-589 Supplement A or attach additional sheets of paper and documentation if you have more than four children.*)

| 1. Alien Registration Number (A-Number) *(if any)*<br>Unknown | 2. Passport/ID Card Number *(if any)*<br>Unknown | 3. Marital Status *(Married, Single, Divorced, Widowed)*<br>Single | 4. U.S. Social Security Number *(if any)*<br>N/A |
|---|---|---|---|
| **5.** Complete Last Name<br>Almeida De Paula | **6.** First Name<br>Davi Lucas | **7.** Middle Name<br>N/A | **8.** Date of Birth *(mm/dd/yyyy)*<br>06/25/2017 |
| **9.** City and Country of Birth<br>Timoteo          Brazil | **10.** Nationality *(Citizenship)*<br>Brazilian | **11.** Race, Ethnic, or Tribal Group<br>Latino | **12.** Sex<br>[X] Male  [ ] Female |

**13.** Is this child in the U.S. ?    [X] Yes *(Complete Blocks 14 to 21.)*    [ ] No *(Specify location)*: _____

| 14. Place of last entry into the U.S.<br>San Luis, AZ | 15. Date of last entry into the U.S. *(mm/dd/yyyy)*<br>06/11/2021 | 16. I-94 Number *(If any)*<br>N/A | 17. Status when last admitted *(Visa type, if any)*<br>EWI |
|---|---|---|---|
| 18. What is your child's current status?<br>No Status | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)*<br>N/A | 20. Is your child in Immigration Court proceedings?  [ ] Yes  [X] No | |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

[X] Yes

[ ] No

EOIR — 51o6f170

## Part A.II. Information About Your Spouse and Children (continued)

| **1.** Alien Registration Number (A-Number) *(if any)* | **2.** Passport/ID Card Number *(if any)* | **3.** Marital Status *(Married, Single, Divorced, Widowed)* | **4.** U.S. Social Security Number *(if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| De Paula | Maria | Antonia | 11/06/2023 |

| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Sex |
|---|---|---|---|
| Bridgeport        United States | American | Latino | ☐ Male   ☒ Female |

**13.** Is this child in the U.S. ?  ☒ Yes *(Complete Blocks 14 to 21.)*  ☐ No *(Specify location)*: _____

| **14.** Place of last entry into the U.S. | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* | **16.** I-94 Number *(If any)* | **17.** Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| **18.** What is your child's current status? | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **20.** Is your child in Immigration Court proceedings? |
|---|---|---|
| U.S Citizen | N/A | ☐ Yes   ☒ No |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes

☒ No

| **1.** Alien Registration Number (A-Number) *(if any)* | **2.** Passport/ID Card Number *(if any)* | **3.** Marital Status *(Married, Single, Divorced, Widowed)* | **4.** U.S. Social Security Number *(if any)* |
|---|---|---|---|
| | | | |

| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| | | | |

| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Sex |
|---|---|---|---|
| | | | ☐ Male   ☐ Female |

**13.** Is this child in the U.S. ?  ☐ Yes *(Complete Blocks 14 to 21.)*  ☐ No *(Specify location)*: _____

| **14.** Place of last entry into the U.S. | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* | **16.** I-94 Number *(If any)* | **17.** Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| | | | |

| **18.** What is your child's current status? | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **20.** Is your child in Immigration Court proceedings? |
|---|---|---|
| | | ☐ Yes   ☐ No |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes

☐ No

| **1.** Alien Registration Number (A-Number) *(if any)* | **2.** Passport/ID Card Number *(if any)* | **3.** Marital Status *(Married, Single, Divorced, Widowed)* | **4.** U.S. Social Security Number *(if any)* |
|---|---|---|---|
| | | | |

| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| | | | |

| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Sex |
|---|---|---|---|
| | | | ☐ Male   ☐ Female |

**13.** Is this child in the U.S. ?  ☐ Yes *(Complete Blocks 14 to 21.)*  ☐ No *(Specify location)*: _____

| **14.** Place of last entry into the U.S. | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* | **16.** I-94 Number *(If any)* | **17.** Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| | | | |

| **18.** What is your child's current status? | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **20.** Is your child in Immigration Court proceedings? |
|---|---|---|
| | | ☐ Yes   ☐ No |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes

☐ No

EOIR — 52o6f170



EOIR — 53 of 70

Hi dad i miss you so much and i need you. beicos it's not only me it's the hole. famaly and maria me the famaly and. with two kids it's hotese to fead the. famaly. the hole famaly loves you we miss you necks mou this my drith day hope you are. ther you are the best dad ever. ♡

♡ Dad.



EOIR — 55 of 70

Amanda Cristina de Paula

1918 Seaview Ave

Bridgeport, CT 06610

Phone Number: (203) 948 3868

05/18/2026

To Whom It May Concern,

My name is Amanda Cristina de Paula, and I am writing this letter in support of Felipe de Paula Ataide Almeida who is currently detained by ICE and awaiting a bond hearing. I have known Felipe for 11 years, he is my boyfriend, and we have two kids, Davi Lucas of 9 years old, and Maria Antonia de Paula of 2 Years old, and throughout this time, he has always demonstrated himself to be a responsible, respectful, and trustworthy boyfriend and father. Felipe has strong ties to our community. He has close friends and a reliable support network committed to helping him comply with all obligations required by the Immigration Court. If he is released on bond, we are prepared to assist him with transportation to his hearings and ensure that he remains in full compliance with ICE supervision and all court requirements. Felipe is not a flight risk. He understands the importance of attending every hearing and following all legal procedures. He is determined to resolve his immigration case properly and comply with all requirements placed upon him. Felip's release would also allow him to address important personal and legal matters that cannot be adequately handled while he is detained. For these reasons, I respectfully ask the Court to consider granting Felipe a reasonable bond so that he may continue his case outside of detention.

Please feel free to contact me if any additional information is needed.

Sincerely,

Please feel free to contact me if any additional information is needed.

*Amanda Cristina de Paula.*

Sincerely,

Amanda Cristina de Paula

45

Uploaded on: 07/16/2026 at 11:40:31 PM (Eastern Daylight Time) Base City: CHE

M

EOIR — 57 of 70

# CHARACTER REFERENCE LETTER FOR IMMIGRATION

Ana Grimaldi
21 Rockridge road
Newtown Ct 06470
05/17/2026

U.S. Citizenship and Immigration Services
Subject: Character Reference Letter for Felipe de Paula Ataide Almeida

To Whom It May Concern,

I am writing this letter to provide a character reference for Felipe de Paula Ataide Almeida, who is seeking immigration relief in the United States. My name is Ana Grimaldi and I have known for Felipe de Paula Ataide Almeida for 3 years years in my capacity as a friend.

Throughout the time I have known Felipe de Paula Ataide Almeida I have found them to be an upstanding and responsible individual who contributes positively to their community. They have demonstrated strong moral character, integrity, and a deep commitment to their family, work, and social responsibilities. Felipe de Paula Ataide Almeida, has consistently shown kindness, compassion, and respect for others. I do not believe Felipe to be a flight risk.

I genuinely believe that Felipe de Paula Ataide Almeida would be a valuable asset to the United States and should be granted the opportunity to continue their journey here. Please do not hesitate to contact me at (203) 829-0365 or anaclarapmb@gmail.com should you require any further information.

Sincerely,

Ana Grimaldi

1

EOIR — 58 of 70

47

48



EOIR — 59 of 70

48

**Letter of Support**
Topacio Gomez
260 N State St
Ansonia, CT 06401
718-696-9712
Tgr081503@gmail.com

 05/17/2026

**To Whom It May Concern,**

My name is Topacio Gomez, and I am writing this letter in support of Felipe De Paula, who is currently detained by ICE and awaiting a bond hearing. I have known Felipe for 4 years. Felipe is the son of one of my good friends, and during this time, he has always shown himself to be a responsible, respectful, and trustworthy person.

Felipe has strong ties to our community. He has close friends and a support network committed to helping him comply with all obligations required by the Immigration Court. If he is released on bond, we are prepared to assist him with transportation to his hearings and ensure that he fully complies with the requirements established by ICE and the Court.

Felipe does not pose a flight risk. He understands the importance of attending all hearings and following the corresponding legal procedures. He is determined to resolve his immigration case properly and to comply with all obligations imposed on him.

Felipe's release would also allow him to address important personal and legal matters that cannot be properly resolved while he remains detained.

For these reasons, I respectfully request that the Court consider granting a reasonable bond so that Felipe may continue his process while free. I remain available to provide any additional information that may be necessary.

**Sincerely,**
Topacio Gomez

5/17/26

49



EOIR — 61 of 70

50

Letter of Support
Eduardo Oliveira
Fairfield, CT
05/13/2026
To Whom It May Concern,
My name is Eduardo Oliveira and I am writing this letter in support of Felipe De Paula, who is currently detained by ICE and awaiting a bond hearing. I have known Felipe for several years. He is the son of a very good friend of mine, and throughout this time I have always seen him as a responsible, respectful, and hardworking young man.
Felipe has strong roots in our community here in Connecticut. He has a solid group of friends and family who are ready to support him. If released on bond, we will make sure he attends all his immigration hearings and follows every requirement from the Court and ICE.
Felipe is not a flight risk. He is fully aware of his legal obligations and is committed to resolving his immigration case the right way. Being released would also allow him to take care of important personal and family matters that are difficult to handle while detained.
I respectfully ask the Court to grant him a reasonable bond so he can continue his case while living in the community. I am available to provide any additional information if needed.
Sincerely,
Eduardo Oliveira



Jeffrey Glen Kaufman

145 Bunnyview Dr

Stratford, CT 06614

E-mail: splashdowntours@yahoo.com

Phone Number: 860 23 53147

05/18/2026

To Whom It May Concern,

My name is Jeffrey Glen Kaufman, and I am writing this letter in support of Felipe de Paula Ataide Almeida, who is currently detained by ICE and awaiting a bond hearing. I have known Felipe for 5 years, and throughout this time, he has always demonstrated himself to be a responsible, respectful, and trustworthy individual. Felipe has strong ties to our community. He has close friends and a reliable support network committed to helping him comply with all obligations required by the Immigration Court. If he is released on bond, we are prepared to assist him with transportation to his hearings and ensure that he remains in full compliance with ICE supervision and all court requirements. Felipe is not a flight risk. He understands the importance of attending every hearing and following all legal procedures. He is determined to resolve his immigration case properly and comply with all requirements placed upon him. Felipe's release would also allow him to address important personal and legal matters that cannot be adequately handled while he is detained. For these reasons, I respectfully ask the Court to consider granting Victor a reasonable bond so that he may continue his case outside of detention.

Please feel free to contact me if any additional information is needed.

Sincerely,

Jeffrey Glen Kaufman

EOIR – 63 of 70



EOIR — 64 of 70

53

N

EOIR — 65 of 70

EOIR — 66 of 70



55



EOIR — 67 of 70

56





58

EOIR — 68 of 70



EOIR — 69 of 70

**Jonatas Silva**                                                    **DETAINED**
**Agape Law PC**
**200 Walnut St #1**
**Saugus, MA 01906**
**court@agapelawusa.com**
**(617)758-8598**

### UNITED STATES DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE FOR IMMIGRATION
### REVIEW IMMIGRATION COURT
### CHELMSFORD, MASSACHUSETTS

In the Matter of:
Respondent(s) Name(s):

**DE PAULA ATAIDE ALMEIDA, Felipe**

**Alien Registration Number:**
**A# 220-281-143**

In Removal Proceedings

## CERTIFICATE OF SERVICE

On July 18, 2026, I served a copy of the following records to the Office of Chief Counsel,

Department of Homeland Security by ECAS filing.

Jonatas Silva
Agape Law PC
200 Walnut Street, #1
Saugus, MA 01906
court@agapelawusa.com
(617) 758-8598

5

```
                        IMMIGRATION COURT
                 150 APOLLO DRIVE, SUITE 100
                    CHELMSFORD, MA  01824
```

Agape Law PC
Silva, Jonatas Martins
200 Walnut Street
Ste 1
Saugus, MA  01906


FILE: A220-281-143

RE:   DE PAULA ATAIDE ALMEIDA, FELIPE


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Jul 27, 2026 AT 1:00 P.M. AT THE FOLLOWING ADDRESS:

```
                 150 APOLLO DRIVE, STE. 100
                    CHELMSFORD, MA  01824
```

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


_____
                      CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL [M]  PERSONAL SERVICE [P]  ELECTRONIC SERVICE [E]
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ e] ALIEN's ATT/REP  [e ] DHS
DATE: __7/24/26_____  BY:  COURT STAFF ____me_____
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____


                                                                    U7

6

Ronald Seely                                                    DETAINED
Chief Counsel
Justine Bavaro
Deputy Chief Counsel
Donald Ostrom
Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
JFK Federal Building
15 New Sudbury Street, Room 320
Boston, MA 02203

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CHELMSFORD IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

| | |
|---|---|
| In the Matter of:<br><br>**DE PAULA ATAIDE ALMEIDA,**<br>**FELIPE**<br><br>In Removal Proceedings | File No.    220281143 |

Immigration Judge: Dubuc                          Next Hearing: 10 JUNE

**U.S. DEPARTMENT OF HOMELAND SECURITY**
**EVIDENCE SUBMISSION**

| | | |
|---|---|---|
| 1. | Interpol Red Notice, Charging Document and Warrant<br>*Charge: Drug Trafficking* | 1-6 |
| 2. | Translation Certificate | 7 |
| 3. | English Translation of Charging Document and Warrant | 8-10 |
| 4. | Bridgeport Police Case/Incident Report 3/20/2026<br>*Warrant Service* | 11 |
| 5. | Bridgeport Police Case/Incident Report 9/2/2025<br>*Failure to Stop, Operate w/out License, Theft of Plates* | 12-14 |

EOIR – 1 of 16

Exh. 3 –

Respectfully Submitted

Donald Ostrom
Counsel

## CERTIFICATE OF SERVICE

On 6/10/2026, I, Donald Ostrom, served a copy of this **U.S. Department of Homeland Security's Evidence Submission** on the respondent or his/her counsel of record,

☐　　by first-class mail, postage pre-paid, to

☐　　by first-class mail, postage pre-paid to: by placing into my office's receptacle designated for official "out-going" first class mail.

☐　　by email at

☐　　by eService pursuant to the Terms and Conditions agreed to between the parties.

☒　　through the EOIR Courts and Appeals System (ECAS), which will automatically send service notifications to both parties that a new document has been filed.

Donald Ostrom
Counsel

EOIR – 2 of 16

Exh. 3 –

Case 1.26-cv-12207-AK   Document 21   Filed 08/12/26

**DE PAULA ATAIDE AL    IDA Felipe**

Control No.: A-5539/4-2026



Requesting country: Brazil
File No.: 2026/24677
Date of publication: 8 April 2026
Updated on: 29 April 2026

## FUGITIVE WANTED FOR PROSECUTION

**CAUTION: Escape Risk**

Circulation to the media (including Internet) of the extract of the notice as published on INTERPOL's public website: No

## 1. IDENTITY PARTICULARS



| | POUCE — THUMB / PULGAR — الابهام | INDEX — FORE / INDICE — السبابة | MEDIUS — MIDDLE / MEDIO — الوسطى | ANNULAIRE — RING / ANULAR — البنصر | AURICULAIRE — LITTLE / AURICULAR — الخنصر | |

| | |
|---|---|
| Family name: | DE PAULA ATAIDE ALMEIDA |
| Forename(s): | Felipe |
| Sex: | Male |
| Date and place of birth: | 17 January 1999 - MINAS GERAIS/Coronel Fabriciano - Brazil |
| Nationality: | Brazil (confirmed) |
| Family name at birth: | DE PAULA ATAIDE ALMEIDA |
| Father's family name and forenames: | ATAIDE ALMEIDA Kennedy |
| Mother's maiden name and forenames: | DE PAULA ATAIDE Andrea |
| Occupation: | student |
| Languages spoken: | Portuguese |
| Regions/Countries likely to be visited: | United States, Mexico |

**Additional information:**
There is a record in the Brazilian immigration system indicating that the fugitive DE PAULA ATAIDE ALMEIDA Felipe departed the national territory on June 8, 2021, at 07:54, on flight AM0015, bound for Mexico City (MEX), with no record of return to Brazil to date.

**Identity documents**

| | Nationality | Type | Number |
|---|---|---|---|
| 1. | Brazil | Ide...y card | 15598055 - PC/MG |
| 2. | Brazil | National Identification Number | 01952092655 |
| 3. | Brazil | Passport | GC443068 |

### Electronic addresses

| | Type | | Value |
|---|---|---|---|
| 1. | E-mail address | ataidealternativa@gmail.com | |

## 2. CASE

### Facts of the case

| Town | Country | Date |
|---|---|---|
| BELO HORIZONTE/Coronel Fabriciano | Brazil | 9 October 2018 |

### Summary of facts of the case

At approximately 21:29, on Vitória Régia Avenue, near No. 1278, Recanto Verde neighborhood, in Coronel Fabriciano/MG, the fugitive, within a context of drug trafficking, delivered for consumption a portion of marijuana weighing 12g to Mateus Souza e Silva.

During routine patrol, the Military Police observed the moment when Mateus Souza e Silva made contact with the fugitive and, shortly thereafter, handed him an amount of money. Subsequently, the fugitive entered an alley and returned holding an object, which he then passed to Mateus. At that moment, the officers approached the two individuals, whereupon Mateus attempted to swallow the package in order to conceal it.

## FUGITIVE WANTED FOR PROSECUTION

### ARREST WARRANT OR JUDICIAL DECISION 1/1

| | |
|---|---|
| **Charge(s):** | Drug trafficking |
| **Law covering the offence(s):** | Article 33, caput, of Law No. 11.343/2006 (Brazilian Drug Law). |
| **Maximum penalty possible:** | Years: 15 |
| **Time limit for prosecution or expiry date of arrest warrant:** | 30 August 2043 |

### Arrest warrant or judicial decision having the same effect

| Number | Date of issue | Issued or handed down by | Country |
|---|---|---|---|
| 0051558-13.2019.8.13.0194.01.0001-06 | 20 September 2024 | Criminal Court, Childhood and Youth Court of the District of Coronel Fabriciano | Brazil |

**Name of signatory:**     PAULO SERGIO VIDAL

Copy of arrest warrant available at the General Secretariat in the language used by the requesting country: No

## 3. ACTION TO BE TAKEN IF TRACED

### Locate and arrest with a view to extradition

Assurances are given that extradition will be sought upon arrest of the person, in conformity with national laws and/or the applicable bilateral and multilateral treaties.

### Provisional arrest

This request is to be treated as a formal request for provisional arrest, in conformity with national laws and/or the applicable bilateral and multilateral treaties.

Immediately inform NCB BRASILIA Brazil (NCB reference: 005337/2026-51 of 4 March 2026) and the ICPO-INTERPOL General Secretariat that the fugitive has been found.

**INTERPOL RED NOTICE**

Control No.: A-5539/4-2026

Page 2/3

INTERPOL For official use only

Page 2 of 14

File No.: 2026/24677

## UPDATES HISTORY

| Date | Modifications |
|---|---|
| 29 April 2026 16:16:13 | **Updated:** Content<br>     **Field :** Additional information<br>**New value:** There is a record in the Brazilian immigration system indicating that the fugitive DE PAULA ATAIDE ALMEIDA Felipe departed the national territory on June 8, 2021, at 07:54. on flight AMC015, bound for Mexico City (MEX), with no record of return to Brazil to date.<br>**Previous value:** There is a record in the Brazilian immigration system indicating that the fugitive \*\*PEDRO PAULO LUIZ DA SILVA\*\* departed the national territory on \*\*June 8, 2021, at 07:54\*\*, on flight \*\*AM0015\*\*, bound for \*\*Mexico City (MEX)\*\*, with no record of return to Brazil to date. He was accompanied by his son, \*\*DAVI LUCAS ALMEIDA DE PAULA\*\* (passport No. GC434390), and his spouse, \*\*AMANDA CRISTINA DE PAULA\*\* (passport No. GC434389). |



Poder Judiciário do Estado de Minas Gerais
PJe - Processo Judicial Eletrônico

24/03/2026

## Número: **0051558-13.2019.8.13.0194**

Classe: **[CRIMINAL] PROCEDIMENTO ESPECIAL DA LEI ANTITÓXICOS**

Órgão julgador: **Vara Criminal, da Infância e da Juventude da Comarca de Coronel Fabriciano**

Última distribuição : **21/08/2023**

Valor da causa: **R$ 0,00**

Processo referência: **0051558-13.2019.8.13.0194**

Assuntos: **Tráfico de Drogas e Condutas Afins**

Segredo de justiça? **NÃO**

Justiça gratuita? **NÃO**

Pedido de liminar ou antecipação de tutela? **NÃO**

| Partes | Advogados |
|---|---|
| Ministério Público - MPMG (AUTOR) | |
| FELIPE DE PAULA ATAIDE ALMEIDA (RÉU/RÉ) | |
| MATEUS SOUZA E SILVA (RÉU/RÉ) | |

| Documentos | | | |
|---|---|---|---|
| Id. | Data da Assinatura | Documento | Tipo |
| 9898380472 | 21/08/2023 15:05 | DENUNCIA | Petição Inicial |

EOIR — 6 of 16

Exh. 3 -

  Tribunal de Justiça do Estado de Minas Gera..
VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA
COMARCA DE CORONEL FABRICIANO
e-mail: crf1crim@tjmg.jus.br | telefone: Não informado



# MANDADO DE PRISÃO

PREVENTIVA

N° do Mandado: 0051558-13.2019.8.13.0194.01.0001-06

Data de validade: 30/08/2043

**Nome da Pessoa: FELIPE DE PAULA ATAIDE ALMEIDA**     CPF: **019.520.926-55**

Nome Social: Não Informado
RJI: 235252812-07
Alcunha: Não Informado
Data de Nascimento: 17/01/1999
Sexo: Masculino
Cor: Não Informada
RG: 15598055 - ssp

Natural de: Coronel Fabriciano - MG
Filiação: ANDREA DE PAULA ATAIDE(mãe) e
KENNEDY ATAIDE ALMEIDA(pai)

Marcas e sinais:

**Identificação biométrica:**
Não Informado

**Endereços**
DOIS, SILVIO PEREIRA I, 182, CEP 35.170-000, Coronel Fabriciano - MG

**Informações Processuais:**

N° do processo: 0051558-13.2019.8.13.0194
Órgão Judicial: VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA COMARCA DE CORONEL FABRICIANO -
TJMG
Espécie de prisão: Preventiva
Tipificação Penal: Lei: 2848, art. 33

**Teor do Documento:**

O(a) Magistrado(a) subscritor do presente Mandado de Prisão determina ao oficial de justiça da sua jurisdição ou a qualquer Autoridade Policial competente e seus agentes, a quem este for apresentado ou dele tomar conhecimento, que PRENDA e RECOLHA, em alguma unidade prisional, à ordem e à disposição do juízo expedidor, a pessoa acima indicada e qualificada.

**Síntese da decisão:**

DECRETO A PRISÃO PREVENTIVA DE FELIPE DE PAULA ATAÍDE ALMEIDA, como garantia da ordem pública e por conveniência da instrução criminal. Expeça-se o mandado de prisão preventiva. Cumpra-se na forma e sob as penas da Lei.

**Advertências e Determinações após o cumprimento do mandado**
Após as formalidades de registro da prisão, a autoridade policial deverá comunicar o cumprimento do mandado, imediatamente, à autoridade judicial que determinou a expedição desta ordem e, nos casos em que forem cumpridos fora da jurisdição do juiz processante, também à autoridade judicial local competente, conforme lei de organização judiciária, para fins de audiência de custódia.

 Documento assinado digitalmente por PAULO SERGIO VIDAL magistrado em 13/12/2023 19:16:00
Para confirmar a autenticidade acesse o QR Code ao lado ou o portal BNMP: https://portalbnmp.cnj.jus.br
Documento gerado em: 20/09/2024 12:44:55





**CONSELHO NACIONAL DE JUSTIÇA**



Tribunal de Justiça do Estado de Minas Gerais
VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA
COMARCA DE CORONEL FABRICIANO
e-mail: crf1crim@tjmg.jus.br | telefone: Não informado



**Observação:**
Não informado

Coronel Fabriciano, 13 de Dezembro de 2023.



Documento assinado digitalmente por PAULO SERGIO VIDAL magistrado em 13/12/2023 19:16:00
Para confirmar a autenticidade acesse o QR Code ao lado ou o portal BNMP: https://portalbnmp.cnj.jus.br
Documento gerado em: 20/09/2024 12:44:55

EOIR – 8 of 16

Exh. 3 –

# CERTIFICATION FOR PERFORMANCE OF ENTIRE TRANSLATION



## U.S. DEPARTMENT OF HOMELAND SECURITY

I, Nanette Lopez _____, certify that I am competent to translate this document and that the translation is true and accurate to the best of my abilities.

*Nanette Lopez* _____     05.08.2026 _____
TRANSLATOR                                                                                         DATE


## U.S. DEPARTMENT OF HOMELAND SECURITY

The above translation from the _____ Portuguese _____ language was made by the undersigned

*Nanette Lopez* _____     05.08.2026 _____
TRANSLATOR                                                                                         DATE



Judiciary of the State of Minas Gerais
PJe - Electronic Judicial Process

24/03/2026

## Number: **0051558-13.2019.8.13.0194**

Class: **[CRIMINAL] SPECIAL PROCEEDING UNDER THE ANTI-DRUG LAW**

Judicial Body: **Criminal, Childhood, and Youth Court of the District of Coronel Fabriciano**

Latest Filing Date: **08/21/2023**

Amount in Controversy: **R$ 0,00**

Related Case Number: **0051558-13.2019.8.13.0194**

Subject: **Drug Trafficking and Related Offenses**

Sealed/Confidential Case? **NO**

Fee Waiver Granted? **NO**

Request for Preliminary Injunction or Emergency Relief? **NO**

| Parties | Attornies |
|---|---|
| **Public Prosecutor's Office - MPMG (Plaintiff/Prosecution)** | |
| **FELIPE DE PAULA ATAIDE ALMEIDA (DEFENDANT)** | |
| **MATEUS SOUZA E SILVA (DEFENDANT)** | |

| Documents | | | |
|---|---|---|---|
| ID No: | Signature Date | Documents | Type |
| 9898380472 | 08/21/2023 15:05 | CRIMINAL COMPLAINT | Initial Petition |

 

National Justice Council

Court of Justice of the State of Minas Gerais
CRIMINAL, CHILDHOOD, AND YOUTH COURT OF
THE DISTRICT OF CORONEL FABRICIANO
Email: crf1crim@tjmg.jus.br | Telephone: Not provided

BNMP 3.0

National Database of
Criminal and Prison Measures

# ARREST WARRANT

## PREVENTIVE

Warrant No: 0051558-13.2019.8.13.0194.01.0001-06

Valid until: 08 /30/2043

Name: FELIPE DE PAULA ATAIDE ALMEIDA                    CPF: 019.520.926-55



Social Name: Not Information

RJI:235252812-07

Alias/Nickname: Not Provided

Date of Birth: 01/17/1999

Gender: Malec

Race/Color: Not Provided

RG: 15598055

Place of Birth: Coronel Fabriciano - MG

Parents: ANDREA DE PAULA ATAIDE (Mother) and
KENNEDY ATAIDE ALMEIDA (Father)

Distinguishing Marks and Features:

**Biometric Identification:**

Not Provided

**Addresses:**

Dois, Silvio Pereira I, No. 182, ZIP Code 35.170-000, Coronel Fabriciano - MG

**Procedural Information:**

Case No.: 0051558-13.2019.8.13.0194
Judicial Body: Criminal, Childhood, and Youth Court of the District of Coronel Fabriciano - TJMG
Type of Detention: Preventive
Criminal Classification: Law 2848, Article 33

**Text of the Document:**

The undersigned Judge issuing this Arrest Warrant orders the court officer within this jurisdiction, or any competent police authority and its agents to whom this warrant is presented or who become aware of it, to ARREST and DETAIN, in a prison facility, by order and under the authority of the issuing court, the person identified and qualified above.

**Summary of the Decision:**

I HEREBY ORDER THE PREVENTIVE DETENTION OF FELIPE DE PAULA ATAIDE ALMEIDA, as a guarantee of public order and for the convenience of the criminal proceedings. Let the preventive detention warrant be issued and executed in accordance with the law.

**Warnings and Instructions Following Execution of the Warrant:**

After completion of the arrest registration formalities, the police authority shall immediately notify the judicial authority that ordered issuance of this warrant and, in cases where the warrant is executed outside the jurisdiction of the processing court, also notify the competent local judicial authority, pursuant to judicial organization law, for purposes of the custody hearing.



Document digitally signed by PAULO SERGIO VIDAL, Judge, on 12/13/2023 at 19:16:00
To confirm authenticity, access the QR Code beside this text or the BNMP portal:
https://portalbnmp.cnj.jus.br
 Document generated on: 09/20/2024 12:44:55

EOIR — 11 of 16



National Justice Council



Court of Justice of the State of Minas Gerais
CRIMINAL, CHILDHOOD, AND YOUTH COURT OF
THE DISTRICT OF CORONEL FABRICIANO
Email: crf1crim@tjmg.jus.br | Telephone: Not provided



BNMP 3.0

National Database of

Criminal and Prison Measures

Observation:

Not Provided

Coronel Fabriciano, December 13, 2023.

Case 1:26-cv-12207-AK   Document 21   Filed 08/12/26   Page 148 of 202

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2600023166 - 00028131

| CFS NO | DAY | INCIDENT DATE | TIME | DATE OF RPT | TIME OF RPT | TYPE OF INCIDENT | | INCIDENT CD | INVESTIGATING OFFICER | BADGE NO |
|---|---|---|---|---|---|---|---|---|---|---|
| 2600023166 | 6 | 03/20/2026 03/20/2026 | 16:12 | 03/20/2026 | 16:47 | WARRANT SERVICE | | WARSERV | Patrol Officer SANTORO,  FRANCIS J. | 216248 |

| DIVISION | DIVISION NO | REFERENCE DIVISION | REFERENCE DIVISION NO | CASE X-REFERENCE | UNIT ID | DATE TYPED | TIME TYPED |
|---|---|---|---|---|---|---|---|
| Patrol | | | | | G38C | 03/20/2026 | 16:47 |

| STREET NO | STREET NAME AND TYPE | APT NO. | INTERSECTING STREET NAME AND TYPE | PREMISES NAME | STATUS | TOWN CD |
|---|---|---|---|---|---|---|
| 00300 | CONGRESS St  BRIDGEPORT | | | POLICE HEADQUARTERS | Cleared by Arrest | T015 |

| OFFENSE | LOCAL X-REF CODE | IBR CODE | ATT/COMP | OFFENSE DESCRIPTION |
|---|---|---|---|---|
| All Other Offenses | 90Z | 90Z | Completed | Other/unknown |

STATUS CODE  C=COMPLAINANT  V=VICTIM  A=ARRESTEE  J=JUVENILE  H=OTHER  M=MISSING  W=WITNESS  O=OFFENDER  D=DRIVER  S=SUSPECT  P=POLICE OFFICER  T=TOT

| STATUS | NAME | SEX | RACE | D.O.B. | TELEPHONE | | ADDRESS | OP STATE & NO. |
|---|---|---|---|---|---|---|---|---|
| A | Almeida, Felipe Depaula | M | W | 01/17/1999 | Cel | (203) 948 - 3865 | 1918 Seaview Ave Bridgeport CT | |

| ARRESTEE NAME | CHARGES | | CNTS | COURT DATE | BOND |
|---|---|---|---|---|---|
| Almeida, Felipe Depaula | 51-164r(b)* | FLR RESPOND-PAYABLE VIOLATION | 1 | | $5,000 |

On 3/20/26, I met with Felipe Almeida who agreed to meet me at Bridgeport Police Headquarters to turn himself in upon being advised there was a warrant for his arrest. Once at Police Headquarters, Almeida was searched incident to arrest and escorted to The Bridgeport Police Department's Booking Facility where he was charged with the following:

Failure to Respond to a Violation (51-164r(b))

The Docket Number for this warrant is F02BMV250716749S.

Almeida has a court-set bond of $5,000.00.

This warrant was signed by Judge Charles Stango on 12/22/25.

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: | INVESTIGATOR I.D.#: | SIGNED DATE: | SUPERVISOR SIGNATURE | SUPERVISOR I.D.#: |
|---|---|---|---|---|
| /OFC. FRANCIS J SANTORO/ | 216248 | 03/20/2026 | /SGT. CARLOS M CARMO/ | 215214 |

EOIR - 13 of 16

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2500077056 - 00112494

| CFS NO 2500077056 | DAY 3 | INCIDENT DATE 09/02/2025 09/02/2025 | TIME 08:22 | DATE OF RPT 09/02/2025 | TIME OF RPT 09:14 | TYPE OF INCIDENT MOTOR VEHICLE STOP | | INCIDENT CD MVSTOP | INVESTIGATING OFFICER Patrol Officer ROBERTS, DIALA | BADGE NO 216224 |
|---|---|---|---|---|---|---|---|---|---|---|
| DIVISION Patrol | | DIVISION NO | REFERENCE DIVISION | REFERENCE DIVISION NO | CASE X-REFERENCE | | UNIT ID | | DATE TYPED 09/02/2025 | TIME TYPED 09:14 |
| STREET NO 01002 | STREET NAME AND TYPE LINDLEY St  BRIDGEPORT | | APT NO. | INTERSECTING STREET NAME AND TYPE | | PREMISES NAME 1002 LINDLEY ST | | STATUS Cleared by Arrest | | TOWN CD T015 |

STATUS CODE  C=COMPLAINANT  V=VICTIM  A=ARRESTEE  J=JUVENILE  H=OTHER  M=MISSING  W=WITNESS  O=OFFENDER  D=DRIVER  S=SUSPECT  P=POLICE OFFICER  T=TOT

| STATUS | NAME | SEX | RACE | D.O.B. | TELEPHONE | | ADDRESS | OP STATE & NO. |
|---|---|---|---|---|---|---|---|---|
| A  D | Almeida, Felipe Depaula | M | W | 01/17/1999 | Cel | (203) 948 - 3865 | 1918 Seaview Ave Bridgeport CT | CT |

| ARRESTEE NAME | CHARGES | | CNTS | COURT DATE | BOND |
|---|---|---|---|---|---|
| Almeida, Felipe Depaula | 14-301 | FAILURE TO OBEY STOP SIGN | 1 | 09/16/2025 | $ |
| | 14-36(a) | OPERATE MV WITHOUT LICENSE | 1 | | $ |
| | 14-147a | THEFT OF PLATES/INSERTS | 1 | | $ |
| | 14-213b | ILL OPN MV WO MINIMUM INSURNCE | 1 | | $ |

**Vehicle**

| YEAR | STATE | REGISTRATION | MAKE | MODEL | COLOR | VIN/SERIAL NO. | INSURANCE COMPANY | POLICY NUMBER |
|---|---|---|---|---|---|---|---|---|
| | CT | 1AFWR3 | | | | | | |
| 2011 | CT | 1AFWR3(M) | CHEVY | CRUZE | RED | 1G1PE5S97B7209005 | | |

On said date and time, while patrolling my sector and as I approached the Lindley St. and Fairview Ave., I heard a vehicle traveling at a high rate of speed before observing said vehicle-a red 4 door Chevy Cruze- approach the above mentioned intersection and fail to stop continuing on southbound on Lindley St. with what appeared to be an unstrapped male juvenile in the front seat. Consequently, I activated my lights and sirens as I attempted to conduct a motor vehicle stop; however said vehicle pulled to the right but continued on before completely stopping across the street from 1002 Lindley St. As I approached said vehicle bearing CT misuse

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: /OFC. DIALA ROBERTS/ | INVESTIGATOR I.D.#: 216224 | SIGNED DATE: 09/02/2025 | SUPERVISOR SIGNATURE /SGT. JOHN R GALE/ | SUPERVISOR I.D.#: 31443 |
|---|---|---|---|---|

Uploaded on: 05/16/2026 at 02:59:57 PM (Eastern Daylight Time)  Base City: CHE

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2500077056 - 00112494

| CFS NO 2500077056 | DAY 3 | INCIDENT DATE 09/02/2025 09/02/2025 | TIME 08:22 | DATE OF RPT 09/02/2025 | TIME OF RPT 09:14 | TYPE OF INCIDENT MOTOR VEHICLE STOP | | | INCIDENT CD MVSTOP | INVESTIGATING OFFICER Patrol Officer ROBERTS, DIALA | BADGE NO 216224 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DIVISION Patrol | | DIVISION NO | REFERENCE DIVISION | | REFERENCE DIVISION NO | CASE X-REFERENCE | | UNIT ID | | DATE TYPED 09/02/2025 | TIME TYPED 09:14 |
| STREET NO 01002 | STREET NAME AND TYPE LINDLEY St  BRIDGEPORT | | | APT NO. | INTERSECTING STREET NAME AND TYPE | | | PREMISES NAME 1002 LINDLEY ST | | STATUS Cleared by Arrest | TOWN CD T015 |

marker plate 1AFWR3 which when I observed that the male juvenile is now sitting in the driver side rear seat still unstrapped. When I inquired from the male operator later identified as Almeida, Felipe as to why he was traveling at a high rate of speed and why he adhere to the stop sign, he simply replied by tapping on his watch stating that he was rushing to drop his child at school on time.

I advised Almeida that I ran his plate which came back as a misuse to a Dodge to which he replied alleging that his wife owns the vehicle. I then requested Almeida's driver's license, registration and proof of insurance to which he replied that he did not possess any of the latter. Almeida was then asked to provide any form of photo identification; at which point he presented a copy of his Brazilian passport. I ran the vin # on the Chevy Cruz which came back with no information found, I then ran Almeida who also came back with no information found which Almeida explained that he does not possess any CT ID or any ID from any state. I contacted dispatch and had them send Midtown who towed Almeida's vehicle to their yard; after which I issued a verbal warning for traveling fast and having his child not seat belted. Lastly, I issued Almeida a misdemeanor summons # ME092990 for the following:

| | |
|---|---|
| 14-147a | Misuse of plates |
| 14-213b | Operating a motor vehicle without minimum insurance |
| 14-36(a) | Operating a motor vehicle without a driver's license |
| 14-301 | Failure to obey a stop sign |

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: /OFC. DIALA ROBERTS/ | INVESTIGATOR I.D.#: 216224 | SIGNED DATE: 09/02/2025 | SUPERVISOR SIGNATURE /SGT. JOHN R GALE/ | SUPERVISOR I.D.#: 31443 |
|---|---|---|---|---|

Case 1:26-cv-12207-AK    Document 21    Filed 08/12/26    Page 151 of 202

F2500077056 Cont.

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2500077056 - 00112494

| CFS NO | DAY | INCIDENT DATE | TIME | DATE OF RPT | TIME OF RPT | TYPE OF INCIDENT | | INCIDENT CD | INVESTIGATING OFFICER | BADGE NO |
|---|---|---|---|---|---|---|---|---|---|---|
| 2500077056 | 3 | 09/02/2025 09/02/2025 | 08:22 | 09/02/2025 | 09:14 | MOTOR VEHICLE STOP | | MVSTOP | Patrol Officer ROBERTS,  DIALA | 216224 |

| DIVISION | DIVISION NO | REFERENCE DIVISION | REFERENCE DIVISION NO | CASE X-REFERENCE | UNIT ID | DATE TYPED | TIME TYPED |
|---|---|---|---|---|---|---|---|
| Patrol | | | | | | 09/02/2025 | 09:14 |

| STREET NO | STREET NAME AND TYPE | APT NO. | INTERSECTING STREET NAME AND TYPE | PREMISES NAME | STATUS | TOWN CD |
|---|---|---|---|---|---|---|
| 01002 | LINDLEY St  BRIDGEPORT | | | 1002 LINDLEY ST | Cleared by Arrest | T015 |

Court date set for 9/16/2025

Bond: PTA

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: | INVESTIGATOR I.D.#: | SIGNED DATE: | SUPERVISOR SIGNATURE | SUPERVISOR I.D.#: |
|---|---|---|---|---|
| /OFC. DIALA ROBERTS/ | 216224 | 09/02/2025 | /SGT. JOHN R GALE/ | 31443 |

Ronald Seely                                                   DETAINED
Chief Counsel
Justine Bavaro
Deputy Chief Counsel
Amit Patel
Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
JFK Federal Building
15 New Sudbury Street, Room 320
Boston, MA 02203

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CHELMSFORD IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

| | |
|---|---|
| In the Matter of: | |
| **DE PAULA ATAIDE ALMEIDA, FELIPE** | File No.    220281143 |
| In Removal Proceedings | |

Immigration Judge: NIERVA                    Next Hearing: 7-20-2026

**U.S. DEPARTMENT OF HOMELAND SECURITY**
**EVIDENCE SUBMISSION**

1.  Interpol Red Notice, Charging Document and Warrant            1-6
    *Charge: Drug Trafficking*

2.  Translation Certificate                                       7

3.  English Translation of Charging Document and Warrant          8-10

4.  Bridgeport Police Case/Incident Report 3/20/2026              11
    *Warrant Service*

5.  Bridgeport Police Case/Incident Report 9/2/2025               12-14
    *Failure to Stop, Operate w/out License, Theft of Plates*

EOIR – 1 of 16

Exh. 3 –

Respectfully Submitted

Amit Patel
Counsel

## <u>CERTIFICATE OF SERVICE</u>

On 7/17/2026, I, Amit Patel, served a copy of this **U.S. Department of Homeland Security's Evidence Submission** on the respondent or his/her counsel of record,

☐     by first-class mail, postage pre-paid, to

☐     by first-class mail, postage pre-paid to: by placing into my office's receptacle designated for official "out-going" first class mail.

☐     by email at

☐     by eService pursuant to the Terms and Conditions agreed to between the parties.

☒     through the EOIR Courts and Appeals System (ECAS), which will automatically send service notifications to both parties that a new document has been filed.

Amit Patel
Counsel

EOIR - 2 of 16

Exh. 3 -

**DE PAULA ATAIDE AL____IDA Felipe**

**Control No.:** A-5539/4-2026



Requesting country: Brazil
File No.: 2026/24677
Date of publication: 8 April 2026
Updated on: 29 April 2026

## FUGITIVE WANTED FOR PROSECUTION

**CAUTION: Escape Risk**

Circulation to the media (including Internet) of the extract of the notice as published on INTERPOL's public website: No

## 1. IDENTITY PARTICULARS



| | | | | |
|---|---|---|---|---|
| POUCE — THUMB / PULGAR — الابهام | INDEX — FORE / INDICE — السبابة | MEDIUS — MIDDLE / MEDIO — الوسطى | ANNULAIRE — RING / ANULAR — البنصر | AURICULAIRE — LITTLE / AURICULAR — الخنصر |

| | |
|---|---|
| Family name: | DE PAULA ATAIDE ALMEIDA |
| Forename(s): | Felipe |
| Sex: | Male |
| Date and place of birth: | 17 January 1999 - MINAS GERAIS/Coronel Fabriciano - Brazil |
| Nationality: | Brazil (confirmed) |
| Family name at birth: | DE PAULA ATAIDE ALMEIDA |
| Father's family name and forenames: | ATAIDE ALMEIDA Kennedy |
| Mother's maiden name and forenames: | DE PAULA ATAIDE Andrea |
| Occupation: | student |
| Languages spoken: | Portuguese |
| Regions/Countries likely to be visited: | United States, Mexico |

**Additional information:**
There is a record in the Brazilian immigration system indicating that the fugitive DE PAULA ATAIDE ALMEIDA Felipe departed the national territory on June 8, 2021, at 07:54, on flight AM0015, bound for Mexico City (MEX), with no record of return to Brazil to date.

**Identity documents**

EOIR - 3 of 16

Exh. 3

**INTERPOL RED NOTICE**
Control No.: A-5539/4-2026                 Page 1/3

INTERPOL For official use only
Page 1 of 14
File No.: 2026/24677

| | Nationality | Type | Number |
|---|---|---|---|
| 1. | Brazil | Identity card | 15598055 - PC/MG |
| 2. | Brazil | National Identification Number | 01952092655 |
| 3. | Brazil | Passport | GC443068 |

### Electronic addresses

| | Type | | Value |
|---|---|---|---|
| 1. | E-mail address | ataidealternativa@gmail.com | |

## 2. CASE

### Facts of the case

| Town | Country | Date |
|---|---|---|
| BELO HORIZONTE/Coronel Fabriciano | Brazil | 9 October 2018 |

### Summary of facts of the case

At approximately 21:29, on Vitória Régia Avenue, near No. 1278, Recanto Verde neighborhood, in Coronel Fabriciano/MG, the fugitive, within a context of drug trafficking, delivered for consumption a portion of marijuana weighing 12g to Mateus Souza e Silva.

During routine patrol, the Military Police observed the moment when Mateus Souza e Silva made contact with the fugitive and, shortly thereafter, handed him an amount of money. Subsequently, the fugitive entered an alley and returned holding an object, which he then passed to Mateus. At that moment, the officers approached the two individuals, whereupon Mateus attempted to swallow the package in order to conceal it.

## FUGITIVE WANTED FOR PROSECUTION

### ARREST WARRANT OR JUDICIAL DECISION 1/1

**Charge(s):** Drug trafficking

**Law covering the offence(s):** Article 33, caput, of Law No. 11.343/2006 (Brazilian Drug Law).

**Maximum penalty possible:** Years: 15

**Time limit for prosecution or expiry date of arrest warrant:** 30 August 2043

#### Arrest warrant or judicial decision having the same effect

| Number | Date of issue | Issued or handed down by | Country |
|---|---|---|---|
| 0051558-13.2019.8.13.0194.01.0001-06 | 20 September 2024 | Criminal Court, Childhood and Youth Court of the District of Coronel Fabriciano | Brazil |

**Name of signatory:** PAULO SERGIO VIDAL

Copy of arrest warrant available at the General Secretariat in the language used by the requesting country: No

## 3. ACTION TO BE TAKEN IF TRACED

### Locate and arrest with a view to extradition

Assurances are given that extradition will be sought upon arrest of the person, in conformity with national laws and/or the applicable bilateral and multilateral treaties.

### Provisional arrest

This request is to be treated as a formal request for provisional arrest, in conformity with national laws and/or the applicable bilateral and multilateral treaties.

Immediately inform NCB BRASILIA Brazil (NCB reference: 005337/2026-51 of 4 March 2026) and the ICPO-INTERPOL General Secretariat that the fugitive has been found.

EOIR – 4 of 16

## UPDATES HISTORY

| Date | Modifications |
|---|---|
| 29 April 2026 16:16:13 | **Updated:** Content |

**Field :** Additional information

**New value:** There is a record in the Brazilian immigration system indicating that the fugitive DE PAULA ATAIDE ALMEIDA Felipe departed the national territory on June 8, 2021, at 07:54. on flight AMC015, bound for Mexico City (MEX), with no record of return to Brazil to date.

**Previous value:** There is a record in the Brazilian immigration system indicating that the fugitive \*\*PEDRO PAULO LUIZ DA SILVA\*\* departed the national territory on \*\*June 8, 2021, at 07:54\*\*, on flight \*\*AM0015\*\*, bound for \*\*Mexico City (MEX)\*\*, with no record of return to Brazil to date. He was accompanied by his son, \*\*DAVI LUCAS ALMEIDA DE PAULA\*\* (passport No. GC434390), and his spouse, \*\*AMANDA CRISTINA DE PAULA\*\* (passport No. GC434389).

**INTERPOL RED NOTICE**
Control No.: A-5539/4-2026                     Page 3/3                     **INTERPOL For official use only**
File No.: 2026/24677

Page 3 of 14



Poder Judiciário do Estado de Minas Gerais
PJe - Processo Judicial Eletrônico

24/03/2026

## Número: **0051558-13.2019.8.13.0194**

Classe: **[CRIMINAL] PROCEDIMENTO ESPECIAL DA LEI ANTITÓXICOS**
Órgão julgador: **Vara Criminal, da Infância e da Juventude da Comarca de Coronel Fabriciano**
Última distribuição : **21/08/2023**
Valor da causa: **R$ 0,00**
Processo referência: **0051558-13.2019.8.13.0194**
Assuntos: **Tráfico de Drogas e Condutas Afins**
Segredo de justiça? **NÃO**
Justiça gratuita? **NÃO**
Pedido de liminar ou antecipação de tutela? **NÃO**

| Partes | Advogados |
|---|---|
| Ministério Público - MPMG (AUTOR) | |
| FELIPE DE PAULA ATAIDE ALMEIDA (RÉU/RÉ) | |
| MATEUS SOUZA E SILVA (RÉU/RÉ) | |

| Documentos | | | |
|---|---|---|---|
| Id. | Data da Assinatura | Documento | Tipo |
| 9898380472 | 21/08/2023 15:05 | DENUNCIA | Petição Inicial |

 

Tribunal de Justiça do Estado de Minas Gera..
VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA
COMARCA DE CORONEL FABRICIANO
e-mail: crf1crim@tjmg.jus.br | telefone: Não informado



# MANDADO DE PRISÃO

PREVENTIVA

N° do Mandado: 0051558-13.2019.8.13.0194.01.0001-06

Data de validade: 30/08/2043

## Nome da Pessoa: **FELIPE DE PAULA ATAIDE ALMEIDA**

CPF: **019.520.926-55**

Nome Social: Não Informado
RJI: 235252812-07
Alcunha: Não Informado
Data de Nascimento: 17/01/1999
Sexo: Masculino
Cor: Não Informada
RG: 15598055 - ssp

Natural de: Coronel Fabriciano - MG
Filiação: ANDREA DE PAULA ATAIDE(mãe) e
KENNEDY ATAIDE ALMEIDA(pai)

Marcas e sinais:

**Identificação biométrica:**
Não Informado

**Endereços**
DOIS, SILVIO PEREIRA I, 182, CEP 35.170-000, Coronel Fabriciano - MG

**Informações Processuais:**

N° do processo: 0051558-13.2019.8.13.0194
Órgão Judicial: VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA COMARCA DE CORONEL FABRICIANO -
TJMG
Espécie de prisão: Preventiva
Tipificação Penal: Lei: 2848, art. 33

**Teor do Documento:**

O(a) Magistrado(a) subscritor do presente Mandado de Prisão determina ao oficial de justiça da sua jurisdição ou a qualquer Autoridade Policial competente e seus agentes, a quem este for apresentado ou dele tomar conhecimento, que PRENDA e RECOLHA, em alguma unidade prisional, à ordem e à disposição do juízo expedidor, a pessoa acima indicada e qualificada.

**Síntese da decisão:**

DECRETO A PRISÃO PREVENTIVA DE FELIPE DE PAULA ATAÍDE ALMEIDA, como garantia da ordem pública e por conveniência da instrução criminal. Expeça-se o mandado de prisão preventiva. Cumpra-se na forma e sob as penas da Lei.

**Advertências e Determinações após o cumprimento do mandado**
Após as formalidades de registro da prisão, a autoridade policial deverá comunicar o cumprimento do mandado, imediatamente, à autoridade judicial que determinou a expedição desta ordem e, nos casos em que forem cumpridos fora da jurisdição do juiz processante, também à autoridade judicial local competente, conforme lei de organização judiciária, para fins de audiência de custódia.



Documento assinado digitalmente por PAULO SERGIO VIDAL magistrado em 13/12/2023 19:16:00
Para confirmar a autenticidade acesse o QR Code ao lado ou o portal BNMP: https://portalbnmp.cnj.jus.br
Documento gerado em: 20/09/2024 12:44:55

 

Tribunal de Justiça do Estado de Minas Gerais
VARA CRIMINAL, DA INFÂNCIA E DA JUVENTUDE DA
COMARCA DE CORONEL FABRICIANO
e-mail: crf1crim@tjmg.jus.br | telefone: Não informado



**Observação:**
Não informado

Coronel Fabriciano, 13 de Dezembro de 2023.



Documento assinado digitalmente por PAULO SERGIO VIDAL magistrado em 13/12/2023 19:16:00
Para confirmar a autenticidade acesse o QR Code ao lado ou o portal BNMP: https://portalbnmp.cnj.jus.br
Documento gerado em: 20/09/2024 12:44:55

EOIR – 8 of 16

Exh. 3 –

# CERTIFICATION FOR PERFORMANCE OF ENTIRE TRANSLATION



## U.S. DEPARTMENT OF HOMELAND SECURITY

I, Nanette Lopez _____, certify that I am competent to translate this document and that the translation is true and accurate to the best of my abilities.

*Nanette Lopez* _____    05.08.2026 _____
TRANSLATOR                                              DATE

## U.S. DEPARTMENT OF HOMELAND SECURITY

The above translation from the _____ Portuguese _____ language was made by the undersigned

*Nanette Lopez* _____    05.08.2026 _____
TRANSLATOR                                              DATE



Judiciary of the State of Minas Gerais
PJe - Electronic Judicial Process

24/03/2026

## Number: **0051558-13.2019.8.13.0194**

Class: **[CRIMINAL] SPECIAL PROCEEDING UNDER THE ANTI-DRUG LAW**

Judicial Body: **Criminal, Childhood, and Youth Court of the District of Coronel Fabriciano**

Latest Filing Date: **08/21/2023**

Amount in Controversy: **R$ 0,00**

Related Case Number: **0051558-13.2019.8.13.0194**

Subject: **Drug Trafficking and Related Offenses**

Sealed/Confidential Case? **NO**

Fee Waiver Granted? **NO**

Request for Preliminary Injunction or Emergency Relief?  **NO**

| Parties | Attornies |
|---|---|
| **Public Prosecutor's Office - MPMG (Plaintiff/Prosecution)** | |
| **FELIPE DE PAULA ATAIDE ALMEIDA (DEFENDANT)** | |
| **MATEUS SOUZA E SILVA (DEFENDANT)** | |

| Documents | | | |
|---|---|---|---|
| **ID No:** | **Signature Date** | **Documents** | **Type** |
| 9898380472 | 08/21/2023 15:05 | CRIMINAL COMPLAINT | Initial Petition |



**National Justice Council**



Court of Justice of the State of Minas Gerais
CRIMINAL, CHILDHOOD, AND YOUTH COURT OF
THE DISTRICT OF CORONEL FABRICIANO
Email: crf1crim@tjmg.jus.br | Telephone: Not provided

**BNMP 3.0**

BNMP 3.0

National Database of

Criminal and Prison Measures

## ARREST WARRANT

### PREVENTIVE

Warrant No: 0051558-13.2019.8.13.0194.01.0001-06

Valid until: 08 /30/2043

Name: FELIPE DE PAULA ATAIDE ALMEIDA                                              CPF: 019.520.926-55

Social Name: Not Information                     Place of Birth: Coronel Fabriciano - MG

RJI:235252812-07                                 Parents: ANDREA DE PAULA ATAIDE (Mother) and

Alias/Nickname: Not Provided                     KENNEDY ATAIDE ALMEIDA (Father)

Date of Birth: 01/17/1999

Gender: Malec

Race/Color: Not Provided                         Distinguishing Marks and Features:

RG: 15598055

**Biometric Identification:**

Not Provided

**Addresses:**

Dois, Silvio Pereira I, No. 182, ZIP Code 35.170-000, Coronel Fabriciano - MG

**Procedural Information:**

Case No.: 0051558-13.2019.8.13.0194
Judicial Body: Criminal, Childhood, and Youth Court of the District of Coronel Fabriciano - TJMG
Type of Detention: Preventive
Criminal Classification: Law 2848, Article 33

**Text of the Document:**

The undersigned Judge issuing this Arrest Warrant orders the court officer within this jurisdiction, or any competent police authority and its agents to whom this warrant is presented or who become aware of it, to ARREST and DETAIN, in a prison facility, by order and under the authority of the issuing court, the person identified and qualified above.

**Summary of the Decision:**

I HEREBY ORDER THE PREVENTIVE DETENTION OF FELIPE DE PAULA ATAIDE ALMEIDA, as a guarantee of public order and for the convenience of the criminal proceedings. Let the preventive detention warrant be issued and executed in accordance with the law.

**Warnings and Instructions Following Execution of the Warrant:**

After completion of the arrest registration formalities, the police authority shall immediately notify the judicial authority that ordered issuance of this warrant and, in cases where the warrant is executed outside the jurisdiction of the processing court, also notify the competent local judicial authority, pursuant to judicial organization law, for purposes of the custody hearing.



Document digitally signed by PAULO SERGIO VIDAL, Judge, on 12/13/2023 at 19:16:00
To confirm authenticity, access the QR Code beside this text or the BNMP portal:
https://portalbnmp.cnj.jus.br
 Document generated on: 09/20/2024 12:44:55

EOIR — 11 of 16

Exh. 3 -



National Justice Council



Court of Justice of the State of Minas Gerais
CRIMINAL, CHILDHOOD, AND YOUTH COURT OF
THE DISTRICT OF CORONEL FABRICIANO
Email: crf1crim@tjmg.jus.br | Telephone: Not provided



BNMP 3.0

National Database of

Criminal and Prison Measures

Observation:
Not Provided

Coronel Fabriciano, December 13, 2023.

Uploaded on: 05/10/2026 at 02:53:47 PM (Eastern Daylight Time) Base City: CHE

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2600023166 - 00028131

| CFS NO 2600023166 | DAY 6 | INCIDENT DATE 03/20/2026 03/20/2026 | TIME 16:12 | DATE OF RPT 03/20/2026 | TIME OF RPT 16:47 | TYPE OF INCIDENT WARRANT SERVICE | | INCIDENT CD WARSERV | INVESTIGATING OFFICER Patrol Officer SANTORO,  FRANCIS J. | BADGE NO 216248 |
|---|---|---|---|---|---|---|---|---|---|---|

| DIVISION Patrol | DIVISION NO | REFERENCE DIVISION | REFERENCE DIVISION NO | CASE X-REFERENCE | UNIT ID G38C | DATE TYPED 03/20/2026 | TIME TYPED 16:47 |
|---|---|---|---|---|---|---|---|

| STREET NO 00300 | STREET NAME AND TYPE CONGRESS St  BRIDGEPORT | APT NO. | INTERSECTING STREET NAME AND TYPE | PREMISES NAME POLICE HEADQUARTERS | STATUS Cleared by Arrest | TOWN CD T015 |
|---|---|---|---|---|---|---|

| OFFENSE All Other Offenses | LOCAL X-REF CODE 90Z | IBR CODE 90Z | ATT/COMP Completed | OFFENSE DESCRIPTION Other/unknown |
|---|---|---|---|---|

STATUS CODE C=COMPLAINANT  V=VICTIM  A=ARRESTEE  J=JUVENILE  H=OTHER  M=MISSING  W=WITNESS  O=OFFENDER  D=DRIVER  S=SUSPECT  P=POLICE OFFICER  T=TOT

| STATUS | NAME | SEX | RACE | D.O.B. | TELEPHONE | ADDRESS | OP STATE & NO. |
|---|---|---|---|---|---|---|---|
| A | Almeida, Felipe Depaula | M | W | 01/17/1999 | Cel  (203) 948 - 3865 | 1918 Seaview Ave Bridgeport CT | |

| ARRESTEE NAME | CHARGES | | CNTS | COURT DATE | BOND |
|---|---|---|---|---|---|
| Almeida, Felipe Depaula | 51-164r(b)* | FLR RESPOND-PAYABLE VIOLATION | 1 | | $5,000 |

On 3/20/26, I met with Felipe Almeida who agreed to meet me at Bridgeport Police Headquarters to turn himself in upon being advised there was a warrant for his arrest. Once at Police Headquarters, Almeida was searched incident to arrest and escorted to The Bridgeport Police Department's Booking Facility where he was charged with the following:

Failure to Respond to a Violation (51-164r(b))


The Docket Number for this warrant is F02BMV250716749S.

Almeida has a court-set bond of $5,000.00.

This warrant was signed by Judge Charles Stango on 12/22/25.

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: /OFC. FRANCIS J SANTORO/ | INVESTIGATOR I.D.#: 216248 | SIGNED DATE: 03/20/2026 | SUPERVISOR SIGNATURE /SGT. CARLOS M CARMO/ | SUPERVISOR I.D.#: 215214 |
|---|---|---|---|---|

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2500077056 - 00112494

| CFS NO 2500077056 | DAY 3 | INCIDENT DATE 09/02/2025 09/02/2025 | TIME 08:22 | DATE OF RPT 09/02/2025 | TIME OF RPT 09:14 | TYPE OF INCIDENT MOTOR VEHICLE STOP | | INCIDENT CD MVSTOP | INVESTIGATING OFFICER Patrol Officer ROBERTS,  DIALA | BADGE NO 216224 |
|---|---|---|---|---|---|---|---|---|---|---|

| DIVISION Patrol | DIVISION NO | REFERENCE DIVISION | REFERENCE DIVISION NO | CASE X-REFERENCE | UNIT ID | DATE TYPED 09/02/2025 | TIME TYPED 09:14 |
|---|---|---|---|---|---|---|---|

| STREET NO 01002 | STREET NAME AND TYPE LINDLEY St  BRIDGEPORT | APT NO. | INTERSECTING STREET NAME AND TYPE | PREMISES NAME 1002 LINDLEY ST | STATUS Cleared by Arrest | TOWN CD T015 |
|---|---|---|---|---|---|---|

STATUS CODE  C=COMPLAINANT  V=VICTIM  A=ARRESTEE  J=JUVENILE  H=OTHER  M=MISSING  W=WITNESS  O=OFFENDER  D=DRIVER  S=SUSPECT  P=POLICE OFFICER  T=TOT

| STATUS | NAME | SEX | RACE | D.O.B. | TELEPHONE | ADDRESS | OP STATE & NO. |
|---|---|---|---|---|---|---|---|
| A  D | Almeida, Felipe Depaula | M | W | 01/17/1999 | Cel  (203) 948 - 3865 | 1918 Seaview Ave Bridgeport CT | CT |

| ARRESTEE NAME | CHARGES | | CNTS | COURT DATE | BOND |
|---|---|---|---|---|---|
| Almeida, Felipe Depaula | 14-301 | FAILURE TO OBEY STOP SIGN | 1 | 09/16/2025 | $ |
| | 14-36(a) | OPERATE MV WITHOUT LICENSE | 1 | | $ |
| | 14-147a | THEFT OF PLATES/INSERTS | 1 | | $ |
| | 14-213b | ILL OPN MV WO MINIMUM INSURNCE | 1 | | $ |

**Vehicle**

| YEAR | STATE | REGISTRATION | MAKE | MODEL | COLOR | VIN/SERIAL NO. | INSURANCE COMPANY | POLICY NUMBER |
|---|---|---|---|---|---|---|---|---|
| | CT | 1AFWR3 | | | | | | |
| 2011 | CT | 1AFWR3(M) | CHEVY | CRUZE | RED | 1G1PE5S97B7209005 | | |

On said date and time, while patrolling my sector and as I approached the Lindley St. and Fairview Ave., I heard a vehicle traveling at a high rate of speed before observing said vehicle-a red 4 door Chevy Cruze- approach the above mentioned intersection and fail to stop continuing on southbound on Lindley St. with what appeared to be an unstrapped male juvenile in the front seat. Consequently, I activated my lights and sirens as I attempted to conduct a motor vehicle stop; however said vehicle pulled to the right but continued on before completely stopping across the street from 1002 Lindley St. As I approached said vehicle bearing CT misuse

| THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME. |||||
|---|---|---|---|---|
| INVESTIGATOR SIGNATURE: /OFC. DIALA ROBERTS/ | INVESTIGATOR I.D.#: 216224 | SIGNED DATE: 09/02/2025 | SUPERVISOR SIGNATURE /SGT. JOHN R GALE/ | SUPERVISOR I.D.#: 31443 |

Page 12 of 14

Uploaded on: 05/10/2026 at 02:53:47 PM (Eastern Daylight Time) Base City: CHE
P2500077096 Cont.

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2500077056 - 00112494

| CFS NO 2500077056 | DAY 3 | INCIDENT DATE 09/02/2025 09/02/2025 | TIME 08:22 | DATE OF RPT 09/02/2025 | TIME OF RPT 09:14 | TYPE OF INCIDENT MOTOR VEHICLE STOP | | INCIDENT CD MVSTOP | INVESTIGATING OFFICER Patrol Officer ROBERTS, DIALA | BADGE NO 216224 |
|---|---|---|---|---|---|---|---|---|---|---|
| DIVISION Patrol | | DIVISION NO | REFERENCE DIVISION | | REFERENCE DIVISION NO | CASE X-REFERENCE | | UNIT ID | DATE TYPED 09/02/2025 | TIME TYPED 09:14 |
| STREET NO 01002 | STREET NAME AND TYPE LINDLEY St  BRIDGEPORT | | | APT NO. | INTERSECTING STREET NAME AND TYPE | | PREMISES NAME 1002 LINDLEY ST | | STATUS Cleared by Arrest | TOWN CD T015 |

marker plate 1AFWR3 which when I observed that the male juvenile is now sitting in the driver side rear seat still unstrapped. When I inquired from the male operator later identified as Almeida, Felipe as to why he was traveling at a high rate of speed and why he adhere to the stop sign, he simply replied by tapping on his watch stating that he was rushing to drop his child at school on time.

I advised Almeida that I ran his plate which came back as a misuse to a Dodge to which he replied alleging that his wife owns the vehicle. I then requested Almeida's driver's license, registration and proof of insurance to which he replied that he did not possess any of the latter. Almeida was then asked to provide any form of photo identification; at which point he presented a copy of his Brazilian passport. I ran the vin # on the Chevy Cruz which came back with no information found, I then ran Almeida who also came back with no information found which Almeida explained that he does not possess any CT ID or any ID from any state. I contacted dispatch and had them send Midtown who towed Almeida's vehicle to their yard; after which I issued a verbal warning for traveling fast and having his child not seat belted. Lastly, I issued Almeida a misdemeanor summons # ME092990 for the following:

| | |
|---|---|
| 14-147a | Misuse of plates |
| 14-213b | Operating a motor vehicle without minimum insurance |
| 14-36(a) | Operating a motor vehicle without a driver's license |
| 14-301 | Failure to obey a stop sign |

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: /OFC. DIALA ROBERTS/ | INVESTIGATOR I.D.#: 216224 | SIGNED DATE: 09/02/2025 | SUPERVISOR SIGNATURE /SGT. JOHN R GALE/ | SUPERVISOR I.D.#: 31443 |
|---|---|---|---|---|

Page 13 of 14

P2500077056 Cont.

# BRIDGEPORT POLICE

300 Congress St, Bridgeport  CT 06604

(203) 581-5100

## CASE/INCIDENT REPORT

**SUPPLEMENTARY**

Report #: 2500077056 - 00112494

| CFS NO 2500077056 | DAY 3 | INCIDENT DATE 09/02/2025 09/02/2025 | TIME 08:22 | DATE OF RPT 09/02/2025 | TIME OF RPT 09:14 | TYPE OF INCIDENT MOTOR VEHICLE STOP | INCIDENT CD MVSTOP | INVESTIGATING OFFICER Patrol Officer ROBERTS, DIALA | BADGE NO 216224 |
|---|---|---|---|---|---|---|---|---|---|

| DIVISION Patrol | DIVISION NO | REFERENCE DIVISION | REFERENCE DIVISION NO | CASE X-REFERENCE | UNIT ID | DATE TYPED 09/02/2025 | TIME TYPED 09:14 |
|---|---|---|---|---|---|---|---|

| STREET NO 01002 | STREET NAME AND TYPE LINDLEY St  BRIDGEPORT | APT NO. | INTERSECTING STREET NAME AND TYPE | PREMISES NAME 1002 LINDLEY ST | STATUS Cleared by Arrest | TOWN CD T015 |
|---|---|---|---|---|---|---|

Court date set for 9/16/2025

Bond: PTA

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1)MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2)INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT:OR (3)INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: /OFC. DIALA ROBERTS/ | INVESTIGATOR I.D.#: 216224 | SIGNED DATE: 09/02/2025 | SUPERVISOR SIGNATURE /SGT. JOHN R GALE/ | SUPERVISOR I.D.#: 31443 |
|---|---|---|---|---|

7



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CHELMSFORD IMMIGRATION COURT**

| | |
|---|---|
| Respondent Name:<br><br>  DE PAULA ATAIDE ALMEIDA, FELIPE<br><br>To:<br><br>  Silva, Jonatas Martins<br>  200 Walnut Street<br>  Ste 1<br>  Saugus, MA 01906 | A-Number:<br>220-281-143<br>Riders:<br>In Custody Redetermination Proceedings<br><br>Date:<br>08/10/2026 |

**ORDER OF THE IMMIGRATION JUDGE**

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑  Denied, because
The Respondent has not made a showing that his circumstances have changed materially since the prior bond redetermination in accordance with 8 CFR sec. 1003.19 (e).

☐  Granted. It is ordered that Respondent be:
  ☐  released from custody on his own recognizance.
  ☐  released from custody under bond of $
  ☐  other:

☐  Other:

Immigration Judge: Nierva, Julian 08/10/2026

Appeal:     Department of Homeland Security: ☑ waived   ☐ reserved

            Respondent:                      ☐ waived   ☑ reserved

Appeal Due: 08/19/2026

### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : DE PAULA ATAIDE ALMEIDA, FELIPE | A-Number : 220-281-143

Riders:

Date: 08/11/2026 By: Akins, Kellie, Court Staff

8

**Audio recordings of the June 11, 2026, July 20, 2026, and August 10, 2026 custody proceedings (to be conventionally filed on USB drive).**

9

**Transcripts of the Hearings**

**Hearing 2026-06-11**

The department of Homeland Security, which is represented, counsel for DHS is appearing on Webex.

DHS, could you please enter your appearance? Just realized I was on mute for all of that.

Here we go again.

This is United States immigration judge Katherine Frames presiding in removal proceedings in the Chelmsford, Massachusetts immigration court.

Today's date is June 11, 2026.

This is the group introduction for cases scheduled for a master in custody redetermination hearings this morning for individuals detained at Plymouth, unless otherwise stated.

The department of Homeland Security is represented, counsel for DHS is appearing on Webex.

DHS, please enter your appearance.

Baratical area.

Thank you.

And we are assisted today by a Spanish language interpreter.

Mr.

Interpreter, have you been sworn in today? I have not.

Okay.

Could you please raise your right hand? Do you solemnly swear or affirm that you will faithfully and partially and without comment translate from English to Spanish and from Spanish to English to discuss your abilities? Thank you.

You can lower your hand.

To everyone appearing through Webex, you may not record, photograph, screenshot, or broadcast Webex in court hearings.

You must also be attired appropriately and conduct yourself appropriate for court.

You will address each case individually off the record for group introduction.

for these bond proceedings? Yes, Judge, this is a habeas matter.

Understood.

The court has familiarized itself with the record and anticipation of these proceedings and marked the following exhibits.

The bond redetermination request will be Exhibit 1.

The pre-hearing statement will be Exhibit 2 and the department's evidence filed, June 20, 2026 will be Exhibit 3.

To the department, is the court missing anything? Any objections? Not missing.

No objection.

Thank you.

And to respondent's counsel, am I missing any evidence that you filed and any objections to the department's filing? Councilor, are you speaking, I can't hear you.

No objections, Your Honor.

And to counsel for respondent, are you waiving interpretation for today's proceedings? Yes, Your Honor.

Council for the department, please present your argument.

Thank you.

In this case, we would argue that the respondent is a danger.

There is an Interpol red notice issued for the respondent.

This is extremely, extremely troubling and worrisome.

The respondent led Brazil and the allegations are drug trafficking.

So this is exactly the kind of situation that we believe that should not warrant a bond.

Additionally, he has had criminal problems in the U.S., in Connecticut, and when examining everything in totality, we would say that he is a danger, furthermore, even though there is an application for relief, we would argue that it is speculative.

Additionally, my computer just started to slow down, I'm sorry.

No worries, counsel.

Additionally, the asylum application does have a one-year issue.

So that's raising the standard of review and making relief even more speculative.

Thank you.

Okay.

Council for respondent, please respond with argument.

Yes, Your Honor, we respectfully disagree with the assessment by DHS.

We believe that the respondent is neither a dangerous committee nor a fight risk.

Starting with danger, he has no convictions, not here in the past five years in the United States.

He has no criminal convictions in Brazil.

This Interpol read a notice, I had no idea why it came into the picture.

If you read the notice, he's being alleged of being part of a transaction of programs of marijuana back in 2018.

And then there's some warrants for his arrest.

But there's absolutely no criminal proceedings, no criminal convictions.

And he was there for three years, so the assertion that he fled because of this is simply not true.

He was in Brazil.

He was able to get his passport with the federal police and travel, so it wasn't like he smuggled into the country.

He had his passport after the fact.

He was the minor when this happened.

To the best of his knowledge, this matter was taken care of.

This Interpol read a notice, he's dated in April, so I don't understand where this is coming from.

As far as here, he has no criminal convictions in the United States.

He was pulled up from misdemeanors for a drive without a license and borrowed somebody's car.

But there's no allegations of any sort of violence, no allegations, any sort of weapons or anything like that.

So he's not a dangerous community.

He has a U.S.

system child, a partner, waiting for five years, working.

We have various letters of support from friends and family members, steady income, a place where he lives.

Therefore, he has significant ties to communities, shows by his big character that he's not a violent person engaged in any sort of drug trafficking or narcotics.

And finally, he does have a pending application for asylum.

Never once heard a DHS attorney say that it was an aspect of this, so that's what they say about all of them.

Therefore, we feel that a reasonable bond can ameliorate any flight risk.

Like I said, he's not a danger to the community, therefore, he's not a danger to your honor.

Okay.

The court has considered the evidence in the record and the arguments presented by parties today.

The court does find that the department that it's burdened by proving dangerous, dangerousness by clear and convincing evidence of note, the court takes into consideration and seriously is concerned about the information provided in what the court has marked as Exhibit 3.

Interpol red notice does indicate that he is wanted in Brazil for drug trafficking.

This is a serious offense, even here in the United States.

And there's no evidence that has been filed to combat the dangerousness that is proffered in this Interpol red notice or to dispute its legality or current status.

For these reasons, the court finds that the department has met its burden and the court will be denying bond, finding respondent to be a danger to the community.

To the department waiver reserve.

Wait.

Thank you.

And respondent council.

Reserve your honor.

Thank you.

Thank you.

The respondent's appeal will be due July 13th, 2026.

said this matter is adjourned code 8B.

**Hearing 2026-07-20**

um, Council for the Respondent, please put your parents on the record.

Good morning, Honor.

Good morning, State Council.

This is John Silver for the Respondent.

Good morning, sir.

Um, sir, I have reviewed the, um, record of proceedings in this matter, and I note, um, well, first, um, sir, are you waving your client's appearance or purposes of this proceeding? Yes, Your Honor.

Uh, sir, as I, as I previously started saying, I, I, I have reviewed the record of proceedings, and I did note that, um, there was a previous bond determination made on 611 to 2026, uh, where bond was previously denied.

Um, is, is this the same, um, case that we're, we're talking about here, where, um, the Respondent is at, they're requesting a second, um, bond determination hearing? That is correct, Your Honor.

Under 8,003.19 Section C, a subsequent bond determination hearing may be considered only if our alien circumstances have material change since the prior bond decision.

Uh, we will submit, we have submitted evidence and argued that history circumstances have changed, and therefore, uh, the judge, yourself, Your Honor, may and, and should revisit the custody with determination.

Okay, um, let me just get to that.

Mr.

Silver, I don't see anything in the, when did you submit the evidence? Uh, it should have been there on Friday, on the 1st of 2nd, let me know, because I see it's still pending.

Ms.

Vazquez, can you check and see if, um, if there's evidence pending in, uh, 143? Uh, yes, Your Honor.

Thank you.

Thank you.

Thank you.

Thank you.

Thank you.

Thank you.

Thank you.

Thank you.

Thank you.

I just submitted that, that in the file.

Thank you.

Mr.

Silver, do you want to, um, proper what, um, your argument is for the change circumstance? Yes, Your Honor.

At the previous, uh, bond hearing, uh, bond was denied, uh, based on a pending criminal and arrest warrant, outstanding arrest warrant in Brazil, just six days after that initial bond hearing, that, uh, case was dismissed and, uh, uh, arrest warrant was also revoked.

Therefore, those are materially changed circumstances to the, um, the finding in the previous bond hearing.

DHS, do you want to, um, respond? Uh, yes, my response is that the, the respondent only vaguely, um, provided a basis for the successive bond hearing application in the filing May, July 10th.

The filing that was made on Saturday at 11 40 PM, um, pre hearing statement, I have not meaningfully reviewed.

It's my understanding that there was a previous bond hearing held in this case, pursuant to district court order.

The immigration judge found that the respondent was a danger to the community by clearing convincing evidence based on the red notice, the arrest warrant and the evidence submitted by the department.

Um, the, I don't believe that there's been any success of habeas petition filed for the respondent, um, to the district court demanding that this court provide another bond hearing for the respondent.

Um, so at this point, I'm stuck between a rock and a hard place.

I would argue simply that the, the, the previous positions taken by the department and the evidence submitted by the department, um, does, um, which led to the respondent being denied bond based on a finding of the respondent being a danger to the community.

The fact that the, um, that council states that the Brazilian court that issued the arrest warrant, um, has revoked it.

Um, the department's position is the underlying facts of this case are still, um, made out in the evidence submitted by the department and that, um, that there hasn't been a material change, uh, from the standpoint of whether the respondent is a danger to the community and a flight risk by a

preponderance of the evidence actually could let me go back and actually find what was the basis for the previous bond order.

Yes.

Um, so the department, it's primary argument is that the submission made on Saturday at 1140 p.m.

I just haven't had a meaningful chance to review it.

So at this point, I was just going to hew to the previous positions taken.

Um, if the court wants something further from the department, it can, it can reset this, um, bond hearing, which I believe is permissible in this case because, um, the district court ordered habeas, um, that was granted, which led to the bond hearing has already been completed.

This is not this application for a bond hearing is not subs is not pursuant to a, uh, federal court order.

It's just the respondent requesting a successive bond hearing.

Well, Mr.

Silva, I, I've heard both your arguments and, uh, the department's arguments.

I, based on my very cursory review of, uh, of the filings, I'm, I'm inclined to agree with the department that the underlying facts have not changed.

However, I also note that the department has indicated that it has not had the opportunity to review, um, the filings to make a determination on whether or not the Brazilian courts, um, rescinding of any arrest warrant, um, is based on, on, on the underlying merits of the case or whether there's something, um, uh, more administrative in nature.

So therefore, um, I am not going to at this time rule on the, on the bond.

I, I think we have to get past the hurdle of determining whether or not there are a material change in circumstances in accordance with eight CFR one zero zero.

Uh, go ahead.

I'm sorry.

What, what's someone are going to say something? Sorry.

Um, no, no, I, I'm, I'm more inclined to reset this, um, to allow the department to, um, have an opportunity to review the filings.

I mean, again, noting that the filings were made on a Saturday.

It's Monday.

Um, the department has not had an opportunity to review, um, the, uh, the, the 16 pages of evidence, um, uh, or so that, um, no, I'm sorry.

I apologize.

The, um, computer is very slow today, the 70 or so pages, um, that the, that the, that the respondent has already filed.

So I, I'm inclined to reset this, uh, for another day to allow the department the opportunity to meaningfully review, um, the submission and, and make a cogent argument as to why there hasn't been a change in circumstances.

Um, counsel, uh, do you want to be heard on, on that? Well, yes, your honor, uh, as far as the, uh, the pending documents, um, you know, earlier this morning, looking at, uh, the e-cast that there were, there are documents submitted on the 15th as well that were pending.

So I don't think, uh, council had opportunity to review, review anything, uh, 15th on, but, uh, no, in the interest of, of justice and for, that we can have a discussion on the merits, I, I agree with your, not that I need to agree, but, uh, you know, uh, I, your decision to reset it for a short reset so we can both have opportunity to review the evidence to make the best argument based on facts.

Okay.

Thank you.

Um, I unfortunately don't have availability next week.

Um, 8-3 is the earliest I can, I can put this on, or 8-4? My client isn't going anywhere, unfortunately.

So the earliest possible, uh, we're at the mercy of the court.

Okay.

Let's reschedule this to August 3rd at 830.

Um, at that time, um, DHS, uh, please be prepared, um, to, to make an argument as to why, um, the, the change in circumstances doesn't rise to the level of requiring, uh, a new boundary determination request.

Yes, Judge.

Okay.

Please stand back.

Hold on.

I'm sorry, I'm just trying to take notes here.

This matters adjourned to August 3rd, Code 03.

**Hearing 2026-08-10**

This is the Soci-Spanish Interpreter.

Good morning, Mr.

Interpreter.

Good morning.

I don't believe we have any observers on the line yet, so I'm just going to read the Observer and Webex readings, and then if maybe we will have them interpreted later.

All parties.

We will remain on standby.

All parties, witnesses and observers, attendants, hearing in person and virtually are hereby notified that it is prohibited to use photographic, video, electronic, or similar recording devices to record any part of their proceeding in accordance with HCFR 1003.28.

Unauthorized and proper use of this system, including unauthorized recording is prohibited and may result in criminal, civil, or administrative penalties if you would like a copy of the official record.

Resulting from the hearing, please consult chapter 1.5c of the Immigration Court Practice Manual for instructions on how to obtain a copy of the record.

Visitors must strike that.

Visitors must enter the virtual hearing room under their full legal name, and their full legal name must be visible in the Webex name label at all times.

Each individual visitor must log on separately and appropriately identify themselves.

Use of nicknames, device names, or pseudonyms may result in being removed from the session or not being admitted from the waiting room.

Visitors must respect the dignity of the proceedings.

Visitors attending an internet-based hearing shall keep their cameras off and microphones muted throughout the duration of the hearing except to respond to any comments or questions from the immigration judge or other EOIR personnel.

Visitors are not required.

Visitors must not speak, use the raise hand feature, or use the chat box unless explicitly invited by the judge.

Visitors are not required to check in with court personnel before entering an internet-based hearing to observe, although the presiding immigration judge may ask all visitors to identify themselves at the start of the hearing or at any point during the hearing.

All internet-based immigration court visitors shall adhere to all applicable federal laws and EOIR policies.

Immigration judge may remove a visitor from an internet-based immigration hearing if that visitor does not follow all applicable federal laws and EOIR policies.

Thank you.

That is the end of the group advisory.

Okay, good afternoon, everyone.

This is immigration judge Julian Irva.

This is a WebEx advisor, all parties, witnesses, and observers attending this hearing in person and virtually are hereby notified that it is prohibited to use photographic, video, electronic or similar recording devices to record any part of this proceeding in accordance with 8 CFR 1003.28, unauthorized or improper use of the system, including unauthorized recording is prohibited and may result in criminal, civil, or administrative penalties.

If you'd like a copy of the official record resulting from this hearing, please check the 1.5C of the immigration court practice manual for instructions on how to obtain that copy of that record.

Visitors must enter the virtual hearing room under their full and legal name, and that legal name must be visible in the WebEx label at all times.

Each individual must log on separately and appropriately identify themselves.

Using nicknames, device names or pseudonyms may result in being removed from the session or not being admitted from the waiting room.

Visitors must respect the dignity of the proceedings.

Visitors attending an internet-based hearing should keep their cameras off and microphones muted throughout the duration of the hearing, except to respond to any comments or questions from the immigration judge or other EOIR personnel.

Visitors to all hearings should enter the hearing room.

Prior to the start of the proceedings and should wait until a hearing is in recess or has concluded to depart the hearing, visitors must not speak, use the raise hand feature or use the chat box unless explicitly invited by the judge.

Visitors are not required to check in with court personnel before entering the internet-based hearing to observe, although the presiding immigration judge may ask all visitors to identify themselves at the start of the hearing at any point during the hearing.

All internet-based immigration court visitors shall adhere to all applicable federal laws and EOIR policies when observing internet-based hearings.

The immigration judge may remove a visitor from an internet-based immigration hearing if that visitor does not follow all applicable federal laws and EOIR policies.

That is the end of the group advisor.

The clerk will remove anyone at this time who is not in compliance with the policies as I set forth.

Thank you.

The court is back on the record.

Uh, this is a bond redetermination request in the matter of, uh, Felipe de Paula at a day on media, a number to two, zero, two, eight, one, one, four, three, um, counsel for the respond.

Please put your parents on the record.

Good afternoon, Your Honor.

This is John Silver for the responded.

Good afternoon, sir.

I do note for the record that the respondent is appearing via WebEx and is currently detained appearing from the Plymouth detention facility.

Ms.

Beck, your appearance for the record.

Kaley back for the department.

Good afternoon once again.

Um, it appears, Ms.

Beck, that on the last date, um, there was some questions about, um, whether or not there was, um, jurisdiction in this case.

Um, do you wish to be heard? Um, Your Honor, I've first and foremost, we would like to be heard on whether or not this, um, the evidence presented by response council constitutes change circumstances that would warrant an additional bond redetermination hearing.

Yes, thank you.

Um, would you like me to go forward on that argument? Please, uh, please.

Thank you, Your Honor.

Um, so pursuant to eight CFR 1003.19 Eand aliens request for a subsequent bond redetermination shall be considered only upon a showing that the aliens circumstances have changed materially since the prior boundary determination.

In this case on June 11th, 2026, the respondent had an initial custody re determination hearing in which this court found that the respondent is in danger to the community by clear and convincing evidence based on the fact that the respondents red notice for drug trafficking based on his red notice for drug trafficking and arrest in the United States.

The red notice that was submitted to this court states that on October 9th, 2018, the respondent was arrested for drug trafficking.

Military police had observed the respondent deliver approximately 12 grams of marijuana to another individual.

An arrest warrant was issued on December 13th, 2023, stating that the respondent is an escape risk as he left Brazil on June 8th, 2021 to Mexico with no record of a return flight.

On July 18th, 2026, response council provided an order from Brazil showing that the response arrest warrant was refloked because the continued it stated that continued preventive preventative detention is no longer necessary or proportionate as there is no concrete elements justifying the continuation of such extraordinary measure.

This generic and vague justification as to the purpose of revoking the respondent's arrest warrants is not evidence that the respondent is no longer in danger of flight risk.

The respondents underlying charge of drug trafficking was not dismissed.

Additionally, the fact that the red notice was produced in the first place emphasizes the response flight risk.

The fact that the country of Brazil is not actively seeking to arrest the respondent after he departed the country over five years ago does not constitute a material change to the underlying arrest.

Therefore, the respondent should not be afforded a subsequent lottery determination hearing.

Thank you, Ms.

Beck.

Mr.

Silva, do you wish to hear it? Yes, Your Honor.

Your Honor, we respectfully disagree with the opinion of the department as stated the underlying reason for the previous bond here being denied was that he found a danger based on the Interpol red notice.

The fact that this Interpol red notice is no longer in place and was revoked with statements by the court that it was no longer necessary is material change in circumstances in a matter of ARVP from BIA 2020 in a matter of Zoonacas, BIA 2018 confirmed a major change standard required an updated proportional assessment of the factors based on the matter of Kehara.

Therefore, we feel that this is a material change in circumstances and that a new evaluation should be made on his not only his danger but his flight risk and the other masters of Kehara based on this material change in circumstances.

The court can still find him a danger based on the underlying but this does 100% warrant a new review based at the primary reason why it was denied is no longer there.

Is that the balance of your arguments, sir? Okay.

Thank you.

Ms.

Beck, just to confirm the red notice, the Interpol red notice was revoked but the charges, the department has no indication that the underlying charges that served as the basis for the red notice were dismissed.

Is that correct? That's correct, Your Honor.

Okay.

Based upon the fact that the underlying charges are still in effect and solely on the basis of the, and the respondents' argument is solely based on the fact that there is no longer red notice, active red notice from Interpol.

This court finds that that is not a change circumstance.

The respondents was not exonerated, there was no determination on the merits of the, of the case that the, that the charges were no longer viable.

Accordingly, this court will not find a change in circumstances and therefore will deny this respondents' request for a redetermination, a second redetermination after the initial bond redetermination request resulted in a finding of danger by clear and convincing evidence.

Mr.

Silver, do you have anything further? Yes, Your Honor.

Disagree with the court's decision but respected.

We feel that the underlying, you know, arrest was based on a minimal amount of marijuana when he was 19 years old.

Therefore, I believe that should be assessed as far as his dangers of concern.

But as, as I mentioned prior, I respect this court's decision and reserve appeal.

Sorry.

Yes, I will, I will issue, I will issue a written order and will note that you've reserved appeal.

Ms.

Beck, what is the department's position on appeal? We will wait, Your Honor.

Thank you.

To the respondent, through the Portuguese language interpreter, sir, the court has, has heard arguments from both the York Council and the Government's Council on the question of whether a bond hearing should be held today.

Sir, based upon those arguments, the court has, has ruled that you, at this point, will not have a bond hearing today.

Accordingly, your bond conditions will not change at this, at this time.

Your attorney has reserved your right to appeal, and I will issue a written order today.

Sir, if you have any questions, please coordinate with your attorney directly.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, the foregoing document was filed through the

Court's CM/ECF system and served electronically on all counsel of record.


Respectfully submitted,

Dated: August 12, 2026


_____
Jonatas Martins Silva, Esq.
BBO# 704254
Agape Law P.C.
200 Walnut Street,
Saugus, MA 01906
info@agapelawusa.com
(617) 758-8598


29